UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE EMPLOYEES BARGAINING :
AGENT COALITION, ET AL., :
　　　　　　　　　　　　　　　　:
　　　Plaintiffs, :
　　　　　　　　　　　　　　　　:
　　　v. : CASE NO. 3:03CV221(AWT)
　　　　　　　　　　　　　　　　:
JOHN G. ROWLAND, ET AL., :
　　　　　　　　　　　　　　　　:
　　　Defendants. :

RULING ON DEFENDANTS' MOTION TO STAY DISCOVERY
AND TO QUASH SUBPOENAS

The plaintiffs[1] commenced this action against Governor John G. Rowland and Marc Ryan, Secretary of the Office of Policy and Management, in their individual and official capacities, alleging constitutional violations arising from the layoff of union employees. Before the court is the defendants' motion to stay discovery and to quash subpoenas pending disposition of their motion to dismiss.[2] (Doc. #51.)

District courts have discretion to stay discovery for good cause pending resolution of a motion to dismiss. See Fed. R. Civ. P. 26(c); Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120(LMM) (AJP),

---

[1]The plaintiffs are the State Employees Bargaining Agent Coalition (SEBAC), twelve of its constituent unions, and five individual state employees.

[2]Judge Alvin W. Thompson referred the motion to stay discovery and to quash subpoenas to the undersigned. (Doc. #55.)

1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996); <u>American Booksellers Ass'n, Inc. v. Houghton Mifflin Co., Inc.</u>, No. 94 CIV. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995).

> Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law. <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10 (S.D.N.Y.1991). . . . Other factors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, . . ., as well as the unfair prejudice to the party opposing the stay . . . .

<u>In re Currency Conversion Fee Antitrust Litigation</u>, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)(citations and internal quotation marks omitted). See <u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433 (S.D.N.Y. 2002)(same).

The defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds of legislative immunity, sovereign immunity and qualified immunity. <u>See</u> doc. #35. They also argue that the official capacity claims have been rendered moot. The motion is potentially dispositive and the court cannot conclude that it is without foundation in law. Under the circumstances presented here, a stay of discovery is appropriate until the motion is resolved. See <u>Gandler v. Nazarov</u>, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law."); 6

Moore's Federal Practice, § 26.105[3][c] (3d ed. 2000) (discovery should be stayed in actions against the government and government officials in their individual capacities until the threshold immunity question is resolved.) For these reasons, the defendants' motion to stay discovery (doc. #51-1) and to quash subpoenas (doc. #52-2) is GRANTED.

SO ORDERED at Hartford, Connecticut this 24th day of November, 2003.

Donna F. Martinez
United States Magistrate Judge