UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, : : : : | |
| V. : | CIV. NO. 3:03CV221 (AWT) |
| JOHN G. ROWLAND, ET AL, : | DECEMBER 23, 2003 |

**PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE'S RULING
ON DEFENDANTS' MOTION TO
STAY DISCOVERY AND TO QUASH SUBPOENAS**

Plaintiffs State Employees Bargaining Agent Coalition ("SEBAC"), et al, through counsel, pursuant to L.Mag.R. 2, hereby object to the Ruling (Doc. # 59) of Magistrate Judge Martinez on Defendants' Motion to Stay Discovery (Doc. # 51-1) and to Quash Subpoenas (Doc. # 51-2). Plaintiffs submit this Memorandum setting forth the basis for their objection to the Magistrate Judge's Ruling.

In her Ruling, the Magistrate Judge noted that defendants' pending Motion to Dismiss the Complaint on the grounds of legislative immunity, sovereign immunity and qualified immunity is "potentially dispositive." Ruling at 2. The Magistrate then ruled that a stay of all discovery was appropriate since "the court cannot conclude that [the Motion to Dismiss] is without foundation in law." Id.

Plaintiffs do not dispute the general principle that a court can stay discovery pending resolution of a motion to dismiss based on an applicable governmental immunity defense. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). But, as the United States Supreme Court

has repeatedly noted, such a stay of discovery is only proper where resolution of the claimed immunity defense does not require resolution of factual disputes. Where, by contrast, the immunity defense does turn on resolution of factual disputes -- such as disputes concerning motive, knowledge or even the factual circumstances of the assertedly immunized conduct -- the defense cannot be resolved on a pre-discovery basis prior to trial. Crawford-El v. Britton, 523 U.S. 574, 593 & n. 14 (1998).

In Crawford-El, the Supreme Court -- while acknowledging its precedents stressing the value of protecting public officials from unnecessary discovery pending adjudication of an immunity defense -- expressly held that those precedents had not created an immunity from all discovery:

> Discovery involving public officials is indeed one of the evils that Harlow aimed to address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. Harlow sought to protect officials from the costs of "broad-reaching" discovery, ... and we have since recognized that limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity. Anderson v. Creighton, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034, 3042, n.6, 97 L.Ed.2d 523; see also Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985).

Id. at 593 n.14 (emphasis in original). The Court went on to note that, where a plaintiff's complaint alleges specific nonconclusory factual allegations that establish improper motive causing cognizable injury, and where, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law, the plaintiff "ordinarily will be entitled to some discovery," id. at 598, which can be narrowly tailored, at the district court's discretion, to the factual issues necessary to the resolution of any asserted qualified immunity defense. Id. at 599.

The Court of Appeal for the Second Circuit has specifically cited to this holding in Crawford-El. Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001), citing Crawford-El, 523 U.S. at 598 (where elements of claimed constitutional tort involve questions of improper subjective intent, plaintiff need only "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury in order to survive a pre-discovery motion for dismissal or summary judgment"); see also Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995) (because resolution of immunity defense required resolution of factual disputes, defense could not be resolved on pre-discovery basis prior to trial; DiMarco v. Rome Hospital & Murphy Memorial Hospital, 992 F.2d 661, 666 (2d Cir. 1992) (summary judgment on immunity defense properly denied where resolution of defense turned on disputed factual issues).

The Second Circuit has, moreover, expressly held that it is reversible error for a district court to rule on a fact-based immunity defense without providing the plaintiff an opportunity for discovery on the disputed issues raised by the defense. Sheppard v. Beerman, 94 F.3d 823, 828 (2d Cir. 1996) (reversing grant of summary judgment on qualified immunity grounds where plaintiff denied discovery on defendant's actual intent/unconstitutional motive). In Sheppard, where the plaintiff claimed that he had been terminated in retaliation for exercising his First Amendment rights, the district court granted a pre-discovery motion for summary judgment on the basis of the defendant's denial of any improper retaliatory motive. The Second Circuit reversed, holding that the district court had improperly upheld the defendant's assertion of qualified immunity without allowing the plaintiff an opportunity to conduct discovery on the defendant's actual intent/unconstitutional motive.

Plaintiffs claims in this action mirror the First Amendment retaliation claims asserted in Sheppard, and defendants in this action assert the identical claim of qualified immunity based on a denial of any improper motive that the defendant asserted in Sheppard. As in Sheppard, defendants' defense cannot be adjudicated without allowing plaintiffs an opportunity for discovery.

In this case, defendants' claims of governmental immunity all involve disputed issues of fact which cannot be resolved on a pre-discovery motion to dismiss. Thus, with respect to defendants' claims of legislative immunity, plaintiffs have expressly alleged that there was no legislative involvement in the conduct at issue in this action, [see Plaintiffs' Amended Complaint at ¶ 49], and that defendants were acting solely in their executive capacity when they demanded collective bargaining agreement concessions and threatened – and implemented – terminations of union employees when the concessions were not given [id. at ¶ 48]. And, indeed, defendant Rowland has explicitly contradicted his attorneys' claim here that he was acting in a legislative capacity – stating publicly to the media and in a formal Veto Message that the authority to negotiate union concessions is solely an Executive Branch function that cannot be infringed by the legislature without violating principles of separation of powers. See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint, dated August 8, 2003, at pp. 8-9; Plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint, dated August 12, 2003 & Veto Message attached as Exhibit A.

Defendant Rowland's Veto Message alone creates a factual dispute concerning the proper characterization of defendants' conduct. To the extent that defendants' Motion to Dismiss on

legislative immunity grounds is based on their assertion that their conduct was indisputably legislative, plaintiff is – at a minimum – entitled to appropriate discovery concerning facts that would establish the executive (and, thus, non-immune) nature of defendants' acts.

Defendants' qualified immunity defense is, likewise, fact-specific. Plaintiffs' First through Fourth Claims for Relief, assert that defendants took adverse action against plaintiffs in retaliation for plaintiffs' union activity, political association and support of opposing political candidates and, thus, raise issues of unconstitutional motive or actual intent. Where – as here – a plaintiff's claims involve nonconclusory allegations of unconstitutional motive, a plaintiff is entitled to conduct discovery on a state official's actual intent before summary judgment on qualified immunity may be granted, and there is no basis to stay discovery pending a ruling on a motion to dismiss such claims of unconstitutional motive. Sheppard, 94 F.3d at 828 (reversing grant of summary judgment on qualified immunity grounds where plaintiff denied discovery on motive for defendant's adverse action); Locurto, 264 F.3d at 169 (summary judgment properly denied and discovery necessary where claimed constitutional tort involves questions of improper subjective intent).

The Magistrate Judge's determination – that the defenses asserted in defendants' motion to dismiss are not unfounded in the law – while necessary to justify the grant of a stay, is not alone sufficient. As the cases cited by the Magistrate Judge also hold, other relevant factors to consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding as well as the unfair prejudice to the party opposing the stay. See Ruling at 2. The Magistrate Judge, however, made no findings concerning any of those other considerations. Those factors militate strongly against a blanket stay of discovery.

In this case, the Magistrate Judge failed to make appropriate findings concerning either the breadth of discovery sought or the burden of responding before granting defendants' request for a <u>blanket</u> stay of <u>all</u> discovery. To the extent that defendants are pursuing a qualified immunity defense, plaintiff is clearly entitled to discovery relevant to the motivation for defendants' actions: did defendants target union members for termination <u>because</u> of their union affiliations or because of their unions' support for defendant Rowland's opponent; were defendants' termination decisions made on a neutral basis without consideration of the employees' union membership?[1] Likewise, to the extent that defendants are pursuing a legislative immunity defense despite defendant Rowland's Veto Message characterizing collective bargaining negotiations as an exclusively <u>executive</u> function, plaintiffs are entitled to discovery of the factual basis for defendants' claim of legislative involvement.

Nor did the Magistrate Judge address the potential prejudice to plaintiffs from a blanket stay of discovery. To the extent – as here – a motion to dismiss is based on a defense involving disputed facts, denial of relevant factual discovery plainly entails undue prejudice to the party seeking the relevant factual discovery. Indeed, adjudication of the defense without permitting appropriate discovery directed to that defense is an abuse of discretion. <u>See, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank</u>, 150 F.3d 172, 177 (2d Cir 1998) (where factual dispute

---

[1] Significantly, it was plaintiffs' efforts to obtain precisely this type of limited discovery that gave rise to defendants' request for a blanket stay. Defendants' emergency motion to stay discovery and to quash subpoenas was filed in response to plaintiffs' subpoenas directed to Linda Yelmini, John Bacewicz and Frank Miano, who are employees of the Office of Policy and Management. It is plaintiff's understanding that each of those deponents has personal knowledge concerning specific efforts to target union members for lay-off – facts which are relevant to plaintiffs' claims of unconstitutional motive. The evidence that could be obtained from those deponents is, thus, directly relevant to areas of disputed fact implicated by defendants' pending motion to dismiss and is precisely the type of evidence that plaintiffs are entitled to marshal in opposing defendants' pending motion. <u>See, e.g., Locurto</u>, 264 F.3d at 169.

existed concerning defendant's immunity to suit under Foreign Sovereign Immunity Act, it was abuse of discretion to dismiss complaint without affording discovery on jurisdictional issue); Filius v. Lot Polish Airlines, 907 F.2d 1328, 1332 (2d Cir. 1990) (same).

There is a further element of prejudice to plaintiffs inherent in an order to stay discovery in this matter. This action was filed in January 2003, and plaintiffs have been denied any discovery for nearly 11 months. Defendants' motion to stay is part of their previously articulated intention to avoid even beginning discovery until after a final ruling – including through any interlocutory appeals – adjudicating their claimed right to qualified and/or legislative immunity, as asserted in defendants' pending Motion to Dismiss. The practical effect of this position, if sustained by this Court, would be to delay substantially not only discovery, but ultimate resolution of this action. Defendants' Motion to Dismiss has, moreover, been fully briefed and pending for over four months, without action by the Court.

Where, as here, because the State enjoys Eleventh Amendment immunity from an award of monetary damages, the principal relief available to plaintiffs is injunctive in the form of restoration to employment. The delays to date, and the continuing delay while defendants' Motion to Dismiss remains unadjudicated, deprives the plaintiffs of their ability to obtain meaningful relief.

Plaintiffs submit that the Magistrate Judge's entry of a blanket discovery stay despite the existence of material factual disputes relevant to defendants' pending motion to dismiss and without consideration of more limited forms of relief was error.

**CONCLUSION**

For the foregoing reasons, plaintiff's Objection to the Magistrate Judge's Ruling on Defendants' Motion to Stay Discovery and to Quash Subpoenas should be sustained, defendants' motions to preclude discovery pending adjudication of their Motion to Dismiss should be denied, and the plaintiffs should be allowed to proceed with limited discovery on the factual disputes raised by defendants' immunity defenses.

        PLAINTIFFS STATE EMPLOYEES
        BARGAINING AGENT COALITION,
        ET AL,

BY _____
        DAVID S. GOLUB  ct 00145
        JONATHAN M. LEVINE ct07584
        SILVER GOLUB & TEITELL LLP
        184 ATLANTIC STREET
        P.O. BOX 389
        STAMFORD, CONNECTICUT  06904
        (203) 325-4491
        FAX: (203) 325-3769

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 23rd day of December, 2003, to:

Albert Zakarian, Esq.
Allan B. Taylor, Esq.
Victoria Woodin Chavey, Esq.
Daniel A. Schwartz, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Anthony M. Fitzgerald, Esq.
Carmody and Torrance, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950

_____
DAVID S. GOLUB