UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL., | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:03CV221 (AWT) |
| v. | : | |
| JOHN G. ROWLAND, ET AL., | : | |
| Defendants. | : | JANUARY 8, 2004 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S RULING ON DEFENDANTS' MOTION TO STAY DISCOVERY AND TO QUASH SUBPOENAS

At its core, this litigation—and the defendants' underlying motion to stay discovery and to quash the subpoenas issued by the plaintiffs—concerns the plaintiffs' repeated attempts to strip the defendants of their absolute immunity from suit. Magistrate Judge Martinez's ruling, which prudently stays all discovery pending this Court's decision on defendants' Motion to Dismiss the Amended Complaint, properly concluded that the defendants' Motion to Dismiss raised the potentially dispositive and well-founded defenses of legislative immunity, sovereign immunity and qualified immunity. Under those circumstances—where a motion to dismiss raising significant governmental immunity defenses is pending—a stay is the only appropriate and just course of action.[1]

---

[1] Because Magistrate Judge Martinez's ruling grants the defendants' Motion to Stay and Quash Subpoenas, and is not thereby dispositive of any claim or defense, the ruling shall be set aside only if "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Plaintiffs' central assertion is that Magistrate Judge Martinez erred in failing to conclude that the defendants' immunity defenses require resolution of factual disputes, which would necessitate at least some limited discovery. This assertion is flawed for two reasons: first, the plaintiffs wholly *ignore* the defendants' assertion of Eleventh Amendment sovereign immunity, which does not require resolution of any factual issues; second, the defendants' other immunity defenses do not require discovery before the Motion to Dismiss can be decided. Plaintiffs' remaining argument, that a stay of discovery prejudices them, is equally unavailing, because no facts need to be developed regarding the immunity defenses and, in any event, the stay is limited in scope insofar as it will be in place only until the Motion to Dismiss is decided. Accordingly, this Court should not modify or set aside the Order of Magistrate Judge Martinez staying discovery until the Court rules on defendants' Motion to Dismiss the Amended Complaint.[2]

**Plaintiffs Ignore Defendants' Assertion of Sovereign Immunity**

Notably absent from plaintiffs' Objection is any acknowledgement of or response to defendants' assertion of the sovereign immunity defense, which precludes any and all discovery in this matter. Plaintiffs thus fail to address a key, indisputable legal principle at the heart of this

---

[2] As defendants pointed out in their November 17, 2003 Supplemental Brief, to which plaintiffs have not yet responded, this Court has an additional ground (besides those raised in the Motion to Dismiss and the related briefs) to dismiss the plaintiffs' claims against defendants in their official capacity. The plaintiffs' claims have become moot and no longer present a justiciable controversy for this Court. Specifically, the intervening action of the Connecticut Legislature, which passed a state budget on July 31, 2003 that did not provide for employment of the laid-off plaintiffs, has superseded any alleged constitutional violation by the Governor and Secretary Ryan related to their purported actions in late 2002. In other words, the prospective injunctive relief sought by plaintiffs cannot possibly be ordered because there is no ongoing alleged constitutional violation by the defendants. See Defendants November 17, 2003 Supplemental Brief at 2-5.

matter: when questions of Eleventh Amendment sovereign immunity are at stake, the party asserting such immunity is free from all manner of participation in litigation.  See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 143-44 (1993); Defendants' Motion to Stay Discovery and Quash Subpoenas, at 3-4.  As defendants more fully explain in their Motion to Dismiss the Amended Complaint, the plaintiffs' claims implicate the State's special sovereignty interests and reflect that the State is the real party in interest; accordingly, the Eleventh Amendment precludes this suit against the defendants.  See, Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 270 (1997); Dwyer v. Regan, 777 F.2d 825, 835-36 (2d Cir. 1985); February 24, 2003 Memorandum of Law in Support of Motion to Dismiss at 19-24; May 9, 2003 Reply Brief in Support of Motion to Dismiss at 11-16.  Plaintiffs' disregard of the sovereign immunity defense must be taken as tacit acceptance of the defendants' assertion that this defense requires no resolution of factual disputes and makes any discovery prior to resolution of the Motion to Dismiss wholly inappropriate.

**Decision on the Motion to Dismiss Does Not Require Factual Discovery**

Instead, plaintiffs focus on the defendants' assertion of two other immunity defenses, legislative immunity and qualified immunity, suggesting that these defenses cannot be adjudicated without resolving factual disputes.  With respect to legislative immunity, the plaintiffs fail to acknowledge clear case law holding that the determination whether an official was acting in a legislative capacity is a legal question—not a factual one.  Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998).  See September 29, 2003 Reply Brief in Support of Motion to Stay at 3.  Moreover, the law is clear that the mere fact that the Governor is an Executive Branch official does not preclude him

from asserting legislative immunity for his budgetary policy decisions.  See Lewis v. New Mexico Dep't of Health, 2003 U.S. Dist. LEXIS 13955 (D.N.M. Aug. 5, 2003).  With respect to qualified immunity, as defendants pointed out in their Motion to Dismiss, there is simply no legal basis for the plaintiffs to assert that the defendants' actions, which constituted a governmental response to a state budget crisis that was authorized by a contractual agreement, were unlawful and not subject to a qualified immunity defense.  See February 24, 2003 Memorandum of Law in Support of Motion to Dismiss at 24-26; May 9, 2003 Reply Brief in Support of Motion to Dismiss at 17-18.  The plaintiffs rely almost exclusively on the fact that some courts have permitted discovery in some cases to determine whether a qualified immunity defense is viable.  However that reliance is misplaced because those courts have ordered discovery on qualified immunity in situations where the defendants had only asserted a qualified immunity defense.  Here, the defendants have asserted two other immunities, each of which prevent all discovery until they are adjudicated.

**The Stay Does Not Unfairly Prejudice Plaintiffs**

The plaintiffs also suggest that Magistrate Judge Martinez's ruling prejudices them because the ruling delays the proceedings in this matter.  First, such a claim of delay is belied by the plaintiffs' own conduct of this litigation.  As defendants explained in their Reply Memorandum to the plaintiffs' Opposition to the Motion to Stay, it is actually plaintiffs, not defendants, who have requested many of the delays or postponements in this litigation.  See Reply Brief in Support of Motion to Stay at 5-6.  Plaintiffs also argue that they will be prejudiced because they will be denied discovery on relevant factual disputes regarding immunity defenses.  This assertion blithely ignores what is axiomatic here: this Court need not resolve *any* factual disputes in order to rule on

the defendants' immunity defenses.  Thus, there is no prejudice to the plaintiffs in failing to allow discovery on those issues.  Finally, because the stay halts discovery only until this Court rules on the pending Motion to Dismiss—and thus is reasonable and limited in scope—it is not prejudicial to plaintiffs.

For all the reasons set forth in the defendants' briefs before Magistrate Judge Martinez and before this Court regarding their Motion to Dismiss and Motion to Stay, and for the reasons set forth herein, this Court should decline to modify or set aside the ruling of Magistrate Judge Martinez, which quashed the plaintiffs' September 17 subpoenas and stayed all discovery in this matter pending resolution of the Defendants' Motion to Dismiss the Amended Complaint.

Respectfully submitted,

| For THE DEFENDANTS, | For GOVERNOR JOHN G. ROWLAND, |
|---|---|
| By:_____ | By:_____ |
| Albert Zakarian (ct04201) | Anthony M. Fitzgerald (ct04167) |
| Day, Berry & Howard LLP | Carmody & Torrance LLP |
| CityPlace I | 195 Church Street |
| Hartford, Connecticut 06103-3499 | New Haven, CT 06509-1950 |
| (860) 275-0100 | (203) 777-5501 |
| (860) 275-0343 (fax) | (203) 784-3199 (fax) |
| *azakarian@dbh.com* | *afitzgerald@carmodylaw.com* |
| Their Attorneys | His Attorney |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to: David S. Golub, Silver, Golub & Teitell, LLP, 184 Atlantic Street, P.O. Box 389, Stamford, CT 06904.

_____
Albert Zakarian