UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, | : : : : | |
| V. | : | CIV. NO. 3:03CV221 (AWT) |
| | : | |
| JOHN G. ROWLAND, ET AL, | : | APRIL 8, 2005 |

### PLAINTIFFS' MOTION TO SUBMIT NEW LEGAL AUTHORITY AND RESPONSE TO DEFENDANTS' NEW AUTHORITY

Plaintiffs State Employees Bargaining Agent Coalition, *et al*, through counsel, respectfully seek permission to submit, in further support of their opposition to defendants' pending Motion to Dismiss Plaintiffs' Amended Complaint, a recently decided case in this District on the issue of legislative immunity, and to respond to the new authority recently submitted to the Court by defendants.

A. **For the Defense of Legislative Immunity to Apply, Defendants Must Demonstrate That the Challenged Conduct Was Implemented in Compliance with Legislative Procedures.**

On February 28, 2005, Judge Kravitz decided Lorusso, *et al.* v. Borer, (3:03 CV504 (MRK), 2005 WL 517617, __ F.Supp.2d __ (D. Conn. 2005) (copy attached). Lorusso makes clear, as plaintiffs have previously argued, that a defense of legislative immunity requires proof not only that the act was substantively legislative, but also that it was taken in compliance with legislative procedure. "It has been [ ] clearly established that in order for legislative immunity to attach, the acts complained of must not only be substantively legislative but also procedurally legislative." Lorusso at * 6, citing Gordon v. Katz, 934 F.Supp. 79, 82 (S.D.N.Y. 1995).