UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL. | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:03CV221 (AWT) |
| v. | : | |
| JOHN G. ROWLAND, ET AL., | : | |
| Defendants. | : | MAY 2, 2005 |

### DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFFS' APRIL 8, 2005 BRIEF ADDRESSING NEW LEGAL AUTHORITY

Because Plaintiffs' April 8 brief discussed two newly decided cases at length, Defendants respectfully seek the opportunity to address those arguments herein.[1]

First, Plaintiffs cite Lorusso v. Borer, 2005 U.S. Dist. LEXIS 3241 (D. Conn. 2005 (MRK), as supporting their position that legislative immunity does not apply to the challenged actions by Defendants in this case. To the contrary, Lorusso strongly supports application of legislative immunity to bar Plaintiffs' claims because: (1) Judge Kravitz recognized, citing Bogan v. Scott-Harris, 523 U.S. 44 (1998), and Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206 (2d Cir. 2003), that the "test for determining whether activities are legislative" is "functional … , depending on the nature of the act itself, not the identity or motives or the actor performing it" (Lorusso, 2005 U.S. Dist. LEXIS 3241 at *8-9); (2) in determining whether an action is legislative, courts "place[] heavy emphasis on whether an entire class of employees, or just a single employee, is affected" (Lorusso, 2005 U.S. Dist. LEXIS 3241 at *9-10); (3) it is also important to consider

---

[1] Defendants' February 25, 2005 submission notifying this Court of the decision by Judge Squatrito in Abbey v. Rowland, 359 F.Supp. 2d 94 (D. Conn. 2005) (DJS), was just four sentences, and did not address the decision by Judge Kravitz in Lorusso v. Borer, (3:03CV504 (MRK)), which Plaintiffs discuss at length in their April 8, 2005 brief.

"whether that action has prospective effect beyond a particular occupant of a position" (Lorusso, 2005 U.S. Dist. LEXIS 3241 at *10); and (4) the challenged acts by the mayor of West Haven were legislative in nature and thus entitled to legislative immunity, because the mayor, in his budget proposal, eliminated or affected entire classes of employees.  Lorusso, 2005 U.S. Dist. LEXIS 3241 at *21-22.

Despite Lorusso's obvious support of Defendants' arguments in favor of the application of legislative immunity to bar the Plaintiffs' claims, however, the Plaintiffs cherry-pick Judge Kravitz's parenthetical explanation of a **pre-Bogan** district court decision to suggest that Lorusso actually supports their arguments.  By relying on Judge Kravitz's parenthetical explanation of Gordon v. Katz, 934 F. Supp. 79, 82 (S.D.N.Y. 1995), which Judge Kravitz indicated stood for a proposition the plaintiffs were **not** asserting, Plaintiffs continue the mistake made in their prior briefs: ignoring the teaching of Bogan, followed by Harhay, that one must apply a functional test to determine whether an act is legislative and, thus, entitled to immunity.  Rather, Plaintiffs continue to embrace a view that, for legislative immunity to apply, the action at issue must be both "substantively and procedurally" legislative.[2]  (Plaintiffs' April 8, 2005 Brief, at 1-2.)

Because neither Bogan nor Harhay nor any other controlling authority requires that an action must, to be eligible for legislative immunity, be both procedurally and substantively legislative, Plaintiffs' attempt to identify defects in the Defendants' compliance with Connecticut's statutory scheme regarding the budget is inapposite.  Rather, as Bogan holds, and as Harhay, Abbey, and Lorusso reflect in their analyses, this Court should focus only on whether the

---

[2] Plaintiffs' citation to Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760 (3d Cir. 2000), is similarly unpersuasive, as the Gallas court too relied on pre-Bogan case law holding that an action must be both procedurally and substantive legislative in order to trigger application of legislative immunity.  211 F.3d at 774.

challenged actions were functionally legislative, as discussed at length in Defendants' prior submissions.[3]

Finally, Plaintiffs argue that they must be permitted to take discovery on the issue of legislative immunity (Plaintiffs' April 8, 2005 Brief, at 6), but they have already lost that argument. Indeed, in an order dated November 23, 2003 that followed briefing and oral argument, Magistrate Judge Martinez stayed all discovery pending resolution of Defendants' Motion to Dismiss, thereby rejecting Plaintiffs' argument about the need for discovery. Moreover, Plaintiffs mistakenly assert that the issue of legislative immunity involves disputed issues of material fact; rather, the only inquiry for the Court is whether the challenged conduct was legislative in nature, which is a question of law. See generally Bogan, 523 U.S. at 55-56.

Plaintiffs further argue that Judge Squatrito was wrong in his analysis in Abbey of Ex Parte Young and sovereign immunity. (Plaintiffs' April 8, 2005 Brief, at 6-8.) Plaintiffs assert now, as they did in their prior submissions, that the prospective injunctive relief that they seek is appropriate and does not run afoul of the Eleventh Amendment. Plaintiffs' argument ignores, however, that the injunctive relief they seek would adversely affect the special sovereignty interests of Connecticut. (For more complete discussion, see Defendants' February 24, 2003 Brief at 19-22.) Moreover, Plaintiffs fail to establish any basis for their claim for an award of retroactive pay and benefits, which would undeniably be a type of monetary damages against the State itself as employer and thus would violate the Eleventh Amendment. (For more complete discussion, see Defendants' February 24, 2003 Brief at 22-24.)

---

[3] As also discussed in Defendants' prior submissions, the Plaintiff's allegation in Paragraph 50 of the Amended Complaint that "Defendants were not acting in a legislative capacity" is not a factual allegation, need not be taken as true for purposes of Defendant's Motion to Dismiss, and cannot defeat Defendant's Motion.

For THE DEFENDANTS,

By: ___/s/ Victoria Woodin Chavey__
    Albert Zakarian (ct04201)
    Allan B. Taylor (ct05332)
    Victoria Woodin Chavey (ct14232)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    *vwchavey@dbh.com*

Their Attorneys

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

| | |
|---|---|
| David S. Golub, Esq. | Ann H. Rubin, Esq. |
| Silver, Golub & Teitell LLP | Carmody & Torrance LLP |
| 184 Atlantic Street | 50 Leavenworth Street |
| P. O. Box 389 | P. O. Box 1110 |
| Stamford, CT 06904 | Waterbury, CT 06721-1110 |

    ____/s/ Victoria Woodin Chavey___
    Victoria Woodin Chavey