LEXSEE 2005 U.S. DIST. LEXIS 10338

**THOMAS REILLY, Plaintiff, v. CITY OF WEST HAVEN and H. RICHARD BORER, JR., Defendants.**

**CIVIL ACTION NO. 3:02cv1346 (SRU)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2005 U.S. Dist. LEXIS 10338*

**March 31, 2005, Decided**

**COUNSEL:** [*1] For Thomas Reilly, Plaintiff: Gary Edward Phelan, Outten & Golden, Stamford, CT; Tanya A. Wolanic, Jackson Lewis - Htfd, CT, Hartford, CT.

For City of West Haven, H. Richard Borer, Jr., Mayor, I/O, Defendants: Jennifer L. Schancupp, Susman, Duffy & Segaloff, New Haven, CT; Michael P. Farrell, West Haven, CT; Thomas E. Katon, Susman, Duffy & Segaloff, New Haven, CT.

**JUDGES:** Stefan R. Underhill, United States District Judge.

**OPINIONBY:** Stefan R. Underhill

**OPINION: RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Thomas Reilly sued the City of West Haven and its mayor, H. Richard Borer, Jr., alleging that they retaliated against him, in violation of the *First* and *Fourteenth Amendments* and *Connecticut General Statutes § 31-51q*, after Reilly supported and ran on the ticket of Mayor Borer's opponent in the Democratic primary election of 2001. Reilly alleges two forms of retaliation: (1) the defendants eliminated his position with the City of West Haven, and (2) after his position was eliminated, he was prevented from "bumping" into other city positions.

The defendants have moved for summary judgment on all claims raised in Reilly's complaint. For the reasons [*2] set forth below, the defendants' motion for summary judgment is granted.

**I. BACKGROUND**

The following facts are undisputed.

From 1995 to 2001, Reilly was the City of West Haven's electrical inspector. In August of 2001, Reilly ran for a city council seat on the ticket of John Picard, Mayor Borer's opponent, in West Haven's Democratic primary election. The West Haven Democratic Party, however, endorsed the ticket of the incumbent, Mayor Borer. Mayor Borer was then reelected in the general election of 2001. Thereafter, Mayor Borer submitted his annual proposed budget to the City Council. In his budget proposal, Mayor Borer recommended eliminating the city's electrical inspector position, which Reilly occupied. The City Council, which consisted of twelve members, had the power to override any budget proposal by Mayor Borer if at least nine members agreed to do so. In May 2002, however, the City Council failed to override Mayor Borer's proposal to eliminate the position of electrical inspector, and on July 2, 2002, Reilly's position was officially eliminated.

Reilly alleges that Mayor Borer then attempted to prevent him from bumping into another city position - an option available [*3] to union employees - by manipulating job requirements for positions Reilly sought. After unsuccessful attempts to obtain the positions of Highway Maintenance Superintendent, Assistant to the Commissioner of Public Works, and Risk/Procurement Manager, Reilly obtained the position of Property Maintenance Code Inspector for the City of West Haven.

**II. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the evidence demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).*

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson, 477 U.S. at 255.* When a motion for summary judgment is properly supported by documen-

tary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, **[\*4]** but rather must present significant probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett, 477 U.S. 317, 327, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).*

Summary judgment is proper "only when reasonable minds could not differ as to the import of the evidence." *Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).* If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson, 477 U.S. at 249-50.*

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id. at 247-48.* To present a "genuine" issue of material fact, there must be contradictory evidence "such **[\*5]** that a reasonable jury could return a verdict for the nonmoving party." *Id. at 248.*

## III. DISCUSSION

The defendants' alleged retaliatory conduct falls into two broad categories: (1) the elimination of Reilly's position as the City's electrical inspector through Mayor Borer's budget proposal and the City Council's subsequent acceptance and passage of that proposal; and (2) the conduct subsequent to the passage of the budget, specifically, the actions allegedly taken to prevent Reilly from obtaining other positions with the City.

Both aspects of Reilly's claim fail. The defendants are entitled to legislative immunity regarding Reilly's claim that his position was improperly eliminated. In addition, Reilly has failed to submit evidence from which a reasonable jury could find that Mayor Borer interfered with Reilly's attempts to secure another position with the City.

### A. Elimination of Reilly's Position

Even assuming that the defendants violated Reilly's rights, the doctrine of legislative immunity nevertheless bars his claims of alleged retaliation in eliminating his position through Mayor Borer's budget proposal and the City Council's acceptance and **[\*6]** passage of that proposal. *See Bogan v. Scott-Harris, 523 U.S. 44, 55, 140 L. Ed. 2d 79, 118 S. Ct. 966 (1998)* (doctrine of absolute immunity for civil liability applies to local legislators including state executive branch officials when they perform a legislative function); *Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 210 (2d Cir. 2003)* ("absolute legislative immunity from *Section 1983* actions extends to local legislators").

Absolute legislative immunity attaches to all actions taken "in the sphere of legitimate legislative activity." *Bogan, 523 U.S. at 54* (citing *Tenney v. Brandhove, 341 U.S. 367, 376, 95 L. Ed. 1019, 71 S. Ct. 783 (1951)).* Specifically, that immunity "extends to budget decisions that eliminate jobs, even for allegedly discriminatory reasons." *Harhay, 323 F.3d at 211.* In *Bogan,* the Supreme Court held that a mayor's preparation and proposal of the city's budget was "formally legislative," even though he was an executive official. *523 U.S. at 55.* "We have recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions. **[\*7]** " *Id.*

The conduct at issue here is the mayor's budgetary proposal, which eliminated Reilly's position, and the City Council's adoption of that proposal. In light of *Bogan* and *Harhay,* legislative immunity shields the defendants from civil liability stemming from that conduct. *See also Lorusso v. Borer, __ F. Supp. 2d __, 2005 U.S. Dist. LEXIS 3241, 2005 WL 517617 (D. Conn. Feb. 28, 2005)* (describing West Haven charter and mayoral duties and holding that "Mayor Borer's conduct in proposing the budget is entitled to absolute immunity and his alleged motives for doing so are legally irrelevant"); *Abbey v. Rowland, 359 F. Supp. 2d 94, 2005 WL 464939, \*4 (D. Conn. 2005)* (citing *Harhay, 323 F.3d at 211,* to hold that Governor's and Commissioner's decision to terminate an employment position as part of a state or municipal budgetary process is "characteristic of legislative action").

### B. Conduct After Reilly's Position Was Eliminated

Absolute legislative immunity does not bar suits stemming from non-legislative conduct. Reilly alleges that the defendants' retaliatory actions continued after the budget was proposed and passed. He claims principally **[\*8]** that Mayor Borer altered the requirements of various positions with the City, which Reilly tried to obtain after his position was eliminated. Reilly fails to support these allegations with facts that would allow a reasonable jury to find in his favor.

In order to establish a claim of *First Amendment* retaliation, Reilly bears the burden of showing that: (1) his

speech addresses a matter of public concern; (2) he suf-
fered an adverse employment action; and (3) a causal
connection existed between the exercise of a *First
Amendment* right and the adverse employment action.
*Konits v. Valley Stream Cent. High School Dist., 394
F.3d 121, 124 (2d Cir. 2005).*

Similarly, *Conn. Gen. Stat. § 31-51q* provides in
pertinent part:

> Any employer, including the state and any
> instrumentality or political subdivision
> thereof, who subjects any employee to
> discipline or discharge on account of the
> exercise by such employee of rights guar-
> anteed by the *first amendment to the
> United States Constitution* or section 3, 4
> or 14 of article first of the Constitution of
> the state . . . shall be liable to such em-
> ployee for damages caused by such disci-
> pline or discharge [*9] . . . .

*Conn. Gen. Stat. § 31-51q.* Section *31-51q* specifically
applies to "discipline or discharge" of an employee on
account of his or her exercise of *First Amendment* rights.
Even assuming that Reilly is correct that *section 31-51q*
applies to conduct subsequent to his discharge, there is
still a lack of probative evidence to establish a genuine
issue of material fact on the other elements of this claim.

In order to demonstrate a violation of *section 31-
51q,* Reilly must prove that: (1) he was exercising rights
protected by the *first amendment to the United States
Constitution* (or equivalent provision of the Connecticut
Constitution); (2) he was not hired on account of his ex-
ercise of such rights; and (3) his exercise of *first amend-
ment* (or equivalent state constitutional) rights did not
substantially interfere with his bona fide job performance
or with his working relationship with his employer. *Cf.
Lowe v. Amerigas, Inc., 52 F. Supp. 2d 349, 359 (D.
Conn. 1998), aff'd, 208 F.3d 203 (2d Cir. 2000)* (assert-
ing test in context of employee's termination).

Even assuming that the first and third elements are
satisfied, **[*10]** both the *section 31-51q* and *section
1983* claims fail because Reilly has not demonstrated a
genuine issue of material fact regarding the second ele-
ment, i.e., that Mayor Borer manipulated the job re-

quirements of positions Reilly sought because of Reilly's
exercise of rights protected by the *First Amendment.*

After the plaintiff's job was eliminated on July 1,
2002, he was entitled under the City's Collective Bar-
gaining Agreement to bump into a lateral or lower classi-
fication position. Reilly alleges that, after the budget
proposal was accepted and his position eliminated,
Mayor Borer further retaliated against him by repeatedly
altering the requirements of every position he sought in
order to exclude him from consideration. He attempted
but failed to obtain the positions of Highway Mainte-
nance Superintendent, Assistant to the Commissioner of
Public Works, and Risk/Procurement Manager.

Construing the facts in the light most favorable to
him, Reilly has not presented probative evidence suffi-
cient to establish a genuine issue of material fact. "Mere
conclusory allegations, speculation or conjecture will not
a avail a party resisting summary judgment." *Cifarelli v.
Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).* **[*11]**
Reilly points only to his own affidavit, his own deposi-
tion testimony, and a letter he wrote to a member of the
City Council to buttress his claim that the Mayor's ac-
tions were retaliatory. The problem is that these docu-
ments only contain statements concerning Reilly's beliefs
about what occurred after his position was eliminated.
Reilly's beliefs that Mayor Borer acted to prevent him
from obtaining a job are insufficient to establish a genu-
ine issue of material fact. There is no other evidence to
support Reilly's claim.

Therefore, the defendants are entitled to summary
judgment with respect to Reilly's claim that the require-
ments of positions he sought were purposely altered to
prevent him from obtaining them.

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion
for Summary Judgment [doc. # 19] is GRANTED. The
clerk shall enter judgment and close the file.

It is so ordered.

Dated at Bridgeport, Connecticut this 31st day of
March 2005.

/s/ Stefan R. Underhill

United States District Judge