UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE EMPLOYEES BARGAINING :
AGENT COALITION, ET AL., :
    Plaintiffs, :
  :
VS. :    Civil No. 3:03CV221 (AVC)
  :
JOHN G. ROWLAND ET AL., :
    Defendants. :

### ORDER DIRECTING THE COMMENCEMENT OF DISCOVERY

    On January 18, 2006, the court denied the defendants' motion to dismiss the amended complaint after determining that issues of fact existed as to whether the defendants were entitled to absolute legislative immunity. These issues concerned whether in the fall of 2002, the state of Connecticut experienced a sufficiently significant budget crises for the Governor to invoke his budget modification authority under Conn. Gen. Stat. § 4-85(b), and if so, whether the Governor invoked Conn. Gen. Stat. § 4-85(b) when ordering the layoffs at issue.

    Because resolution of these factual issues in the affirmative would entitle the defendants to absolute legislative immunity, the court offered the defendants an opportunity for a first phase of discovery limited to exploring these underlying facts and re-argument on the issue before commencing with merits discovery. By letter to the court dated January 27, 2006, the defendants declined the court's invitation and expressed their intention to appeal the court's immunity determination and seek a

stay of discovery pending appeal.

In the court's view, any further stay of discovery would be inappropriate. Although the court is mindful that where a district court resolves an immunity question, a stay of discovery "ordinarily must carry over through the appellate court's resolution of that question" Hegarty v. Somerset County, 25 F.3d 17, 18 (1st Cir. 1994), this is not an ordinary case. This matter has been pending for three years with no discovery whatsoever. Further, because the court has determined that, under principles of Eleventh Amendment immunity, a prevailing plaintiff would be entitled to little more than prospective injunctive relief in the form of reinstatement to a lost job with no chance of receiving monetary compensation, the court must expedite resolution of this case. See e.g., Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987) (concluding that equitable claims stand on a different footing than damage claims, so as to authorize a district court to permit discovery as to the equitable claims).

Discovery will therefore commence immediately.

It is so ordered this 31st day of January, 2006 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

2