UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING | : | CIVIL ACTION NO. |
| AGENT COALITION, ET AL. | : | |
| Plaintiffs, | : | 3:03CV221 (AVC) |
| | : | |
| V. | : | |
| | : | |
| JOHN G. ROWLAND, ET AL., | : | |
| Defendants. | : | FEBRUARY 3, 2006 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY PENDING APPEAL**

Pursuant to Fed. R. Civ. P. 62 and Fed. R. App. P. 8(a), the Defendants respectfully move to stay all discovery in this action pending resolution of their appeal from the Order entered on January 18, 2006 denying their Motion to Dismiss ("January 18 Order") and the Order entered on January 31, 2006 directing the commencement of discovery ("January 31 Order"). The Defendants filed a Notice of Appeal in this Court on February 2, 2006.

Defendants have steadfastly maintained that they are absolutely immune from suit and thus immune from all participation in this action, including discovery. Moreover, Defendants have always made clear that they would they would immediately appeal any unfavorable ruling on their Motion to Dismiss (see, e.g., September 24, 2003 Motion to Stay Discovery at 6.), which appeal they have now filed. Nonetheless, in denying Defendants' Motion to Dismiss in the January 18 Order, this Court vacated the previously issued stay of discovery[1] and authorized discovery on the issue of the application of legislative immunity. In its most recent Order, issued

---

[1] On November 24, 2003, Magistrate Judge Martinez ordered a stay of discovery pending the disposition of Defendants' Motion to Dismiss. On December 13, 2005, this Court overruled Plaintiffs' Objection to that Order, thus keeping the stay intact.

after Plaintiffs submitted a plan to take extensive discovery concerning legislative immunity,[2] this Court ordered that discovery "commence immediately." (January 31 Order at 2.) Permitting discovery to commence during the pendency of the appeal, however, completely strips Defendants of their absolute legislative immunity and forces them to face the burdens of litigation. Accordingly, this Court should stay all discovery pending resolution of Defendants' appeal.

I. **ARGUMENT**

*This Court's Orders Are Immediately Appealable*

This Court's January 18 and January 31, 2006 Orders are treated as a final judgment that is immediately appealable. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 143-44 (1993) (holding that a denial of a motion to dismiss based on Eleventh Amendment immunity is immediately appealable); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (denial of claim of qualified immunity, like absolute immunity, "is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291"); Nixon v. Fitzgerald, 457 U.S. 731, 742 (1982) (denial of a claim of absolute immunity is immediately appealable).

This protection derives from the fact that the denial of an immunity defense is essentially "unreviewable on appeal" because "the essence of absolute immunity is its possesssor's entitlement not to have to answer for his conduct in a civil damages action." Mitchell, 472 U.S. at 525. This protection includes the right to be free from *any* discovery until the immunity issues are resolved. See Locurto v. Safir, 264 F.3d 154, 164 (2d Cir. 2001) (immunity defenses, there qualified immunity, provide "the right not only to avoid trial, but also to avoid pre-trial burdens like discovery that can be disruptive of government effectiveness"); Puerto Rico Aqueduct, 506

---

[2] Plaintiffs' January 27, 2006 discovery plan is attached hereto.

U.S. at 145 (Eleventh Amendment provides "fundamental constitutional protection," the value of which is "for the most part lost as litigation proceeds past motion practice").

*The Appeal Precludes Discovery in this Court on Issues Related to the Appeal*

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals." (Internal quotation marks and citation omitted.) United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996); New York State NOW v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989) (district court is divested of jurisdiction for all matters raised in the order on appeal); Apostol v. Gallion, 870 F.3d 1335, 1338 (7th Cir. 1989) (court lacks jurisdiction over immunity issues appealable under rationale of Mitchell v. Forsythe). This general principle is intended to promote judicial economy and to avoid any confusion or inefficiency that may result from having the same matter before two courts at the same time. Rodgers, 101 F.3d at 251. Accordingly, the Court may not permit discovery to proceed on issues that are at the core of Defendants' timely filed appeal.

*This Court Should Stay Discovery Pursuant to Fed. R. Civ. P. 62(d)*

Defendants have raised fundamental issues involving absolute legislative immunity, which enables those acting "in the sphere of legitimate legislative capacity" to be free from the consequences of litigation and from the burden of defending their legislative actions. Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998); see also Marylanders for Fair Representation, Inc. v. Schaefer, 144 F.R.D. 292, 297 (D. Md. 1992) ("Legislative immunity not only protects state and local legislators from civil liability, it also functions as an evidentiary and testimonial privilege." E.g., Minotti v. Lensink, 798 F.2d 607-08 (2d Cir. 1986) ("the essence of [Eleventh Amendment]

immunity is the possessor's right not to be hauled into court – a right that cannot be vindicated after trial"). Defendants' immunities, if upheld, would end the litigation without the need for any further action by this Court.

Courts should assess the following factors in determining whether to issue a stay pending appeal: (1) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal; (2) whether the movant will suffer irreparable injury absent a stay;(3) whether a party will suffer substantial injury if a stay is issued; and (4) the public interest that may be affected. Cooper v. Town of E. Hampton, 83 F.3d 31, 36 (2d Cir. 1996); First City, Texas-Houston, N.A. v. Rafidain Bank, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001). These factors weigh heavily in Defendants' favor.

First, Defendants have more than a "substantial possibility" of success on appeal.[3] The exact issue that is part of Defendants' appeal was presented in Abbey v. Rowland, 359 F. Supp. 2d 94, 97-98 (D. Conn. 2005), wherein Judge Squatrito ruled that the Governor and the Commissioner of Mental Health and Addiction Services were entitled to absolute legislative immunity regarding the same set of Connecticut layoffs. Although this Court did not fully agree with the analysis in Abbey (see January 18 Order at 6 n.5), the ruling in Abbey certainly shows that Defendants' appeal has significant merit. Moreover, this Court's ruling was based in part on the Third Circuit's requirement that actions must be both substantively and procedurally legislative. (See Jan. 18 Ruling at 7, citing Ryan v. Burlington County, 889 F.2d 1286, 1290-91 (3d Cir. 1989). This approach is inconsistent with Bogan's functional analysis and has not been adopted in the Second Circuit. (See Defendants' Consolidated Reply Brief at 4 n.4.)

---

[3] Defendants will not repeat the arguments raised in their Motion to Dismiss and likely to be raised in the Court of Appeals. For the purpose of this motion, however, it is sufficient to show that their arguments have merit, as discussed herein.

Other courts have permitted stays of discovery because the movant had a strong position on appeal or the appeal involved an unsettled issue of law. E.g., First City, Texas-Houston, N.A., 131 F. Supp. 2d at 543 (granting stay pending appeal because movant had a substantial possibility of prevailing on appeal); Benedict v. Town of Newburgh, 95 F. Supp. 2d 136, 144 (S.D.N.Y. 2000) (upon denying motion to dismiss, court noted that it would stay all discovery pending appeal because issue its ruling was "not free from doubt" and would be determinative of litigation). Indeed, in cases involving immunity defenses, courts are empowered to deny stays pending appeal *only* where the appeal is frivolous. See Goshtasby v. Bd. of Trustees, 123 F.3d 427, 428 (7th Cir. 1997) (district court proceedings were stayed because appeal from denial of Eleventh Amendment immunity were not frivolous); Apostol v. Gallion, 870 F.2d 1335, 1338-39 (7th Cir. 1989) (although district courts lack jurisdiction over appeals taken under the collateral order doctrine, district court may retain jurisdiction if appeal from denial of qualified immunity is frivolous). As discussed above, Defendants' appeal is far from frivolous.

The remaining factors for issuing a stay also favor Defendants, who will suffer irreparable injury absent a stay. As discussed above, if Defendants are compelled to participate in discovery, their absolute legislative immunity from suit will be extinguished and cannot be restored on a later appeal. Moreover, Plaintiffs will not suffer "substantial injury" if a stay is issued.[4] Cooper, 83 F.3d at 36. Discovery has been stayed in this case since November 2003.[5]

---

[4] In its most recent Order, the Court cites Lugo v. Alvarado, 819 F.2d 5 (1st Cir. 1987) for the proposition that equitable relief warrants immediate discovery. (Jan. 30 Order at 2.) Defendants respectfully disagree. First, Lugo, which involved an appeal from an order denying a stay of discovery, is inapt in this context, which involves an appeal from a final judgment. Id. at 7 ("we must comment on the interlocutory nature of this appeal . . . such orders are not appealable before final judgment"). Thus, as the court in Lugo recognized, there was no jurisdictional bar to discovery as would be the case under the collateral order doctrine, as discussed above. Second, the defendants in Lugo answered the complaint and had "engaged in extensive discovery" before they moved for summary judgment based on qualified immunity.

No sudden urgency to proceed immediately has arisen, such as might be the case for enforcing a money judgment against a soon-to-be insolvent debtor. Indeed, this Court has ruled that Plaintiffs' claims for money damages are barred by the Eleventh Amendment. (January 18 Order at 13.)

Finally, there is a strong public interest in delaying discovery until the issue of absolute legislative immunity is decided. Commencement of discovery would force the State (and its taxpayers) to expend significant resources – including taking time away from the State's daily affairs – participating in the extensive discovery plan submitted by the Plaintiffs.[6] Moreover, issuing a stay will promote judicial economy because, if Defendants are successful on appeal, any discovery taken on the immunity issue would be an expensive but wasted exercise. E.g.,

---

Id. at 6. At that point, before the plaintiff had engaged in *any* discovery, the defendants moved to stay all discovery – a tactic that the court remarked "border[ed] on bad faith." Id. Third, the plaintiffs in Lugo were claiming irreparable injury and were seeking injunctive relief under Rule 65, which necessitated a speedy resolution. Id. at 7. That is not the case here. Finally, Lugo involved a claim of qualified immunity, which does not bar equitable relief. Id. Absolute legislative immunity, the defense asserted here, bars claims seeking damages and/or equitable relief. Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 U.S. 719, 731-32 (1980) (citing Tenney v. Brandhove, 341 U.S. 367 (1951)); Star Distributors, Ltd. v. Marino, 613 F.2d 4, 6-7 (2d Cir. 1980); Rini v. Zwirn, 886 F. Supp. 270, 280 (E.D.N.Y. 1995); see Kingman Park Civic Ass'n v. Williams, 2002 U.S. Dist. LEXIS 15254 at *5 (D.D.C. 2002) ("It is hornbook law that elected officials enjoy 'absolute immunity' from suits for damages and equitable relief for actions taken 'in the sphere of legitimate legislative activity.'").

[5] Defendants have taken no action to slow the progress of this case – on the contrary, they have proceeded most expeditiously, as is evident by their timely Motions to Dismiss and other submissions to this Court. The slow pace of this case should, therefore, not inure the Defendants' detriment, especially on an issue as fundamental as absolute immunity from suit. The best way to expedite this case is for the Second Circuit to hear Defendants' appeal.

[6] As mentioned above, Plaintiffs previously issued three subpoenas to State employees. Those subpoenas were quashed when the Court issued its November 24, 2003 stay of discovery. Further, in the Parties January 27, 2006 Joint Position Statement (copy attached hereto), Plaintiffs requested extensive discovery, well beyond the discovery this Court believed it needed to resolve the immunity issue. This expansiveness of Plaintiffs' planned discovery further illustrates the unreasonable burden that would be placed on Defendants if discovery were to commence.

O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969) (granting motion to stay discovery pending appeal because "when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions").

## II.   CONCLUSION

Defendants have the right to be absolutely immune from suit and, therefore, free from participation in this litigation, and they seek to enforce that right through their February 2, 2006 appeal to the Second Circuit. For the reasons stated above, unless and until those immunity issues are finally decided in Plaintiffs' favor, all discovery must be stayed.

DEFENDANTS,

By:  /s/ Albert Zakarian
    Albert Zakarian (ct04201)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    *azakarian@dbh.com*

    Their Attorneys

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

David S. Golub
Jonathan M. Levine
Silver, Golub & Teitell, LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904-0389

Ann H. Rubin
Carmody and Torrance
50 Leavenworth Street
Waterbury, CT 06721-1110

      /s/ Albert Zakarian
      Albert Zakarian