## SILVER GOLUB & TEITELL LLP

RICHARD A. SILVER
DAVID S. GOLUB
ERNEST F. TEITELL
PATRICIA M. HAUGH (1942-1988)
JOHN D. JOSEL*
MARIO DiNATALE*
JONATHAN M. LEVINE
MARILYN J. RAMOS*
PAUL A. SLAGER*
ANGELO A. ZIOTAS
KATHLEEN L. BRANDT*
PETER MASON DREYER*
CRAIG N. YANKWITT
AMANDA R. WHITMAN

*ALSO ADMITTED IN NY

LAW OFFICES
THE HERITAGE BUILDING
184 ATLANTIC STREET

MAIL ADDRESS
POST OFFICE BOX 389
STAMFORD, CONNECTICUT 06904

TELEPHONE
(203) 325-4491

FACSIMILE
(203) 325-3769

January 27, 2006

Hon. Alfred V. Covello
United States District Court
450 Main Street
Hartford, CT 06106

Re:   SEBAC, et al v. Rowland, et al
      Civ No. 3:03 CV 221 (AVC)

Dear Judge Covello:

We are writing, as directed in your January 18, 2006 Ruling on Defendants' Motion to Dismiss in the above-referenced action, to set forth the parties' respective positions on discovery.

PLAINTIFFS' POSITION:

It is plaintiffs' position that phased discovery, beginning first with determination of defendants' legislative immunity defense, is not desirable for a number of reasons:

(1) because it is difficult to separate the factual issues raised by the legislative immunity defense from merits issues.

In this regard, plaintiffs note that the question of whether defendants Rowland and Ryan were exercising statutory executive functions to negotiate collective bargaining agreements and to oversee the state work force (as plaintiffs contend) or were fulfilling statutory budget-revision authority (as defendants contend) will necessarily involve inquiry not only into whether defendants followed any formal legislative processes, but also into what the defendants said and did in their communications with the plaintiff unions, with the Connecticut General Assembly, and to the public. Plaintiffs will, for example, seek to prove that defendants Rowland and Ryan advised representatives of the plaintiff unions that they were acting to effectuate long-term structural changes in the State's collective bargaining agreements with the unions (as opposed to immediate budget savings for the then-current fiscal year); that defendants advised the

SILVER GOLUB & TEITELL LLP

Hon. Alfred V. Covello
January 27, 2006
page two

Connecticut legislature that their actions were executive in nature and that it was a violation of the state separation of powers doctrine for the legislature to seek to overturn the terminations ordered by defendants; and that they made public statements to the media stating that the legislature's efforts to intervene to overturn the terminations were unconstitutional.

(2) because, in plaintiffs' view, it is unlikely that defendants will be able to establish undisputed facts to support the defense so as to preclude plaintiff's right to trial on the issue (along with the trial of merits issues).

In this regard, plaintiffs note that defendant Rowland has issued a public veto statement and has made statements to the media asserting that his actions in terminating the plaintiff union members were executive in nature and that the legislature was constitutionally barred by the separation of powers doctrine from passing legislation overturning his actions. Plaintiffs also believe that defendants will be forced to concede that defendant Rowland did not comply with the procedural requirements of Conn. Gen. Stats. § 4-85(b)(1) or (2). Plaintiffs submit that, at a minimum, defendant Rowland's statements and failure to comply with the statutory requirements for exercising his authority to revise the state budget will give rise to a factual issue to be decided by the jury as to whether defendant Rowland was or was not acting in a legislative capacity.

(3) because – given reason 2 above – phased discovery will likely result in defendants, other state officers and other witnesses being subjected to multiple depositions, first on the legislative immunity issue and then on other issues.

(4) because, given the significant time during which discovery has already been stayed, it is appropriate to allow an opportunity for full discovery now, both to protect against witnesses' loss of memory and to facilitate prompt completion of discovery and resolution of this case.

In this regard, plaintiffs submit that, given the Court's ruling striking plaintiffs' claims for compensatory money damages and leaving injunctive relief as plaintiffs' principal remedy, it is especially appropriate to expedite resolution of this case.

(5) because it is judicially efficient to allow full discovery to proceed in this action and in related state court actions.

SILVER GOLUB & TEITELL LLP

Hon. Alfred V. Covello
January 27, 2006
page three

DEFENDANTS' POSITION:

Defendants assert that the sole factual issue identified by the Court's order as disputed – whether the Defendants invoked Conn. Gen. Stat. § 4-85(b) in connection with the challenged actions (Court's January 18 Order, p. 9) – could be fully explored through very limited document discovery. Neither depositions nor "full discovery," as Plaintiffs suggest, would be necessary to explore this very limited issue, which Defendants nevertheless submit is immaterial to the applicability of legislative immunity, for all the reasons in their Motion to Dismiss. In any case, however, the Court's order is immediately appealable. Accordingly, no discovery should proceed at this juncture, as the Defendants will file a timely notice of appeal, accompanied at that time by a motion to stay further any discovery.

Moreover, although Plaintiffs refer to the two named defendants – John Rowland and Marc Ryan – as among those whom they will subject to deposition, those two individuals are, in fact, no longer parties to this action. Indeed, the Court's order prohibits Plaintiffs' pursuit of any claims against the two individuals in their individual capacities; the official capacity claims are now against the current officeholders, who are automatically substituted for the originally named parties. Fed. R. Civ. P. 25(d). The Plaintiffs' desire to depose these former state officials, both of whom now are out of state, reveals their intention to take discovery well beyond the specific issue of compliance with § 4-85(b) and well beyond the applicability of legislative immunity. For this reason, too, Plaintiffs' requested broad discovery should not be permitted.

Thank you for your consideration.

Very truly yours,

DAVID S. GOLUB
For plaintiffs

ALBERT ZAKARIAN
For defendants

DSG/ng