Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1991 WL 177657 (D.Conn.), 1991-1 Trade Cases P 69,496
**(Cite as: Not Reported in F.Supp.)**

United States District Court, D. Connecticut.
STATE OF CONNECTICUT ex rel. Richard BLUMENTHAL, Attorney General of Connecticut
v.
BPS PETROLEUM DISTRIBUTORS, INC., et al.
**Civ. No. 3:92-CV-00173(WWE).**

July 16, 1991.
Ruling on Plaintiff's Motion to Set Aside Defendant DeMatteo's Extension of Time

*Background*

EGINGTON, District Judge.
*1 This suit was commenced on March 26, 1991 by the State Attorney General as *parent patriae* on behalf of the State of Connecticut and its residents. The Complaint charges various oil distribution companies and dealers with violating the Sherman Act and State anti-trust laws. [FN1] The parties represent that a grand jury investigation, conducted by the United States Attorney and the Justice Department, is currently underway in the United States District Court in New Haven, involving the same companies and individuals named in this civil action.

On April 11, 1991, Defendant DeMatteo moved for an extension of time in which to answer or move with respect to the Complaint, for a period of thirty days beyond the time the criminal proceedings against him were concluded. This Court granted the extension on April 16, 1991. Six other defendants have similar motions for a stay pending before this Court. [FN2]

The Plaintiff has now filed a Motion to Set Aside the extension of time granted to Defendant DeMatteo.

For the reasons set forth below, Plaintiff's Motion to Set Aside Defendant DeMatteo's Extension of Time will be granted.

*Arguments*

Plaintiff argues that an indefinite stay in this civil proceeding is unreasonable and unnecessary. The Plaintiff does not dispute that the possibility of a criminal charge might make it more difficult for the Defendant to respond to this civil action. However, the Plaintiff maintains that this difficulty does not constitute irreparable prejudice, nor does it outweigh the interests of the Plaintiff or the public in proceeding with this civil action. The Plaintiff contends that the Defendant may assert his fifth amendment privilege whenever he desires, and the court may prevent unfair prejudice to the Defendant by allowing him to amend his pleading at a later time, and by ruling on individual assertions of fifth amendment privilege during discovery if and when the situation arises.

The Defendant maintains that he should not be forced to choose between defending the civil action and asserting his fifth amendment rights. He argues that he can either defend himself against the civil allegations by divulging privileged information, or invoke the fifth amendment privilege and forego the opportunity to defend himself in the civil action. He further argues that the discovery gained in the broader civil action could be used to supplement the more narrow criminal discovery permitted under the Federal Rules of Criminal Procedure. The Defendant contends that the Plaintiff would not suffer any harm from a stay, and might even benefit because of the judicial economy engendered by avoiding duplicative proceedings.

*Discussion*

The Constitution does not ordinarily mandate a stay of civil proceedings pending the outcome of criminal proceedings, rather, a court has discretion to "stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action ...' " *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.1980) (citations omitted). A court considers several factors when exercising such discretion. *Golden Quality Ice Cream, Inc. v. Deerfield Specialty* [1980-2 TRADE CASES ¶ 63,468], 87 F.R.D. 53, 56 (E.D.Pa.1980), and the Court will examine each of the relevant factors separately.

*Plaintiff's Interest in Proceeding and Potential Prejudice of Delay*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1991 WL 177657 (D.Conn.), 1991-1 Trade Cases P 69,496
**(Cite as: Not Reported in F.Supp.)**

*2 Plaintiffs in federal court have the right to pursue their cases, and to expeditiously vindicate their claims. Golden Quality Ice Cream, 87 F.R.D. at 56. Stays in proceedings may result in prejudice to plaintiffs because "[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end." In Re Mid-Atlantic Toyota Antitrust Litigation [1981-1 TRADE CASES ¶ 64,069], 92 F.R.D. 358, 359 (D.Md.1981).

The Plaintiff would be prejudiced by an indefinite stay in this civil proceeding because, as noted above, witnesses will inevitably experience fading memories with the passage of time. In addition, vital documentary evidence could be lost or destroyed.

*Burden Imposed Upon Defendants*

Defendants are requesting a stay of the civil proceedings until the grand jury investigation and any resulting criminal proceedings are complete. The case for staying a parallel proceeding is weaker when no indictment has been returned, and when a fifth amendment privilege is not implicated. Securities & Exchange Comm'n., 628 F.2d at 1376.

The Plaintiff maintains that a federal grand jury is just beginning its inquiry into this matter, and the Plaintiff argues that it could be months or years before any indictments are handed down. The Court is persuaded that the stay requested by the Defendant is overbroad in scope.

The Court is aware that a defendant who invokes the fifth amendment privilege could suffer potential prejudice, but the Court believes that the Defendant will be protected from prejudice by less extraordinary means than staying this civil proceeding for an indefinite period of time. This Court will not hesitate to limit civil discovery, as necessary, to accommodate any defendant's assertion of the fifth amendment privilege, and the court will "rule on individual assertions of Fifth Amendment privilege if and when such assertions occur." In Re Mid-Atlantic Toyota, 92 F.R.D. at 360.

The Defendant also argues that there is a danger that the broad civil discovery could be used to supplement the more narrow criminal discovery. However, the Plaintiff has expressly represented that there is no basis for such an allegation, and this Court will hold the Plaintiff to that representation. See In Re Mid-Atlantic Toyota, 92 F.R.D. at 360.

*Convenience of the Court*

The third factor refers to a court's attempts to avoid duplicative judicial effort whenever possible. Here, there are no duplicative judicial efforts to avoid because no indictments have been handed down. See In Re Mid-Atlantic Toyota, 92 F.R.D. at 360.

*Public Interest*

In the instant case, the State Attorney General, as *parens patriae,* has brought an anti-trust action on behalf of the State of Connecticut for loss and damage to the general welfare and economy of the State, and on behalf of all residents who may have suffered loss or damage from the defendants' alleged conduct. The Court is persuaded that public interest considerations favor a denial of a stay. This civil litigation involves allegations of price-fixing of home heating oil in the New Haven metropolitan area. The public obviously has a significant interest in the outcome of such litigation, "whatever that outcome may be." In Re Mid-Atlantic Toyota, 92 F.R.D. at 360. The public interest in protecting consumers from the harm engendered by alleged price-fixing conspiracies mandates prompt action by the government officials charged with protecting the public.

*Conclusion*

*3 The Court is persuaded that there are effective and less obtrusive means available to accommodate the varied interests during the course of this civil proceeding. However, the Court emphasizes that it reserves the right to "re-evaluate the situation if and when the balance of burdens, and private and public interests so requires." Arden Way Associates v. Boesky, 660 F.Supp. 1494, 1500 (S.D.N.Y.1987).

For the reasons discussed above, Plaintiff's Motion to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1991 WL 177657 (D.Conn.), 1991-1 Trade Cases P 69,496
**(Cite as: Not Reported in F.Supp.)**

Set Aside Defendant DeMatteo's Extension of Time is hereby Granted.

> FN1. The named Defendants are BPS Petroleum Distributors, Inc., Mary Randall, Ralph Caruso, Robert Detrick, William DeMatteo, Oyster River Petroleum, Inc., Edward Granfield, Alpine Heating & Cooling Co., Inc., Salvatore Camera, Leo Scillia, and John Chaski.

> FN2. Ralph Caruso, Mary Randall, Edward Granfield, Oyster River Petroleum, Inc., Leo Scillia and Robert Detrick have all moved for a stay in this proceeding. To date, BPS Petroleum, Alpine Heating & Cooling, Inc., Salvatore Caamera, and John Chaski have not moved for a stay.

D.Conn.,1991.
State of Conn. ex rel. Blumenthal v. BPS Petroleum Distributors, Inc.
Not Reported in F.Supp., 1991 WL 177657 (D.Conn.), 1991-1 Trade Cases P 69,496

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1988 WL 24143 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
DEL A., et al.
v.
Edwin EDWARDS, et al.
**CIV. A. No. 86-0801.**

March 4, 1988.

MINUTE ENTRY

SEAR, District Judge.
*1 On March 2, 1988, defendants' motion to dismiss and/or for summary judgment was denied. Also denied was defendants' motion to review the magistrate's order denying defendants' motion for a protective order staying all discovery. On March 3, 1988, defendants filed a Notice of Appeal of the order denying defendants' qualified immunity defense. Defendants also filed an "Ex Parte Motion to Stay Discovery," requesting a stay of all discovery pending resolution of the defendants' appeal, or alternatively, a stay of 10 days in order to give the defendants time to seek a stay from the Fifth Circuit. Plaintiffs delivered a written opposition to chambers and to opposing counsel by March 4, 1988.

Plaintiffs initially raise two technical objections, arguing that the motion should first be referred to a magistrate pursuant to Local Rule 20.5, and that the oral denial of the same motion made during the telephone conference conducted on March 2, 1988, constitutes res judicata. Considering the circumstances, I find there is good cause to vacate the reference to the magistrate of this motion and consider the motion myself, treating it as a motion to reconsider the oral denial of the same oral motion.

Although the Supreme Court has taught that "discovery should not be allowed" "[u]ntil [t]he threshold immunity question is resolved," _Harlow v. Fitzgerald,_ 457 U.S. 800, 815 (1982), it does not appear necessary that a stay must be imposed until a Circuit Court has had an opportunity to pass on the issue. _See, e.g., Martin v. Malhoyt,_ 830 F.2d 327, 246 (D.C.Cir.1987) (district court, presented with motions for protective order halting discovery and for stays of all district court proceedings, refused to postpone discovery, but stayed trial pending appeal; there is no indication that the Circuit Court disapproved the actions or decided to stay discovery itself); _Garrett v. Rader,_ 831 F.2d 202 (19th Cir.1987) (the Circuit Court granted a temporary stay of discovery pending appeal, but did not mention the district court's failure to do so; case held, incidentally, that "the law requiring protection of the personal security of inmates and patients in state institutions was clearly established" at least by 1980); _see generally Graham v. Gray,_ 827 F.2d 679, 681 (10th Cir.1987).

Here the defendants themselves have engaged in significant discovery; the plaintiffs have also requested injunctive relief; the claims of injury, past and continuing, are serious; and "the scope of discovery as to the injunctive claim is practically the same as that involved in proving damages." _See Lugo v. Alvarado,_ 819 F.2d 5, 7 (1st Cir.1987). Indeed, although I denied the plaintiffs' original motion for class certification without prejudice, it was and is intended that the plaintiffs be able to obtain discovery relevant to class-wide injunctive relief. The interests underlying the requirements of state law regarding the confidentiality of the case files of the foster children of the State of Louisiana should not outweigh the need for disclosure of such materials to those seeking to protect these same foster children. _See Fears v. Burris Mfg. Co.,_ 436 F.2d 1357 (5th Cir.1971).

Accordingly,

*2 IT IS ORDERED that the defendants' motion to stay discovery is DENIED;

IT IS FURTHER ORDERED that discovery may proceed in accordance with the rulings of the magistrate, with the specific proviso that the case readings may be pursued in relation to, _inter alia,_ plaintiffs' seeking of class-wide injunctive relief;

IT IS FURTHER ORDERED that trial is stayed pending appeal of the defendants' motion to dismiss and/or for summary judgment.

E.D.La.,1988.
Del A. v. Edwards
Not Reported in F.Supp., 1988 WL 24143 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2:86cv00801 (Docket) (Feb. 25, 1986)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 22519454 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Anthony PALMER, Plaintiff
v.
Ronald GOSS, Corrections Officer; William Connelly, Deputy Superintendent; Paul Richards, Deputy Superintendent; Donald Selsky, Director of Special Housing; Defendants.
**No. 02 Civ. 5804(HB).**

Nov. 5, 2003.

State prisoner brought pro se civil rights action under § 1983 against corrections officer and prison officials, alleging that officer used excessive force to subdue him in altercation that followed a pat-frisk, and that officials violated his right to due process in course of resulting disciplinary hearing and grievance. Court denied defendant's motion for summary judgment, 2003 WL 22327110. On motion to dismiss, the District Court, Baer, J., held that trial could proceed even in the face of interlocutory appeal.

Ordered accordingly.

West Headnotes

**Federal Courts 170B ⇌682**

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(F) Effect of Transfer and Supersedeas or Stay
      170Bk681 Effect of Transfer of Cause or Proceedings Therefor
        170Bk682 k. Interlocutory or Defective Appeal. Most Cited Cases
Where a district court determines that an appeal of a denial of qualified immunity is frivolous, the court may proceed to trial even in the face of an interlocutory appeal.

*OPINION & ORDER*

BAER, J.

*1 At oral arguments on November 4, 2003 on a pending motion to dismiss on jurisdictional grounds,[FN1] I learned, albeit without documents of any sort, that defendant had filed a notice of appeal from my earlier denial of summary judgment with respect to defendant Richards. That decision was based at least in part on qualified immunity grounds. No stay was obtained nor request made for one to the Court of Appeals.

  FN1. Familiarity with the Court's two earlier decisions in this matter is presumed.

It is well-settled that "a district court's denial of a claim of qualified immunity, *to the extent that it turns on an issue of law,* is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis added); *see also McCullough v. Wyandanch Union Free Sch. Dist.,* 187 F.3d 272, 277 (2d Cir.1999) ("The district court's denial of the qualified immunity defense on a summary judgment motion is an appealable final decision to the extent that the denial turns on an issue of law."). And it is also settled that "[a]s a general rule, once a notice of appeal has been filed, 'it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' " *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.,* 925 F.2d 556, 565 (2d Cir.1991) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). However, it could not be clearer that Richards' entitlement to qualified immunity depends very heavily on a factual determination, rather than an issue of law. Specifically, Palmer's due-process claim against defendant Richards relates to Palmer's allegation that Richards purposefully erased a portion of the tape recording of a disciplinary hearing that was allegedly favorable to Palmer. In their motion for summary judgment, defendants did not seriously contest that the tampering of the tape, if true, was illegal and qualified immunity would be inapplicable; instead, defendants largely presumed that the tape was merely defective and that Richards conducted the hearing properly. Clearly this is both a central issue and a fact issue. Thus, there is no merit to Richard's contention that his entitlement to qualified immunity turns on an issue of law-it is clear that the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22519454 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

factfinder must determine whether or not he destroyed a portion of the tape. Where a district court determines that an appeal of a denial of qualified immunity is frivolous, the court may proceed to trial even in the face of an interlocutory appeal. See *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989); *see also Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir.1992); *Yates v. City of Cleveland,* 941 F.2d 444, 449 (6th Cir.1991); *Stewart v. Donges,* 915 F.2d 572, 576-78 (10th Cir.1990); *Bean v. City of Buffalo,* 822 F.Supp. 1016, 1019 (W.D.N.Y.1993).

Therefore, to the extent that defendant Richards has moved for a stay of the proceedings in this Court, that motion is denied.

\*2 IT IS SO ORDERED.

S.D.N.Y.,2003.
Palmer v. Goss
Not Reported in F.Supp.2d, 2003 WL 22519454 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:02cv05804 (Docket) (Jul. 24, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.