UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING | : | CIVIL ACTION NO. |
| AGENT COALITION, ET AL. | : | |
| Plaintiffs, | : | 3:03CV221 (AVC) |
| | : | |
| V. | : | |
| | : | |
| JOHN G. ROWLAND, ET AL., | : | |
| Defendants. | : | MARCH 9, 2006 |

**DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO MOTION TO STAY DISCOVERY PENDING APPEAL**

Contrary to Plaintiffs' argument that Defendants' appeal is improper and, therefore, the requested stay should be denied, there can be no doubt that Defendants have the right to an immediate appeal from this Court's orders denying them absolute immunity and instead ordering them to participate in wide-ranging discovery. Although Plaintiffs are correct that where a dispute of material fact exists, a court is precluded from ruling as a matter of law on the applicability of an immunity defense, Defendants' appeal is nonetheless proper; indeed, Defendants respectfully assert that this Court erred *as a matter of law* in holding that the legislative and Eleventh Amendment immunity defenses cannot be resolved until after a disputed factual issue – whether Defendants complied with Conn. Gen. Stat. § 4-85(b) – is resolved. In other words, Defendants' appeal seeks not to have a factual dispute resolved by the Court of Appeals (which would obviously be improper), but rather to have the Court of Appeals decide, inter alia, whether this Court erred in determining that, as a necessary predicate to ruling on Defendants' asserted absolute immunities, it must resolve the factual issue as to whether the Defendants complied with Conn. Gen. Stat. § 4-85(b). There is no necessary but unresolved factual issue that underlies this legal issue, nor have Plaintiffs identified one, and Defendants' appeal is, therefore, proper.

In asserting that Defendants' appeal is improper, however, Plaintiffs miss the true import of the cases they cite, namely, that it is the Court of Appeals (not the District Court) that determines whether an immunity defense can be decided as a matter of law or whether a factual dispute must first be resolved.  See Locurto v. Safir, 264 F.3d 154, 170 (2d Cir. 2001) (qualified immunity—holding that resolution of factual issue of intent precluded decision on legal issue and, therefore, dismissing appeal); Hill v. City of New York, 45 F.3d 653, 663 (2d Cir. 1995) (prosecutorial immunity—dismissing portion of appeal that depended on factual issue of whether defendant was acting as an advocate or an investigator); United States v. Yonkers Bd. of Educ., 893 F.2d 498, 504 (2d Cir. 1990) (Eleventh Amendment immunity—dismissing appeal because immunity defense could not be decided on the face of the pleadings).[1]  In all of those cases, although the Court of Appeals ultimately dismissed the appeals, the appeals were properly taken under the collateral order doctrine, and the court resolved the legal issues presented: whether the immunity defenses could be decided as a matter of law, in spite of the purported factual dispute. Contrary to Plaintiffs' contention, therefore, the identification of a factual dispute by this Court's January 18 Ruling does not extinguish Defendants' right to an immediate appeal.[2]

---

[1] In both Locurto and Yonkers Bd. of Educ., the court stayed discovery pending appeal. See 264 F.3d at 162; 893 F.2d at 502.

[2] Indeed, the only instance in which a district court may retain jurisdiction and prevent an immediate appeal from a collateral order is where the appeal is frivolous.  See Def's Memo at 5; see also Behrens v. Pelletier, 516 U.S. 299, 310-311 (1996) (noting that some circuits permit a district court to certify an appeal as frivolous and retain jurisdiction).  Although Plaintiffs half-heartedly acknowledge this rule, they incorrectly suggest that merely finding a factual dispute is enough for a district court to retain jurisdiction. (Opp. at 10.)  The cases on which Plaintiffs' rely, moreover, all involved frivolous appeals.  E.g., Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003) (notice of appeal was "patently meritless").  Plaintiffs have not argued (nor could they) that Defendants' appeal is frivolous.  C.f. Siemon v. Emigrant Savs. Bank (In re Siemon), 421 F.3d 167, 169 (2d Cir. 2005) (appeal is frivolous if it "lacks an arguable basis either in law or in fact").

Moreover, the Second Circuit in Locurto did not recognize a "limited exception" to the collateral order doctrine (Opp. at 7); rather, Locurto sets forth the general rule that a defendant is entitled to immediate appellate review even if the district court concluded that it needed further discovery to rule on the immunity defense.[3] See 264 F.3d at 164 ("even when a district court rejects a qualified immunity defense due to a perceived need for further discovery, an appellate court may exercise jurisdiction"). The only constraint mentioned in Locurto is that the immunity defense must be amenable to resolution as a matter of law—otherwise, the appellate court must procedurally dismiss the appeal. Id. at 168, 170. In no event, however, does Locurto suggest that a defendant loses his right to an immediate appeal if the district court identifies a factual dispute.[4] See Rohman v. New York City Transit Auth., 215 F.3d 208, 214-215 (2d Cir. 2000) ("district court's mere assertion that disputed factual issues exist [is not] enough to preclude an immediate appeal").

Defendants' appeal fits neatly into the Locurto framework because the issues raised can be decided purely as a matter of law or on Plaintiffs' version of the facts. See 264 F.3d at 168. Defendants have repeatedly asserted that the factual dispute identified by this Court -- whether Governor Rowland "invoked his authority under [Conn. Gen. Stat.] § 4-85(b)" -- is immaterial to

---

[3] The analysis in Locurto followed Behrens v. Pelletier, 516 U.S. 299, 310-311 (1996), wherein the Supreme Court held that the collateral order doctrine permits successive pretrial appeals. See Locurto, 264 F.3d at 163. The Court in Behrens reiterated that an immunity defense is meant to give government officials the right to avoid the burdens of pretrial discovery, and an immediate appeal is necessary because the "denial of a motion to dismiss is conclusive as to this right." See 516 U.S. at 308. Guided by this language, the Second Circuit clarified that a defendant may properly take an appeal from the denial of an immunity defense and may prevail on appeal if the validity of the defense "can be decided as a matter of law in light of the record on appeal." Locurto, 264 F.3d at 164.

[4] In trying desperately to show that a factual dispute prevents an immediate appeal, Plaintiffs simply have rehashed the arguments they made in this Court opposing the motion to dismiss. (Opp. 3-7) As Locurto teaches, those arguments can be made in the Court of Appeals.

the functional approach set forth in Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998). (See Def's Memo at 4; January 18 Order at 9 n.5.) Because there is no dispute that the Governor was statutorily empowered to take the action he did, it makes no difference under Bogan whether he procedurally followed the enabling statute, so long as the function he ultimately performed was within "the sphere of legitimate legislative activity." Bogan, 523 U.S. at 54; see Def's Memo at 4.

Plaintiffs are also wrong in their assertion that the Defendants' appeal is unlikely to succeed and that, therefore, the requested stay should be denied. Plaintiffs assert, without any foundation, that Defendants have failed to present any evidence on the factual issue identified by this Court: whether Defendants complied with § 4-85(b). In fact, Defendants cited official public letters from the State Comptroller, Nancy Wyman, to Governor Rowland indicating that: (i) the deficit exceeded one percent; (ii) Con. Gen. Stat. § 4-85(b) required Governor Rowland to submit a deficit mitigation plan to certain legislative committees; (iii) the Governor did so on December 6, 2002; and (iv) the modification plan (Public Acts No. 03-2) alleviated the budget deficit. (See Consolidated Memorandum of Law in Support of Defendants' Motion to Dismiss at 5, citing Nancy Wyman, State Comptroller, Letter to the Honorable John G. Rowland, April 1, 2003, available at http://www.osc.state.ct.us/2002monthly/february/letter.htm, copy attached as Exhibit A.) The Court of Appeals may judicially notice these public documents and decide, as a matter of law, the issue of whether Defendants complied with § 4-85(b), if the Court of Appeals concludes that such compliance is relevant to the immunity defenses asserted. Cf. Abbey v. Rowland, 359 F. Supp. 2d 94, 97-89 (taking judicial notice that Rowland acted pursuant § 4-85(b) because budget deficit exceeded one percent). Thus, contrary to Plaintiffs' argument (Opp.

at 8.), there is no factual lacuna concerning the Defendants' compliance with § 4-85(b), and Defendants' appeal is appropriate and likely to succeed. (See Def's Memo at 3.)

Finally, Plaintiffs's argument regarding the standard for issuing a discretionary stay[5] is flawed because it incorrectly assumes that absolute immunity does not extend to claims for injunctive relief. (Opp. at 12.)[6]

       1.    *Merely Requesting Prospective Injunctive Relief Does Not Mean That Plaintiffs Inevitably Will Be Entitled to Discovery*

Plaintiffs argue that Defendants will not suffer irreparable injury if discovery were to commence immediately because, regardless of the outcome of the appeal, Plaintiffs' will be entitled to discovery on their claims seeking prospective injunctive relief. (Opp. at 14.) This argument is based on an out-of-context quotation from Supreme Court of Virginia v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980), wherein the Court noted that judicial immunity would not protect individuals when subsequently enforcing unconstitutional disciplinary rules. (Opp. at 14.) Consumers Union does not help Plaintiff's case.[7]

First, the portion of Consumers Union on which Plaintiffs rely dealt with judicial (not legislative) immunity. When discussing legislative immunity, the Court expressly held that it

---

[5] Courts should assess four factors when deciding a motion for stay pending appeal: (1) likelihood of success on appeal; (2) irreparable injury to movant if stay is denied; (3) potential for substantial injury to nonmoving party; and (4) the public interest. First City, Texas-Houston, N.A. v. Rafidain Bank, 131 F. Supp. 2d 540, 542 (S.D.N.Y. 2001).

[6] Plaintiffs initially argue that the public has an interest in the speedy resolution of this case. (Opp. at 12.) Although Plaintiffs certainly would like to commence discovery sooner rather than later (if ever), they fail to explain how commencing discovery would benefit the public, as opposed to Plaintiffs themselves.

[7] Nor do Condell v. Bress, 983 F.2d 415, 418 (2d Cir. 1993) and Lajoie v. Connecticut State Bd. of Labor Relations, 837 F. Supp. 34, 39 n.9 (D. Conn. 1993), both of which merely reference the well established principle that the Eleventh Amendment does not always bar prospective injunctive relief. (Opp. at 14-15.)

barred all forms of equitable relief.[8] Id. at 732-33; see Larsen v. Senate of the Commonwealth, 152 F.3d 240, 253 (3d Cir. 1998) (discussing Consumers Union, and noting it "left no doubt of the scope of legislative immunity"). Indeed, the same argument Plaintiffs now make was rejected in Larsen, wherein the Third Circuit, following Consumers Union, held that legislative immunity barred a claim for reinstatement and hence any discovery on the issue. Larsen, 152 F.3d at 254 (noting the serious injury that would be caused by permitting discovery because it would divert time and attention away from legislative duties, which goes to the primary reasons supporting legislative immunity).

Second, even if reinstatement and legislative immunity were not mutually exclusive, Defendants are not now acting in an enforcement capacity. (Opp. at 16.) The layoffs at issue were the result of a discrete action that occurred over three years ago. Plaintiffs are not seeking to enjoin further layoffs pursuant to Governor Rowland's actions; rather, they are seeking to overturn their own, which would require some sort of independent act invalidating the layoffs. Indeed, the Court in Consumers Union expressly noted that legislative immunity would prohibit such a suit. See 446 U.S. at 733 ("if suit had been brought against the legislature, its committees, or members for refusing to amend the Code . . . the defendants in that suit could successfully have sought dismissal on the grounds of absolute legislative immunity"). Thus, this case is entirely different from the situation in Consumers Union wherein the Court mentioned in passing that the defendants may be enjoined from enforcing the unconstitutional rules.[9] See 466 U.S. at 734-35.

---

[8] Cases universally cite Consumers Union the proposition that legislative immunity bars prospective injunctive relief, which is polar opposite to Plaintiffs' contention. See Def's Memo at 6 n.4.

[9] Plaintiffs' enforcement argument also flies in the face of their concession that Governor Rowland was protected by legislative immunity when he vetoed Public Act 03-1. (Opp. at 15 n.

-6-

Third, putting aside legislative immunity entirely, it is not entirely clear that the Eleventh Amendment would permit the relief sought in this case. The relief Plaintiffs seek, i.e., reinstatement, would require the State completely to revamp its budget and somehow make room, three years later, for the employment of 2800 purported plaintiffs. This would be an unprecedented application of Ex Parte Young, 209 U.S. 123 (1908), and would unconstitutionally infringe on the State's special sovereignty interests. See Abbey v. Rowland, 359 F. Supp. 2d at 101-102 ("The claim for prospective injunctive relief in this action is clearly a suit seeking to divest the state of its sovereignty rather than to prospectively limit the unconstitutional actions of state officials and therefore is barred by the Eleventh Amendment."). There is no reason to permit needless discovery in this case while Defendants make this argument in the Court of Appeals. Thus, contrary to Plaintiffs' tortured reasoning, Defendants will suffer irreparable injury once they are forced to participate further in this litigation, because they will not be vulnerable to discovery if they are successful on appeal and because Defendants' asserted immunities protect them against all involvement in litigation.

2.   *Defendants Have Strong Grounds For Appeal*

Plaintiffs have the mistaken impression that, to obtain a stay of discovery pending appeal, Defendants are required outright to convince this Court that it will be reversed on appeal. (Opp. 16.) That is not the standard. Defendants need only show a "substantial possibility" of success, which standard might vary depending on the strength of the other factors. Mohommed v. Reno, 309 F.3d 95, 101-102 (2002); c.f. Hayes v. City University of New York, 503 F. Supp. 946, 963 (S.D.N.Y. 1980) (noting that showing a substantial possibility of success is not onerous because

---

5.) If Governor Rowland cannot be held liable for "enforcing" the layoffs through a veto, then it follows that Governor Rell and Secretary Genaurio could not be held liable merely because they allegedly are "responsible for administering the State's work force . . . ." (Opp. at 16.)

of the inherent difficulty in arguing to a court that its ruling is subject to a differing interpretation).

As discussed above and in Def's Memo at 4, Defendants' appeal presents compelling arguments that will test the proper scope of legislative and Eleventh Amendment immunities. Although Plaintiffs gloss over the significance of Abbey v. Rowland (Opp. at 17 n.7), it cannot be overstated that another court, faced with the same facts and legal defenses, reached a different conclusion than this Court on both immunity issues. See 359 F. Supp. at 100-101. Granting a stay pending appeal will allow the Second Circuit to once and for all decide these issues while preventing the irreparable harm that necessitates the collateral order doctrine and absolute immunity from suit.

DEFENDANTS,

By: /s/_____
    Albert Zakarian (ct04201)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    *azakarian@dbh.com*

Their Attorneys

## **CERTIFICATE OF SERVICE**

       THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

David S. Golub
Jonathan M. Levine
Silver, Golub & Teitell, LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904-0389

Ann H. Rubin
Carmody and Torrance
50 Leavenworth Street
Waterbury, CT 06721-1110

                                                                        /s/_____
                                                                       Albert Zakarian