101

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL.<br>Plaintiffs, | : : : : | CIVIL ACTION NO.<br><br>3:03CV221 (AVC) |
| V. | : | |

3:03cv221(AVC). March 10, 2006. On March 8, 2006, the court denied the defendants' motion for a stay pending appeal. Because this ruling entered one day before the window closed for the defendants to file their reply brief, and that reply brief is now before the court, the court construes that reply brief as a motion for reconsideration. In that brief, the defendants present for the first time a valid predicate from which the court could conclude that the executive orders at issue here are entitled to absolute legislative immunity. Specifically, as the court previously reasoned in its January 18, 2006 ruling, the defendants would be entitled to absolute legislative immunity in this case only if they were able to show that the executive order(s) condemned here were authorized by some legislative scheme. Although the defendants pointed to a statute, Conn. Gen. Stat. § 4-85(b), as authorizing the action, they failed to present any evidence that the predicate economic conditions existed authorizing the action under that statute, or that the Governor invoked that authority when ordering the job terminations here. Attached as Exhibit A to the instant reply brief, however, is an April 1, 2003 letter from the Office of the State Comptroller to Governor Rowland indicating that, indeed, in September of 2002, the predicate economic conditions existed – that is, a deficit exceeding one percent, and that on December 6, 2002, the Governor furnished a deficit reduction plan, fulfilling the only requirements for invoking budget modification authority under § 4-85(b)(2). This evidence, which was not before the court when it ruled on the defendants' motion to dismiss (although a website was cited in the defendants' brief), constitutes a strong showing that the executive action(s) condemned here were, indeed, legislatively authorized and therefore entitled to absolute legislative immunity. Accordingly, the defendants' have demonstrated entitlement to a stay pending appeal because contrary to the court's March 8, 2006 ruling, they have made a strong showing on the merits that they are entitled to absolute legislative immunity. This court will not, however, go so far as to say conclusively that the defendants have fully made their case for absolute legislative immunity. For this to be so, the court is of the opinion that they must still demonstrate that the Governor actually invoked § 4-85(b) when ordering the layoffs at issue here – an issue that remains undetermined. For these reasons, the motion for reconsideration (document no. 101) is GRANTED. The relief requested is also GRANTED in that all discovery in this matter is ordered STAYED pending appeal.
SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.