UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE EMPLOYEES BARGAINING      :
AGENT COALITION, ET AL.,        :
        Plaintiffs,             :
                                :
VS.                             :        Civil No. 3:03CV221 (AVC)
                                :
JOHN G. ROWLAND ET AL.,         :
        Defendants.             :

## <u>ORDER AMENDING THE COURT'S RULING DENYING THE</u><br><u>DEFENDANTS' MOTION TO DISMISS</u>

_____On January 31, 2006, the court denied the defendants' motion to dismiss the amended complaint for want of subject matter jurisdiction, concluding that the doctrine of absolute legislative immunity did not bar the action because issues of fact precluded the court from determining whether the executive actions condemned here were legislatively authorized.  In particular, the court concluded that the record was "devoid of any evidence that [in the fall of 2002] the governor invoked his authority [under Conn. Gen. Stat. § 4-85(b)(2)] when ordering the job terminations here."

For the governor to attain budget modification authority under Conn. Gen. Stat. § 4-85(b)(2), the comptroller must notify the governor that there exists a projected deficit in the general fund of greater than one percent.  The governor, in turn, must file a report with the joint standing committee that includes a plan to modify the budget to prevent a deficit.  There are no other requirements.  In footnote 5 to the court's January 31, 2006 ruling, the court observed that "there is no evidence to support a finding that there existed a projected budget deficit

of more than one percent, or . . . [that the governor filed a] report or plan, or even an affirmation that the governor had invoked his authority under § 4-85(b)."

On March 9, 2006, however, the defendants filed for the first time a copy of an April 1, 2003 letter from the Office of the Comptroller to Governor Rowland stating that in September of 2002, there existed a deficit exceeding one percent and that on December 6, 2002, the governor furnished a deficit reduction plan.  Because these are the only requirements for invoking budget modification authority under § 4-85(b)(2), the court concludes that the governor had the legislative authority under Conn. Gen. Stat. § 4-85(b)(2) to make deficit reduction decisions.

Because the statute does not require the legislature to approve the governor's plan, or even for the governor to follow his own plan when making deficit reduction decisions, a court could reasonably conclude that the defendants complied with Conn. Gen. Stat. § 4-85(b)(2) when ordering the job terminations at issue here, and hence, are entitled to absolute legislative immunity.  However, in this court's view, before the defendants can cloak their actions with immunity, they must make out a good faith claim to it, that is, they must show that they ordered the layoffs to achieve budgetary savings under Conn. Gen. Stat. § 4-85(b)(2) and not for other reasons.  Because this remains a disputed issue of fact, the court concludes that the defendants

are not entitled to absolute legislative immunity at this juncture.  The defendants' motion to dismiss on grounds of absolute legislative immunity therefore remains DENIED.

It is so ordered this 5th day of April, 2006 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge

4