UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING | : | CIVIL ACTION NO. |
| AGENT COALITION, ET AL. | : | |
| Plaintiffs, | : | 3:03CV221 (AVC) |
| | : | |
| V. | : | |
| | : | |
| JOHN G. ROWLAND, ET AL., | : | |
| Defendants. | : | May 12, 2006 |

### **DEFENDANTS' OPPOSITION TO MOTION TO VACATE OR MODIFY STAY**

This Court has ruled three times regarding the stay of discovery, revisiting its ruling twice and agreeing with Defendants' position on the last two occasions. After denying Defendants' Motion for Stay of Discovery Pending Appeal on March 8, 2006, it treated Defendants' Reply Brief as a request for reconsideration and granted Defendants' request for a stay of discovery on March 10, 2006. Plaintiffs thereafter moved for reconsideration on March 15, 2006. This Court granted the motion but denied the relief requested. Now, with Defendants' appellate brief for Second Circuit due on May 19, Plaintiffs ask this Court to revisit its ruling "one last time" even though no circumstances have changed since the Court's last ruling.

Plaintiffs' Motion to Vacate or Modify Stay is based on the incorrect premise that, irrespective of the result on appeal, Plaintiffs will eventually be entitled to discovery on their remaining claims against Defendants in their official capacities.[1] Plaintiffs completely ignore the

---

[1] This Court has already considered and rejected the same argument made in Plaintiffs' Opposition to Defendants' Motion for Stay (at 14), wherein they argued that discovery would eventually commence because legislative immunity does not apply to the claims seeking prospective injunctive relief. Although Plaintiffs now draw a distinction between individual and official capacity claims (as opposed to between claims seeking damages and prospective relief), legislative immunity, unlike other immunities, is an absolute bar from suit irrespective of the relief requested and irrespective of the capacity in which the defendant is sued. Larsen v. Senate of the Commonwealth of Pennsylvania, 152 F. 3d 240, 248 (1998) (discussing scope of legislative immunity and reversing judgment of district court because it ruled that legislative

issues Defendants have raised on appeal. In addition to their absolute legislative immunity defense, Defendants have raised issues concerning Eleventh Amendment immunity, namely, whether a federal court can order the State (or Defendants in their official capacities) to "reinstate" state employees to positions that have not been included in the State's budget since 2003. The adopted budgets,[2] rather than the original layoffs, account for the current status of the plaintiff employees, and no one contends that the Constitution requires Connecticut to hire any particular number of employees.[3] The layoffs, therefore, even if wrongful, are past acts, not continuing wrongs, and the Eleventh Amendment does not allow them to be adjudicated in federal court. Green v. Mansour, 474 U.S. 64, 70-71 (1985). Moreover, the injunction against the Governor and Secretary of the Office of Policy and Management that Plaintiffs seek cannot create jobs that do not exist.

There is no doubt that Defendants have the right immediately to appeal the denial of their claim of Eleventh Amendment immunity. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 143-44 (1993). Defendants believe that the context in which that claim arises in this case presents questions of first impression in any court that go to the heart of the federal structure of our government. Moreover, contrary to Plaintiffs' argument,

---

immunity did not shield defendants in the official capacities); see Defendants' March 9 Reply to Plaintiff's Memorandum in Opposition to Stay Discovery Pending Appeal at 5; Star Distributors, Ltd. v. Marino, 613 F.2d 4, 6 (2d Cir. 1980).

[2] Connecticut's adopted budgets are, of course, legislative enactments that courts must take into account.

[3] Any such claim would clearly go the to core of Connecticut's sovereign right to govern itself and would therefore raise additional issues under the Eleventh Amendment. See Idaho v. Coeur D'Alene Tribe, 521 U.S. 261, 287 (1997). In any event, such a claim could be brought only against the State, not against any individual official, and would therefore be barred by the Eleventh Amendment.

if Defendants prevail on this issue as well as on their claim of legislative immunity, the case will be dismissed in its entirety and discovery would <u>never</u> commence.

Plaintiffs' renewed motion for reconsideration should be denied.

DEFENDANTS,

By: <u>/s/ Douglas W. Bartinik</u>
    Allan B. Taylor (ct05332)
    Douglas W. Bartinik (ct26196)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    (860) 275-0100
    (860) 275-0343 (fax)
    *dwbartinik@dbh.com*

Their Attorneys.

## **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

David S. Golub
Jonathan M. Levine
Silver, Golub & Teitell, LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904-0389

Ann H. Rubin
Carmody and Torrance
50 Leavenworth Street
Waterbury, CT 06721-1110

                                                ___/s/_____
                                                Douglas W. Bartinik