UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, | : : : | |
| Plaintiffs, | : : | |
| V. | : : | CIV. NO. 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL, | : : | |
| Defendants. | : | MAY 22, 2006 |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO VACATE OR MODIFY STAY**

Plaintiffs submit this Reply Memorandum in response to defendants' Opposition to Plaintiffs' Motion to Vacate or Modify Stay ("Opposition").

1. In their Opposition, defendants do not challenge the United States Supreme Court case law cited by plaintiffs establishing that the defense of legislative immunity is inapplicable to plaintiffs' official-capacity claims against them.[1] The premise for this Court's March 10, 2006 Order granting the discovery stay – that defendants' factual showing in support of the legislative

---

[1] In footnote 1 of their Opposition, defendants assert that legislative immunity is an absolute bar to suit "irrespective of the capacity in which the defendant is sued." Opp at 1, n.1. To the extent that the decision of the Third Circuit in Larsen v. Senate of the Commonwealth of Pennsylvania, 152 F.3d 240, 248 (3rd Cir. 1998) applied absolute legislative immunity to claims asserted against Pennsylvania senators in their official capacities, that case fails even to cite – let alone discuss – the holdings of the United States Supreme Court in Board of Commissioners, Wabaunsee County, Kansas v. Umbehr, 518 U.S. 668, 677 n. * (1996) and Kentucky v. Graham, 473 U.S. 159, 167 (1985), expressly rejecting application of absolute legislative immunity to official capacity claims. Likewise, Star Distributors, Ltd. v. Marino, 613 F.2d 4, 6 (2d Cir. 1980) was decided long before the U.S. Supreme Court decisions which rejected application of the legislative immunity defense to official capacity suits against individual officials, and is, in any event, of limited precedential value in light of the subsequent decision of the Second Circuit affirming that the defense is inapplicable to official capacity claims. See Goldberg v. Town of Rocky Hill, 973 F.2d 70, 73 (2d Cir. 1992).

immunity defense warranted a stay because, if they prevailed on that defense, plaintiffs' entire case would be dismissed – is thus no longer viable.

    2. Defendants now claim that this Court should uphold the stay based on a different rationale – their appeal of their claimed immunity from suit under the Eleventh Amendment. As this Court noted in its Ruling on defendants' Motion to Dismiss, defendants' Eleventh Amendment argument is based upon an opinion by Justice Kennedy (joined only by Chief Justice Rehnquist) in Idaho v. Coeur d'Alene Tribe, 521 U.S. 261 (1997), that has since been rejected by a majority of the Supreme Court:

> A majority of the Court, however, have agreed that this standard [proposed by Justice Kennedy in Coeur d'Alene] is vague and, accordingly, in determining whether the Eleventh Amendment presents a bar to suit, lower courts need only "conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland v. Public Service Commission of Maryland. 535 U.S. 635, 645 (2004) (quoting Coeur d'Alene, 521 U.S. at 296)).

Ruling on Defendants' Motion to Dismiss ("Ruling") at 11-12.

    Indeed, the United States Court of Appeals for the Second Circuit has consistently adhered to the Verizon Maryland standard in determining whether a suit against state officials is barred by the Eleventh Amendment. Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir. 2003); CSX Transportation, Inc. v New York State Office of Real Property Services, 306 F.3d 87, 98 (2d Cir. 2002). See also Ameritech Corp. v. McCann, 297 F.3d 582, 588 (7th Cir. 2002) (rejecting Coeur d'Alene "balancing approach" in favor of Verizon Maryland test, and holding "we need not assess the precise nature of the State's sovereign interest ... so long as [the] complaint seeks prospective injunctive relief to cure an ongoing violation of federal law, the Eleventh Amendment poses no bar"). Defendants offer no new legal or factual arguments that would

support a finding of sufficient likelihood of success on their Eleventh Amendment appeal so as to warrant a discovery stay.[2]

3. In their Opposition, defendants further argue that the Eleventh Amendment bars this Court from ordering reinstatement because, according to defendants, the positions plaintiffs might seek are not included in the Budgets adopted by the Connecticut General Assembly since 2003. Defendants' argument is not only legally wrong[3] and factually unsupported,[4] but more importantly it is plainly premature. Should defendants be held liable for constitutional

---

[2] Defendants' failure to offer any further factual support for their Eleventh Amendment argument is particularly telling, since this Court previously held in its Ruling that even if were required to apply the Coeur d'Alene special sovereignty interest rule, defendants had failed to make the requisite showing to support that exception. As the Court stated:

> Even if the court were required to consider whether, under Idaho v. Coeur d'Alene Tribe, 521 U.S. 261 (1997), there exist a special sovereignty interest foreclosing relief available under Ex parte Young, the court would be hesitant to conclude - in the absence of more extensive briefing - that granting the relief requested here would impermissibly divest the state of its control over a core sovereign interest.

Ruling at 13 & n.6.

[3] Any time a court orders a state actor to "reinstate" an employee, it forces the State to rehire an individual and to expend State funds to pay that individual's salary. Defendants' argument that a federal court cannot order reinstatement if there is no budgeted position to be filled would, if adopted, eliminate reinstatement as a remedy in civil rights actions. Defendants cite no authority for their position. Cf. Dwyer v. Regan, 777 F.2d 825, 836 (2d Cir. 1985) (where defendant claimed to have "abolished" plaintiff's position on state payroll, district court had the power to issue injunctive order of reinstatement to state payroll consistent with Eleventh Amendment).

[4] Defendants offer no factual support for their contention that no job vacancies exist in the State work force or that individual agencies lack funding sources to rehire employees ordered reinstated. Defendants further do not acknowledge the ways in which orders of reinstatement could be implemented to avoid any undue impact (i.e., reinstatements could be ordered to proceed as positions in the State's work force become open due to retirements, discharges or resignations). Moreover, as defendants are well aware, the number of terminated employees who may actually seek reinstatement is substantially fewer that the number originally ordered terminated, as many of the terminated employees have now found other jobs or reached retirement age. Without some factual context to defendants' claim, neither this Court – nor the Court of Appeals – can credibly assess the impact, if any, that orders of reinstatement would have.

violations, the Court will <u>then</u> consider the appropriate remedy, and defendants will be free to argue – <u>at that time</u> – why reinstatement is not an appropriate remedy.[5]

This Court initially denied defendants' Motion for Stay on March 8, 2006 because it recognized the prejudice plaintiffs would suffer from continued delay in this case.[6] The Court reversed that decision on March 10, 2006 based on defendants' factual showing in support of their legislative immunity defense and the Court's belief that if defendants prevailed on their legislative immunity defense on appeal, they would obtain complete dismissal of this action. immunity. Because the basis for the Court's March 10, 2006 Order is no longer viable and because defendants have offered no new basis to reverse the Court's original ruling denying the discovery stay, the Court's Order granting a discovery stay pending appeal should be vacated.

---

[5] It should also be noted that plaintiffs seek remedies other than reinstatement, including rulings establishing that defendants acted impermissibly in terminating union employees in retaliation for the plaintiff-unions' refusal to give up protected contract rights and in targeting employees for termination based on union membership and enjoining them from undertaking the same conduct in the future (see Amended Complaint, Prayer for Relief, ¶¶ 9-10). These latter remedies – which clearly do not implicate Eleventh Amendment concerns – are of great importance to plaintiffs, as defendants do not acknowledge that their conduct was illegal and one of the goals of this lawsuit is to establish that the State's officials may not <u>in the future</u> retaliate against union employees for refusing to give up protected contract rights, <u>Condell v. Bress</u>, 983 F.2d 415 (2d Cir.), <u>cert</u>. <u>denied</u>, 507 U.S. 1032 (1993), nor target certain state employees for termination based on their union membership. <u>Smith v. Arkansas State Highway Employees, Local 1315</u>, 441 U.S. 463, 464 (1979). <u>DeLoreto v. Ment</u>, 944 F. Supp. 1023, 1034 (D. Conn. 1996).

Quite clearly, defendants' Eleventh Amendment challenge to <u>one</u> of the remedies plaintiffs seek, even if upheld, would not defeat plaintiffs' entitlement to other forms of relief should plaintiffs prove their case.

PLAINTIFFS STATE EMPLOYEES
BARGAINING AGENT COALITION,
ET AL,


BY_____
   DAVID S. GOLUB  ct 00145
   JONATHAN M. LEVINE ct 07584
   SILVER GOLUB & TEITELL LLP
   184 ATLANTIC STREET
   P.O. BOX 389
   STAMFORD, CONNECTICUT  06904
   TEL.  (203) 325-4491
   FAC.  (203) 325-3759
   dgolub@sgtlaw.com
   jlevine@sgtlaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been delivered electronically and mailed, postage prepaid, this 22nd day of May, 2006 to:

Albert Zakarian, Esq.
Allan B. Taylor, Esq.
Victoria Woodin Chavey, Esq.
Douglas W. Bartinik, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Ann H. Rubin, Esq.
Carmody and Torrance
50 Leavenworth Street
Waterbury, CT 06721-1110.


_____
JONATHAN M. LEVINE