UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING<br>AGENT COALITION, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | CIV. NO. 3:03CV221 (AVC) |
| | : | |
| JOHN G. ROWLAND, ET AL, | : | |
| | : | |
| Defendants. | : | AUGUST 22, 2007 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR RECONSIDERATION**

**INTRODUCTION**

Plaintiffs submit this Memorandum in support of their Motion for Reconsideration of that part of the Court's January 18, 2006 Ruling on Defendant's Motion to Dismiss ("Ruling")[1] dismissing plaintiffs' claims for monetary damages against defendants Rowland and Ryan, *in their individual capacities*.

Plaintiffs submit that reconsideration is warranted because:

1. The Court's holding dismissing such claims is directly contrary to Second Circuit case law. See Huang v. Johnson, 251 F.3d 65, 70 (2d Cir. 2001); Berman Enterprise v. Jorling, 3 F.3d 602, 606 (2d Cir. 1993); and

2. Defendants' argument for such dismissal was raised, for the first time, in defendants' Reply Memorandum in support of their Motion to Dismiss, when plaintiffs could not respond, and was based on a Seventh Circuit case – Luder v. Endicott, 253 F.3d 1020 (7th Cir.

---

[1] A copy of the Court's January 18, 2006 Ruling [Dkt. Entry 93] is attached as Exhibit A.

2001) – that was based on the different considerations applicable to an action under the Fair Labor Standards Act and does not support defendants' argument for dismissal under 42 U.S.C. § 1983. See e.g., Sullins v. Rodriguez, 281 Conn. 128, 144 n. 16 (2007) (rejecting state official's similar reliance on Luder in § 1983 action brought in Connecticut state court).

**DISCUSSION**

    A.    **THE COURT'S RULING DISMISSING PLAINTIFFS' INDIVIDUAL CAPACITY CLAIMS AGAINST DEFENDANTS FOR MONETARY DAMAGES IS IN DIRECT CONFLICT WITH ESTABLISHED SECOND CIRCUIT CASE LAW.**

In its Ruling on defendants' Motion to Dismiss, the Court dismissed plaintiffs' claims for money damages against the defendants *in their individual capacities* on grounds of Eleventh Amendment immunity. Ruling at 12-13.[2] Although the Court recognized that the Eleventh Amendment does not bar claims for monetary damages against state officials *in their individual capacities*, id. at 12,[3] the Court ruled that because plaintiffs seek to be made whole for all of their

---

[2] Plaintiffs first four Claims for Relief are directed at defendants Rowland and Ryan solely "in their individual capacities." Plaintiffs expressly allege in the first four Claims for Relief that defendants are liable "in their individual capacities." See Plaintiffs' May 27, 2003 Amended Complaint, First Claim for Relief, ¶¶ 59-60; Second Claim for Relief, ¶¶ 66-67; Third Claim for Relief, ¶¶ 59-60; Fourth Claims for Relief, ¶¶ 65-66. Plaintiffs' Prayer for Relief with respect to the first four Claims for Relief likewise is limited to claims for compensatory and punitive damages against defendants "in their individual capacities." Id., Prayer for Relief, ¶¶ 3-8. A copy of plaintiffs' Amended Complaint [Dkt. Entry 29] is attached as Exhibit B.

[3] The law is clear that the Eleventh Amendment is inapplicable to individual capacity claims. Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Ford v. Reynolds, 316 F.3d 351, 356 (2d Cir. 2003). As the Supreme Court stated in Hafer:

> [T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal' liability on state officials under § 1983.

502 U.S. at 31, citing Scheuer v. Rhodes, 416 U.S. 232, 237 (1974). This principle is applicable to any state official, including Governors. Scheuer at 238; Hafer at 28. Consistent with Hafer, the Second

financial losses arising from the defendants' actions in terminating thousands of state employees, such monetary relief could only be provided by the State and would require "the loss of substantial public resources." Id. at 12-13. Based on this conclusion, the Court ruled that "any claim for money damages, to include back-pay or retroactive benefits, is barred by the Eleventh Amendment." Id. at 13.

The Court's conclusion that the size of the money damages sought from the defendants in *their individual capacities* justified a finding that the claim for money damages should be construed as against the State and barred under the Eleventh Amendment is in direct conflict with at least two Second Circuit decisions. Huang v. Johnson, 251 F.3d 65, 70 (2d Cir. 2001) (reversing dismissal of individual-capacity claims premised on State's likely liability for $50 million damages sought); Berman Enterprise v. Jorling, 3 F.3d at 606 (dismissal of individual-capacity claims for monetary damages on Eleventh Amendment grounds because of State's enormous potential exposure for paying judgment erroneous, but affirmed on other grounds).[4]

---

Circuit has repeatedly held that state officials sued in their individual capacities have no Eleventh Amendment protection from liability for § 1983 damages:

> [T]he Eleventh Amendment does not extend to a suit against a state official in his [or her] individual capacity, even when the conduct complained of was carried out in accordance with state law.

Ford v. Reynolds, 316 F.3d at 356, quoting Berman Enters. v. Jorling, 3 F.3d 602, 606 (2d Cir. 1993); accord, Yorktown Medical Laboratory, Inc. v. Perales, 948 F.2d 84, 88-89 (2d Cir. 1991) ("The Eleventh Amendment bar, by definition, only applies to official capacity suits"); Dube v. State University of New York, 900 F.2d 587 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991) ("The Eleventh Amendment, however, provides no immunity for state officials sued in their personal capacities").

[4] Decisions in other circuits are in accord. See e.g., Sales v. Grant, 224 F.3d 293, 298 (4th Cir. 2000) ("it is the [defendant's] potential legal liability, rather than its ability or inability to require a third party to reimburse it, or discharge its legal liability in the first instance, that is relevant ..."); Benning v. Board of Regents, 928 F.2d 775, 778-79 (7th Cir. 1991) ("the state cannot manufacture immunity for its employees simply by volunteering to indemnify them"); Jackson v. Georgia Department

In Huang, the Second Circuit reversed the dismissal of a § 1983 plaintiff's individual claims for $50 million against state officials where the district court had held that the claim was so large that it could only be paid by the state and thus was barred by the Eleventh Amendment. The holding in Huang is directly on point and directly contrary to the court's holding in this action.

As in this case, "the district court [in Huang] concluded that given the size of Huang's requested award – $50 million – 'it is highly unlikely that the money would be paid from the pocket of the individual Defendants, rather than from the state,' *Huang*, 1999 WL 760633, at *3, [and] found the state to be the real party in interest, thereby defeating the damages claim altogether under the Eleventh Amendment." Huang, 251 F.3d at 65. The Court of Appeals unanimously reversed this holding:

> We disagree. The complaint expressly named each of the appellees in their individual capacities. The fact that the award sought by Huang is so large that appellees might not be able to pay it on their own does not transform the claim into one against appellees in their official capacities.

Id. at 70. As the court explained:

---

of Transportation, 16 F.3d 1573, 1577-78 (11th Cir. 1994) (same); Greiss v. Colorado, 841 F.2d 1042, 1046-47 (10th Cir. 1988) (same); Spruytte v. Walters, 753 F.2d 498, 512 * n. 6 (6th Cir. 1985) (same), cert. denied, 474 U.S. 1054 (1986); Demery v. Kupperman, 735 F.2d 1139, 1146-49 (9th Cir. 1984), cert. denied, 469 U.S. 1127 (1985) (same). As the Supreme Court has stated:

> Lower courts have uniformly held that States may not cloak their officers with a personal Eleventh Amendment defense by promising, by statute, to indemnify them for damages awards imposed on them for actions taken in the course of their employment. ..."

Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 317 n. 10 (1990); see Scheuer v. Rhodes, 416 U.S. 232, 237 (1974) ("when a state officer acts under a state law in a manner violation of the Federal Constitution ... '[t]he state has no power to impart to him any immunity from responsibility to the supreme authority of the United States.'")

> The vast majority of Section 1983 actions that we see involve circumstances in which the state has agreed to indemnify the individual defendants for any liability incurred. Absent that voluntary act, the state would not be liable. We acknowledge that in the present age of multitudinous Section 1983 actions, promises of indemnification may be necessary to hire a work force. Nevertheless, economic necessity does not alter the fact that the individual state officials are personally liable for judgments in cases such as the present one, and to hold otherwise would transfer Eleventh Amendment immunity to such individuals.

Id.; accord, Berman Enterprises at 606 ("Whether or not a state would choose to reimburse an official for damages for constitutional harm he caused in an individual capacity is a matter of no concern to a federal court."); Farid v. Smith, 850 F.2d at 923 ("[T]he law is clear that a state's voluntary decision to indemnify its public servants does not transform a personal-capacity claim into an official-capacity claim against the state."); Schiff v. Kerrigan, 625 F.Supp 704, 707 n. 7 (D. Conn 1986) (Burns, J.) (rejecting defendants' "novel argument" that state's potential statutory duty to indemnify them confers Eleventh Amendment immunity, since "even if the state has voluntarily agreed to indemnify its employees against damages claims arising under federal law, such voluntary action cannot serve to oust the federal courts from their traditional role of guarding rights protected by the United States Constitution").

Significantly, the Connecticut Supreme Court has recently recognized in a § 1983 action brought in state court that state officials sued in their individual capacities have no Eleventh Amendment immunity because the state has promised to indemnify them for damages awards in the course of their employment. Sullins v. Rodriguez, 281 Conn. 128, 144 n. 16 (2007). Rejecting the state officials' reliance on Luder v. Endicott, 253 F.3d 1020 (7th Cir. 2001) – the case cited by defendants here in their Reply Memorandum – the Connecticut Supreme Court explained:

> Importantly, the Seventh Circuit noted that the "fact that the state chooses to indemnify its employees who are sued in federal court in irrelevant. ... " *Luder v. Endicott*, supra, 253 F.3d at 1023. "It is," the court stated, "also irrelevant that the judgment may exceed the employee-defendant's capacity to pay unless he is indemnified...."

Sullins at 144 n.16.

Under established Second Circuit case law, the size of plaintiff's potential recovery of monetary damages against defendants *in their individual capacities* or the State's possible intention to indemnify defendants for any judgment rendered against them does not give rise to an Eleventh Amendment immunity. Huang at 70-71. The Court's dismissal of plaintiff's monetary damages claims against defendants in their individual capacity claims was, accordingly, clearly contrary to established and controlling case law.

B. **RECONSIDERATION OF THE COURT'S DISMISSAL OF PLAINTIFFS' INDIVIDUAL CAPACITY CLAIMS FOR MONETARY DAMAGES IS WARRANTED.**

Reconsideration is appropriate to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820 (1992). Plaintiffs submit that, in this case, there was a clear error of law occurring because defendants raised a new and erroneous argument for dismissal for the first time in their Reply Memorandum.

In their opening Memorandum in support of their Motion to Dismiss, defendants specifically acknowledged that "claims against state officials in their individual capacities are deemed not to be barred by the Eleventh Amendment," and although seeking to limit the *types* of

money damages recoverable, recognized that plaintiffs can recover monetary damages[5] from defendants on the individual-capacity claims. See Def. Mem. at 18 [Dkt. Entry 85] ("those claims may seek only monetary damages *other* than back pay and benefits") [excerpts attached as Exhibit C].[6]

Plaintiffs responded to this argument in their Memorandum opposing defendants' Motion to Dismiss by discussing the well-established law entitling them to recover monetary damages against defendants in their individual capacities and by explaining that their individual capacity claims for compensatory damages did not include "back pay," which can only be awarded against an employer, but rather sought compensatory damages for their financial losses in the form of

---

[5] In an individual-capacity action against a state official, a § 1983 plaintiff is entitled to recover "compensatory damages" – damages determined in accordance with traditional common law tort principles to compensate a plaintiff for his actual losses. Memphis Community School District v. Stachura, 477 U.S. 299, 305-06 (1986). Recoverable damages include "out-of-pocket loss and other monetary harms [as well as] such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering." Id. at 307. Plaintiffs' individual-capacity claims expressly seek these elements of compensatory damages. See Plaintiffs' Amended Complaint, First Claims for Relief, ¶ 55-56, 66; Second Claim for Relief, ¶ 62-63, 66; Third Claim for Relief, ¶ 56, 59; Fourth Claim for Relief, ¶ 62, 65. Plaintiffs' Prayer for Relief seeks "compensatory damages" on these claims. Id., Prayer for Relief, ¶¶ 3, 5, 7.

[6] Although conceding that plaintiffs can recover some monetary damages on their individual-capacity claims, defendants argued that plaintiffs are barred from recovering "back pay, back benefits or other 'monetary damages' that are a function only of their employment by the state of Connecticut, or termination thereof," because state officials "do not personally have any duty to pay ... state employees." (Id., citing Dwyer v. Regan, 777 F.2d 825, 836 (2d Cir. 1985), *modified,* 793 F.2d 457 (1986)). In making this argument, defendants confused the concept of "back pay" – relief that can only be ordered against an employer, i.e., the party with the legal obligation to pay salary – with a § 1983 plaintiff's right to recover for his actual economic loss as an element of compensatory damages from an individual constitutional wrongdoer. See Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1043 n. 7 (1st Cir. 1988) ("To say that an 'individual capacity' defendant is liable for 'back pay' is a misnomer; he may be liable for compensatory damages in the same amount (plaintiff's lost wages) ..."); accord Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 n. 1 (9th Cir. 1993); see also Skeets v. Johnson, 805 F.2d 767, 783 (8th Cir. 1986) (Bowman, J., dissenting) (taking note of holding in Dwyer and explaining that "the defendants could be liable in their individual capacity for damages only, of which lost wages, or back pay, might be a component").

lost wages, which a § 1983 defendant can properly be ordered to pay. See Pl. Mem. at 32-36 [Dkt. Entry 87] (excerpt attached as Exhibit D), citing Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1043 n. 7 (1st Cir. 1988); and Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 n. 1 (9th Cir. 1993). As the First Circuit explained in Figueroa-Rodriguez:

> [Back pay] must be paid by or on behalf of the employer *by definition*. ... To say that an 'individual capacity' defendant is liable for 'back pay' is a misnomer; he may be liable for compensatory damages in the same amount (plaintiff's lost wages) ...

863 F.2d at 1043 n. 7.

In their Reply Memorandum in support of their Motion to Dismiss, defendants broadened their attack on plaintiffs' individual capacity claims for monetary damages, arguing – for the first time – that the individual capacity claims for monetary damages were completely barred because the State would be forced to pay any judgment rendered against the defendants in their individual capacities. See Def. Rep. Mem. at 10-11 [Dkt. Entry 85] (excerpt attached as Exhibit E)]. In support of this argument, defendants cited – for the first time – Luder v. Endicott, 253 F.3d. 1020 (7th Cir. 2001). This Court relied on Luder in dismissing plaintiffs' individual capacity claims for monetary damages. Ruling at 12.

Luder was not, however, a § 1983 action, but rather was brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, which provides that "any employer who violates [the FLSA] shall be liable to the employee or employees affected in the amount of the unpaid wages, or the unpaid overtime compensation, as the case may be ..." 29 U.S.C. § 216(b).[7] The plaintiffs in Luder were challenging the State of Wisconsin's policy of refusing to pay them the minimum

---

[7] The Act also provides for "liquidated damages" for wilful violations of the Act "in an additional equal amount" to the award of unpaid wages or unpaid overtime. 29 U.S.C. § 216(b).

wage for pre-shift and post-shift work and claimed that the individual defendants – their supervisors – were liable under the FLSA for their *unpaid wages* because they fell within the statutory definition of "employer." Id. at 1022.[8] The Luder plaintiffs thus sought to recover the alleged wages owed by the State, their employer, from the individual defendants and threatened to seek future back wages awards if the State adhered to its policy. Id.

The Seventh Circuit ruled that, under such circumstances, a judgment against the individual defendants, in their capacity as "FLSA employers" would require the defendants "to pay plaintiffs the additional wages they seek," id. at 1024, and by putting the supervisors at risk for future back pay awards, id., would, have the effect of requiring the State of Wisconsin to accede, in the future, to plaintiffs' interpretation of the FLSA:

> The plaintiffs are seeking to accomplish *exactly* what they would accomplish were they allowed to maintain this suit against the state and did so successfully: they are seeking to force the state to accede to their view of the Act and to pay them accordingly.

Id. at 1024. Under such circumstances, the court held that "the effect [of the suit] will be identical to a suit against the state." Id.

Nothing in Luder supports the argument that state officials who, *in the past*, have violated federal constitutional rights cannot be held liable for paying the full compensatory damages caused by the unconstitutional conduct. Plaintiffs' individual capacity claims do not – and, indeed, cannot – seek to compel the defendants, individually, to reinstate any employees or to otherwise alter the future employment status of any of the terminated employees. Indeed,

---

[8] Under the FLSA, an employer is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); Luder at 1022.

defendants Rowland and Ryan no longer hold positions in Connecticut state government and are not able to affect the future status of any of the terminated plaintiffs.

Significantly, the Luder court expressly recognized that the Eleventh Amendment is no bar to individual capacity claims for monetary damages simply because a State chooses to indemnify an employee:

> The fact that the state chooses to indemnify its employees who are sued in federal court is irrelevant ...[cases omitted] because it is the voluntary choice of the state, not a cost forced on it by the federal-court suit.

Id. at 1023. Likewise, the Luder court recognized that the Eleventh Amendment is not implicated simply because the amount at issue may be beyond an individual defendant's means, citing to the Second Circuit's decision in Huang discussed above:

> It is also irrelevant that the judgment may exceed the employee-defendant's capacity to pay unless he is indemnified, *Huang v. Johnson, supra*, at 70-71, which is merely a misfortune for the plaintiffs unless it places additional pressure on the state to cough up the money – but that, like the other labor-market ramifications of liability arising from public employment, is irrelevant too.

Id.

As discussed above, the Connecticut Supreme Court recently noted these precise aspects of the holding in Luder in rejecting a state official's claim in a § 1983 action of Eleventh Amendment immunity based on the State's potential obligation to pay any judgment. Sullins at 144 & n. 16. As the Connecticut Supreme Court succinctly stated,

Other than agreement by the state to indemnify the defendant, which is irrelevant, see footnote 16 of this opinion, the defendant offers no reason why the relief

> sought by the plaintiff could not come exclusively from the defendant. Therefore, the present case implicates none of the concerns implicated in Idaho or Luder

Id. at 144.

Moreover, on an individual capacity claim, a § 1983 plaintiff may also recover punitive damages from a state official who intentionally violates the plaintiff's federal rights or acts in callous or reckless disregard of federal rights. Smith v. Wade, 461 U.S. 30, 56 (1983). Punitive damages may, under such circumstances, be recovered even absent an award of compensatory damages. New Windsor Volunteer Ambulance Corps., Inc. v. Meyers, 442 F.3d 101, 121 (2d Cir. 2006); Robinson v. Cattaraugus County, 147 F.3d 153, 161 (2d Cir. 1998). Plaintiffs expressly allege in each of their individual-capacity claims that defendants "deliberately intended to interfere" with plaintiffs' constitutional rights and acted "in intentional and reckless disregard" of plaintiffs constitutional rights.[9] Plaintiffs' Prayer for Relief expressly seeks punitive damages from defendants' "in their individual capacities" with respect to each of plaintiffs' individual-capacity claims.[10] Defendants did not discuss and offered no proper basis for dismissing plaintiffs' punitive damages claims.

It should be noted that in its recent decision affirming this Court's denial of defendants' Motion to Dismiss, the Second Circuit was careful to note, on two occasions, that the Court's

---

[9] Each of the individual-capacity claims contains the allegation that "At all times mentioned herein, defendants deliberately intended to interfere with [plaintiffs'] the constitutional rights ..., in intentional and reckless disregard of the constitutional rights of [plaintiffs]," and further allege that defendants are liable "in their individual capacities" for punitive damages. See id., First Claims for Relief, ¶¶ 58, 60; Second Claim for Relief, ¶¶ 65, 67; Third Claim for Relief, ¶¶ 58, 60; Fourth Claim for Relief, ¶¶ 64, 66.

[10] Id., Prayer for Relief, ¶¶ 4, 6, 8.

ruling dismissing plaintiffs' individual-capacity monetary damages claims was not before it on appeal, see SEBAC v. Rowland, ___ F.3d ___, 2007 WL 1976148 (2d Cir. July 10, 2007) at *21 nn.1 & 5, and that it was "express[ing] no opinion on the merits of the District Court's ruling on the claims for money damages." Id. at n. 5.[11]

In sum, defendants' argument for complete dismissal of plaintiffs' individual-capacity claims for monetary damages in its Reply Memorandum raised a new argument based on an erroneous interpretation of Luder. This Court's ruling dismissing plaintiffs' individial capacity claims for monetary damages based on that argument is contrary to well-established law and should be reconsidered and reversed. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820 (1992).

---

[11] A copy of the Second Circuit's opinion is attached as Exhibit F. As the Second Circuit noted, plaintiffs were precluded from cross-appealing that aspect of the Court's Ruling on defendants' Motion to Dismiss by the absence of a final judgment in this action. Id. at n.2.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully submit that their Motion for Reconsideration should be granted, the portion of the Court's Ruling on Defendants' Motion to Dismiss dismissing plaintiffs' individual capacity claims should be vacated, and a ruling denying that aspect of defendants' Motion to Dismiss entered.

                                          PLAINTIFFS STATE EMPLOYEES
                                          BARGAINING AGENT COALITION,
                                          ET AL,

BY _____
   DAVID S. GOLUB  ct 00145
   JONATHAN M. LEVINE ct 07584
   SILVER GOLUB & TEITELL LLP
   184 ATLANTIC STREET
   P.O. BOX 389
   STAMFORD, CONNECTICUT  06904
   TEL. (203) 325-4491
   FAC. (203) 325-3759
   dgolub@sgtlaw.com
   jlevine@sgtlaw.com

## CERTIFICATION

I hereby certify that on August 22, 2007, a copy of the foregoing Memorandum in Support of Plaintiffs' Motion for Reconsideration with supporting Exhibits was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ David S. Golub
DAVID S. GOLUB ct00145
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone: 203-325-4491
Fax: 203-325-3769
E-mail: dgolub@sgtlaw.com