**EXHIBIT B**


**PLAINTIFFS' MAY 27, 2003 AMENDED COMPLAINT
[DKT ENTRY 29]**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, individually and on behalf of all of its members, AMERICAN FEDERATION OF  SCHOOL ADMINISTRATORS, Local 61, AFL-CIO, CONNECTICUT ASSOCIATION OF PROSECUTORS, PROTECTIVE SERVICES COALITION, IAFF, AFL-CIO, JUDICIAL MARSHALS, INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, AFL-CIO, CONNECTICUT STATE POLICE UNION, CONGRESS OF CONNECTICUT COMMUNITY COLLEGES, SEIU, AFL-CIO, CONNECTICUT STATE UNIVERSITY, AMERICAN ASSOCIATION OF UNIVERSITYPROFESSORS, CONNECTICUT STATE EMPLOYEES ASSOCIATION, SEIU, AFL-CIO, CONNECTICUT EMPLOYEES UNION INDEPENDENT, SEIU, AFL-CIO, CONNECTICUT FEDERATION OF EDUCATIONAL AND PROFESSIONAL EMPLOYEES, AFT, AFL-CIO, DISTRICT 1199, NEW ENGLAND HEALTH CARE EMPLOYEES UNION, SEIU, AFL-CIO, COUNCIL 4, AMERICAN FEDERATION OF STATE, COUNTY, MUNICIPAL EMPLOYEES, AFL-CIO, DENISE A. BOUFFARD, GENEVA M. HEDGECOCK, DENNIS P. HEFFERNAN, WILLIAM D. HILL and MARCELLE Y. PICHANICK, individually  and on behalf of all others similarly-situated, | : : : : : : : : : : : : : : : : : : : : : : : : : | |
| PLAINTIFFS, | : : | |
| V. | : | CIV. NO. 3:03CV221 (AWT) |
| JOHN G. ROWLAND, individually and in his official capacity as Governor of the State of Connecticut, and MARC S. RYAN, individually and in his official capacity as Secretary of the Office of Policy and Management of the State of Connecticut, | : : : : : | |
| DEFENDANTS. | : : | MAY 27, 2003 |

**AMENDED COMPLAINT**

## INTRODUCTION

In November 2002, defendants John G. Rowland and Marc S. Ryan, the Governor and the Secretary of the Office of Policy and Management of the State of Connecticut, ordered the termination of employment of over 3,000 unionized state employees. The terminations – deliberately singling out union members – violated the unions' and their members' exercise of protected First Amendment rights of free speech and free association, and were ordered with anti-union animus, and in retaliation for the unions' refusal to yield union members' statutorily-protected contracts rights.

This action is brought for monetary damages and injunctive relief pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiff State Employees Bargaining Agent Coalition ["SEBAC"] and twelve of its constituent unions bring this action on their own behalf and on behalf of their 45,000 members. The individual plaintiffs – union members whose employment was terminated or otherwise adversely affected by defendants' illegal conduct – bring this action on behalf of themselves and all others similarly-situated. Plaintiffs seek to redress defendants' intentional violation of their constitutional rights to freedom of speech, freedom of association, due process and equal protection of the law under the First, Fifth and Fourteenth Amendments to the United States Constitution.

## I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a) & 1331.

2. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(1) & (2) in that all defendants reside in Connecticut and a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in Connecticut.

## II. PARTIES

### A. THE UNION PLAINTIFFS

3. Plaintiff State Employees Bargaining Agent Coalition ["SEBAC"] is a coalition of 13 state employee unions, representing 45,000 Connecticut state employees. SEBAC brings this action on its behalf and on behalf of the 12 constituent unions listed below and their individual union members to vindicate its own rights and the associational rights of its constituent unions and their members.

4. Plaintiff American Federation of School Administrators, Local 61, AFL-CIO ["AFSA"] represents approximately 50 administrators employed by the Connecticut State Board of Education in vocational and technical high schools throughout the State of Connecticut. Plaintiff AFSA brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

5. Plaintiff Connecticut Association of Prosecutors ["CAP"] represents approximately 200 line and supervisory prosecutors employed by the State of Connecticut Judicial Branch. Plaintiff CAP brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

3

6. Plaintiff Protective Services Coalition, IAFF, AFL-CIO ["Protective Services"] represents approximately 900 firefighters, university police and other protective service workers employed by the State of Connecticut. Plaintiff Protective Services brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

7. Plaintiff Judicial Marshals, International Brotherhood of Police Officers, National Association of Government Employees, AFL-CIO ["IBPO-Marshals"] represents approximately 900 judicial marshals employed by the State of Connecticut Judicial Branch. Plaintiff IBPO-Marshals brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

8. Plaintiff Connecticut State Police Union ["CSPU"] represents approximately 950 state police officers employed by the State of Connecticut. Plaintiff CSPU brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

9. Plaintiff Congress of Connecticut Community Colleges, SEIU, AFL-CIO ["CCCC"] represents approximately 1,000 full-time faculty members, counselors, librarians and administrators at Connecticut's community colleges. Plaintiff CCCC brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

10. Plaintiff Connecticut State University, American Association of University Professors ["CSU-AAUP"] represents approximately 1,150 faculty members and additional numbers of part-time employees in the Connecticut State University System. Plaintiff CSU-

4

AAUP brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

11. Plaintiff Connecticut State Employees Association, SEIU, AFL-CIO ["CSEA"] represents approximately 4,000 state employees in five different bargaining units, including teachers, engineers, data processing professionals, police inspectors and related employees, as well as lieutenants employed by the Department of Corrections. Plaintiff CSEA brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

12. Plaintiff Connecticut Employees Union Independent, SEIU, AFL-CIO ["CEUI"] represents approximately 5,000 employees in two bargaining units, including maintainers, telephone operators, cooks, truck and snow plow drivers and related employees, as well as production workers, mechanics and related workers at the State Board of Education and Services for the Blind. Plaintiff CEUI brings this action on its own behalf and on behalf of its members to vindicate its own rights and the associational rights of its members.

13. Plaintiff Connecticut Federation of Educational and Professional Employees, AFT, AFL-CIO ["CFEPE"] represents approximately 6,500 workers through 6 AFT locals, each of which bargains on behalf of state employees. These locals are: (a) the Administrative & Residual Employees Union, which represents numerous classifications of professional employees throughout the State; (b) the University of Connecticut Professional Employees Association, which represents professional employees at the University of Connecticut; (c) the University Health Professionals, which represents professsional employees at the University of Connecticut Health Center; (d) the State Vocational Federation of Teachers, which represents

5

teachers at the state vocational and technical high schools, (e) the Federation of Technical

College Teachers, which represents faculty, counselors and librarians at five of the State's

community colleges; and (f) the Judicial Professionals, which represents professional employees

in the State of Connecticut Judicial Department. Plaintiff CFEPE brings this action on its own

behalf and on behalf of its members to vindicate its own rights and the associational rights of its

members.

14. Plaintiff District 1199, New England Health Care Employees Union, SEIU, AFL-

CIO ["District 1199"] represents approximately 8,000 professional and non-professional health

care employees in the Department of Mental Health and Addiction Services, the Department of

Mental Retardation and various other departments and divisions throughout the State of

Connecticut. Plaintiff District 1199 brings this action on its own behalf and on behalf of its

members to vindicate its own rights and the associational rights of its members.

15. Plaintiff Council 4, American Federation of State, County, and Municipal

Employees, AFL-CIO ["AFSCME Council 4"] represents approximately 14,000 professional

and non-professional state employees through 21 different locals throughout the State. Plaintiff

AFSCME Council 4 brings this action on its own behalf and on behalf of its members to

vindicate its own rights and the associational rights of its members.

16. Plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CSPU, CCCC, CSU-

AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 [collectively, "the

plaintiff Unions"] each brings this action individually and on behalf of all of its respective union

members.

**B.   THE INDIVIDUAL PLAINTIFFS**

17.  Plaintiff Denise A. Bouffard is a resident of Ellington, Connecticut and was an employee of the State of Connecticut Judicial Branch for six years.  Plaintiff Bouffard was terminated from her position as a Support Enforcement Officer with the State of Connecticut Judicial Branch effective January 16, 2003.  At the time of her termination, plaintiff Bouffard was, and is to date, a member of plaintiff CFEPE.

18.  Plaintiff Geneva M. Hedgecock is a resident of Bristol, Connecticut and was an employee of the State of Connecticut for nine years.  Plaintiff Hedgecock was terminated from her position as a Secretary with the Department of Social Services of the State of Connecticut effective January 7, 2003.  At the time of her termination, plaintiff Hedgecock was, and is to date, a member of plaintiff AFSCME Council 4.

19.  Plaintiff Dennis P. Heffernan is a resident of Portland, Connecticut and was an employee of the State of Connecticut for 28 years.  Plaintiff Heffernan was terminated from his position as a Storekeeper for the Department of Administrative Services of the State of Connecticut effective January 17, 2003.  At the time of his termination, plaintiff Heffernan was, and is to date, a member of plaintiff CEUI.

20.  Plaintiff William D. Hill is a resident of Suffield, Connecticut and has been an employee of the State of Connecticut for 16 years.  On December 6, 2002, plaintiff Hill was notified that he is to be terminated from his position as a Drug and Alcohol Rehabilitation Counselor for the Department of Mental Health and Addiction Services of the State of Connecticut.  At the time he received such notice, plaintiff Hill was, and is to date, a member of plaintiff District 1199.

7

21. Plaintiff Marcelle Y. Pichanick is a resident of Marlborough, Connecticut and was an employee of the State of Connecticut for 14 years. Plaintiff Pichanick was terminated from her position as a Management Analyst for the State of Connecticut Department of Environmental Protection effective January 17, 2003. At the time of her termination, plaintiff Pichanick was, and is to date, a member of plaintiff CFEPE.

**C.  THE DEFENDANTS**

22. Defendant John G. Rowland is and, at all times relevant herein, was the Governor of the State of Connecticut. Defendant Rowland is sued in his official and individual capacities.

23. Defendant Marc S. Ryan is and, at all times relevant herein, was the Secretary of the Office of Policy and Management of the State of Connecticut. Defendant Ryan is sued in his official and individual capacities.

**III.    CLASS ACTION ALLEGATIONS**

**A.  THE AFFECTED EMPLOYEES CLASS**

24. Plaintiffs Bouffard, Hedgecock, Heffernan, Hill and Pichanick ["the Named Plaintiffs"] bring this action individually and on behalf of all other similarly-situated union member employees of the State of Connecticut subjected to termination or other adverse employment action as a result of defendants' conduct. The class consists of all individuals

> a) who were employees of the State of Connecticut as of November 17, 2002;
>
> b) who were in a bargaining unit represented by one of the plaintiff unions;

c) whose employment has been terminated or who have been notified that he/she will be terminated by defendants as part of the course of illegal conduct at issue herein or who have been bumped or demoted to new positions or otherwise adversely affected by the terminations implemented by defendants as alleged herein.

25.  The class that the Named Plaintiffs seek to represent ["the Affected Employees Class"] is so numerous that the joinder of all members is impracticable.  Defendants have already announced that the terminations at issue will affect over 3,000 union employees who meet the criteria for class participation and have publicly threatened to terminate additional union employees.  In addition, numerous other union employees have been or will be bumped, demoted or otherwise adversely affected by the terminations.

26.  There are questions of law or fact common to the class.  Class members are all union employees of the State of Connecticut who have been or will be subject to termination or other adverse action as a result of defendants' conduct herein.  Defendants have acted on grounds generally applicable to the class.

27.  The Named Plaintiffs' claims are typical of the claims of the class members and the named plaintiffs will fairly and adequately protect the interests of the class.

28.  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other methods of adjudicating the controversy.  The prosecution of separate actions by the individual class members would create a risk of adjudications with respect to the individual members which would be dispositive of the interests of the other members.

**B.  THE SEBAC CLASS**

29.  Plaintiff SEBAC brings this action individually and on behalf of a class ["the SEBAC Class"] consisting of all of the members of the plaintiff Unions (including the Named Plaintiffs and the members of the Affected Employees Class), who have suffered an impairment of their constitutional rights as a result of defendants' conduct in ways other than through termination or other adverse employment action.

30.  The class that SEBAC seeks to represent is so numerous – consisting of over 45,000 members of SEBAC's constituent unions – that the joinder of all members is impracticable.

31.  There are questions of law or fact common to the class.  Class members are all union employees of the State of Connecticut whose rights under the First, Fifth and Fourteenth Amendments to the United States Constitution and the Contract Clause have been violated and whose future exercise of their rights under the First, Fifth and Fourteenth Amendments to the United States Constitution and the Contract Clause has been chilled by defendants' conduct as alleged herein.  By their conduct alleged herein, defendants have acted on grounds generally applicable to the class.

32.  SEBAC's claims are typical of the claims of the class members and SEBAC will fairly and adequately protect the interests of the class.

33.  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other methods of adjudicating the controversy.  The prosecution of separate actions by the individual class members would create a risk of adjudications with respect to the individual members which would be dispositive of the interests of the other members.

10

## IV.    CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF

1. - 33.  Paragraphs 1 through 33 of this Complaint are hereby incorporated as paragraphs 1 through 33 of this First Claim for Relief.

34.  At all times mentioned herein, plaintiff SEBAC has been designated by the State of Connecticut Board of Labor Relations as the representative and exclusive bargaining agent of the plaintiff Unions for the purpose of negotiating and entering into collective bargaining agreements covering health care, pension and other terms of employment of the state employee members of SEBAC's constituent unions.

35.  At all times mentioned herein, the plaintiff Unions have been designated by the State of Connecticut Board of Labor Relations as the representative and exclusive bargaining agent of their respective members for the purpose, *inter alia*, of negotiating and entering into collective bargaining agreements covering terms of employment on behalf of their respective members.

36.  At all times mentioned herein, plaintiff SEBAC and the plaintiff Unions have been parties to collective bargaining agreements negotiated and entered into with the State of Connecticut and approved by the Connecticut General Assembly pursuant to Conn. Gen. Stat. § 5-278(b).

37.  At all times mentioned herein, defendants were, and are to the present time, members of the Executive Branch of Connecticut's state government, and have been acting in furtherance of their functions as high-ranking Executive Branch officers.  As Governor and Secretary of the Office of Policy and Management ("OPM"), defendants had, at all times mentioned herein and

11

to the present time, responsibility for the management of the state's work force and the

negotiation of the terms of collective bargaining agreements with state employees in furtherance

of their Executive Branch functions.

38.  At all times mentioned herein and to the present time, defendant Ryan, as Secretary

of OPM, has been designated, pursuant to Conn. Gen. Stat. § 4-65a(1) & (2), as the employer

representative "in collective bargaining negotiations concerning changes to the employees

retirement system and health and welfare benefits," and in other matters involving collective

bargaining, including the negotiation, administration and changes to ("supplemental

understandings") collective bargaining agreements.  Defendant Ryan was appointed Secretary of

OPM by defendant Rowland pursuant to Conn. Gen. Stat. §§ 4-6, 4-65a, and "acts as the

executive officer of the Governor for accomplishing the purposes of his department."  Conn.

Gen. Stat. § 4-8.

39.  In November, 2002, shortly after defendant Rowland was re-elected as Governor,

defendants Rowland and Ryan sought changes to plaintiff SEBAC's and the plaintiff Unions'

collective bargaining agreements, demanding that plaintiff SEBAC and the plaintiff Unions

grant concessions in their members' rights under their collective bargaining agreements totaling

over $450 million annually.

40.  Pursuant to Conn. Gen. Stat. § 5-272(c), plaintiff SEBAC and the plaintiff Unions

were not required to grant any concessions of their members' rights under their collective

bargaining agreements.

41. In an impermissible effort to coerce plaintiff SEBAC and the plaintiff Unions into giving up their members' contract rights, defendants threatened that if the unions did not agree to the concessions demanded, defendants would terminate the employment of state union workers.

42. When plaintiff SEBAC and the plaintiff Unions declined to grant all of the contract concessions demanded by defendants, defendants carried out their prior threats and announced and have begun implementing the termination of over 3,000 state union employees. Those terminations started to take effect on November 18, 2002 and have continued to be implemented to date and are scheduled to continue in the future. Defendants have, further, threatened to terminate additional state union employees in the future if the demanded concessions are not granted.

43. Although the state work force has both union and non-union members, and although all state employees receive health care and pension benefits, defendants intentionally directed their demands for health care and pension concessions (and their corresponding threats of termination if their concessions were not granted) solely to state union employees.

44. Although the state work force has both union and non-union members, defendants intentionally singled out only union members for termination.

45. The terminations ordered by defendants have been intentionally directed solely against state union members because of their state union membership.

46. Defendants' order to terminate union-member state employees was motivated by impermissible anti-union animus.

47. At all times mentioned herein and to the present time, the defendant Governor and the defendant Secretary of OPM have been the decision-makers for the State of Connecticut with

13

respect to the collective bargaining agreement demands and employee terminations at issue in this lawsuit.

48. Defendants' demands for union contract concessions, their threats of retaliatory union member terminations if their demands were not granted, and their implementation of such terminations were undertaken by defendants solely in their capacity as members of the Connecticut Executive Branch, acting solely in furtherance of their Executive Branch functions.

49. The Connecticut General Assembly did not participate in demanding that plaintiff SEBAC and the plaintiff Unions agree to $450 million in contract concessions, did not participate in threatening terminations of union members if the demands were not granted, and was not involved in determining whether any (and, if so, which) state union employees would be terminated when the demands were not granted.

50. Defendants were not acting in a legislative capacity when they made their demands for union contract concessions, when they made their threats of retaliatory union member terminations if their demands were not granted, and when they implemented the terminations at issue in this lawsuit.

51. Defendants' conduct as aforesaid was intended to interfere with the Named Plaintiffs' and the Plaintiff Affected Employees Class' exercise of their rights of freedom of association and freedom of speech, as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

52. Defendants' conduct as aforesaid has violated the rights of the Named Plaintiffs and the Plaintiff Affected Employees Class to seek union representation, to join their respective

unions, and to participate in union activities, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to freedom of speech and freedom of association.

53. As a result of the conduct of defendants as aforesaid, the Named Plaintiffs and the plaintiff Affected Employees Class have been impermissibly penalized for exercising their First and Fourteenth Amendment rights to seek union representation, and to join, support and participate in a union.

54. Defendants' conduct as aforesaid was taken under color of state law and deprived the Named Plaintiffs and the plaintiff Affected Employees Class of their constitutional rights to freedom of speech and freedom of association, as guaranteed by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

55. The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer economic loss as a result of defendants' impermissible conduct.

56. The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer emotional distress as a result of defendants' impermissible conduct.

57. At all times mentioned herein, defendants were aware that their conduct as aforesaid violated the First and Fourteenth Amendment rights of the Named Plaintiffs and the plaintiff Affected Employees Class.

58. At all times mentioned herein, defendants deliberately intended to interfere with the constitutional rights of the Named Plaintiffs and the plaintiff Affected Employees Class, in intentional and reckless disregard of the constitutional rights of the Named Plaintiffs and the plaintiff Affected Employees Class.

59. Defendants Rowland and Ryan, in their individual capacities, are liable to the Named Plaintiffs and the plaintiff Affected Employees Class for monetary damages.

60. Defendants Rowland and Ryan, in their individual capacities, are liable to the Named Plaintiffs and the plaintiff Affected Employees Class for an award of punitive damages.

## B. SECOND CLAIM FOR RELIEF

1. - 50. Paragraphs 1 through 50 of the First Claim for Relief are hereby incorporated as paragraphs 1 through 50 of this Second Claim for Relief.

51. In deciding which state union employees to terminate, defendant Rowland was motivated by the desire to retaliate against his political opponents.

52. Throughout his tenure as Governor, defendant Rowland has had a hostile attitude toward state employee unions and has publicly stated that his "natural enemies have been the unions."[1]

53. In the fall of 2002, defendant Rowland was running for reelection as Governor of the State of Connecticut.

54. In the fall of 2002, plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 ["the endorsing unions"] endorsed and supported defendant Rowland's opponent in the race for Governor.

55. In the fall of 2002, defendant Rowland sought the endorsement of plaintiff CSPU, the only state employee union that was not supporting his opponent.

---

[1] See, e.g., John J. Zakarian, Rowland Speaks: Q & A, The Hartford Courant, Feb. 16, 1997, at B1.

16

56. On October 15, 2002, the Board of Directors of plaintiff CSPU voted to endorse defendant Rowland for reelection as Governor.

57. On October 21, 2002, at plaintiff CSPU's public endorsement of defendant Rowland, defendant Rowland stated to CSPU leadership that no state police officers would be laid off.

58. All of the state union employees selected for termination are members of the endorsing unions that supported defendant Rowland's opponent in the 2002 gubernatorial race and opposed defendant Rowland's reelection. Although state employees performing police functions in the endorsing unions have been selected for termination, no members of CSPU have been terminated or selected for termination by defendants.

59. The Named Plaintiff and the members of the plaintiff Affected Employees Class are all members of the endorsing unions. Defendants directed that all of the terminations at issue in this lawsuit be from members of the endorsing unions in retaliation for the endorsing unions' political opposition to defendant Rowland and for their failure to support defendant Rowland in the 2002 gubernatorial race.

60. As a result of the conduct of defendants as aforesaid, the Named Plaintiffs and the plaintiff Affected Employees Class have been impermissibly penalized for exercising their First and Fourteenth Amendment rights to support, individually and through their union, political candidates of their choice.

61. Defendants' conduct as aforesaid was taken under color of state law and deprived the Named Plaintiffs and the plaintiff Affected Employees Class of their right to support, individually and through their unions, political candidates of their choice, without reprisal, as

guaranteed by the First and Fourteenth Amendment rights to freedom of political speech and freedom of political association, in violation of 42 U.S.C. § 1983.

62. The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer economic loss as a result of defendants' impermissible conduct.

63. The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer emotional distress as a result of defendants' impermissible conduct.

64. At all times mentioned herein, defendants were aware that their conduct as aforesaid violated the First and Fourteenth Amendment rights of the Named Plaintiffs and the plaintiff Affected Employees Class.

65. At all times mentioned herein, defendants deliberately intended to interfere with the constitutional rights of the Named Plaintiffs and the plaintiff Affected Employees Class, in intentional and reckless disregard of the constitutional rights of the Named Plaintiffs and the plaintiff Affected Employees Class.

66. Defendants Rowland and Ryan, in their individual capacities, are liable to the Named Plaintiffs and the plaintiff Affected Employees Class for monetary damages.

67. Defendants Rowland and Ryan, in their individual capacities, are liable to the Named Plaintiffs and the plaintiff Affected Employees Class for an award of punitive damages.

## C. THIRD CLAIM FOR RELIEF

1. - 50. Paragraphs 1 through 50 of the First Claim for Relief are hereby incorporated as paragraphs 1 through 50 of this Third Claim for Relief.

51. Defendants' conduct as aforesaid was intended to undermine plaintiff SEBAC's and the plaintiff Unions' ability to organize, function and represent their members.

52. In a further effort to undermine plaintiff SEBAC, the plaintiff Unions and the unions' leadership, defendants publicly derided the union leadership and made direct appeals to union members to urge their leadership to agree to the rejected concessions. Defendants have caused email messages to be sent directly to union members describing negotiating proposals not previously presented to the unions' leadership, thereby attempting to by-pass the union leadership.

53. Defendants Rowland and Ryan have, at all times, been aware that they are not permitted to by-pass the union leadership on issues subject to the existing collective bargaining agreements, and that their conduct was prohibited by state statutes, Conn. Gen. Stat. §§ 5-271 and 5-272, which require the State to recognize plaintiff SEBAC and the plaintiff Unions as the exclusive bargaining agent for their members, to bargain collectively with plaintiff SEBAC and the plaintiff Unions as the exclusive bargaining agents for their members, and to refrain from conduct interfering with the existence or administration of employee unions or otherwise discouraging union membership.

54. As a result of the conduct of defendants as aforesaid, plaintiff SEBAC, the plaintiff Unions and their members ("the SEBAC Class") have been impermissibly penalized for exercising their First and Fourteenth Amendment rights to organize as unions, to seek union representation, to join and participate in a union, and to represent their members.

55. Defendants' conduct as aforesaid was taken under color of state law and deprived plaintiff SEBAC, the plaintiff Unions and their members of their rights to organize as unions, to

seek union representation, and to represent their members, as guaranteed by the First and

Fourteenth Amendment rights to freedom of speech and freedom of association, in violation of

42 U.S.C. § 1983.

56.  As a result of the conduct of defendants as aforesaid, plaintiff SEBAC, the plaintiff

Unions and their members have sustained financial loss.

57.  At all times mentioned herein, defendants were aware that their conduct as aforesaid

violated the First and Fourteenth Amendment rights of plaintiff SEBAC, the plaintiff Unions and

their members.

58.  At all times mentioned herein, defendants deliberately intended to interfere with the

constitutional rights of plaintiff SEBAC, the plaintiff Unions and their members, in intentional

and reckless disregard of the constitutional rights of plaintiff SEBAC, the SEBAC Class, the

plaintiff Unions and their members.

59.  Defendants Rowland and Ryan, in their individual capacities, are liable to plaintiff

SEBAC, the plaintiff Unions and their members for monetary damages.

60.  Defendants Rowland and Ryan, in their individual capacities, are liable to plaintiff

SEBAC, the plaintiff Unions and their members for an award of punitive damages.

**D.  FOURTH CLAIM FOR RELIEF**

1. - 59.  Paragraphs 1 through 59 of the Second Claim for Relief are hereby incorporated

as paragraphs 1 through 59 of this Fourth Claim for Relief.

60.  As a result of the conduct of defendants as aforesaid, plaintiffs AFSA, CAP,

Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199,

and AFSCME Council 4 and their members (the SEBAC Class) have been impermissibly penalized for exercising their First and Fourteenth Amendment rights to support, as unions and individually, political candidates of their choice.

61.  Defendants' conduct as aforesaid was taken under color of state law and violated the rights of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members to support, as a union and individually, political candidates of their choice, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to freedom of political speech and freedom of political association, in violation of 42 U.S.C. § 1983.

62.  Plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members have suffered financial loss as a result of the conduct of defendants as aforesaid.

63.  At all times mentioned herein, defendants were aware that their conduct as aforesaid violated the First and Fourteenth Amendment rights of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members.

64.  At all times mentioned herein, defendants deliberately intended to interfere with the constitutional rights of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members, in intentional and reckless disregard of the constitutional rights of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members.

65.  Defendants Rowland and Ryan, in their individual capacities, are liable to plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members for monetary damages.

66.  Defendants Rowland and Ryan, in their individual capacities, are liable to plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members for an award of punitive damages.

### E.  FIFTH CLAIM FOR RELIEF

1. - 52.  Paragraphs 1 through 52 of the First Claim for Relief are hereby incorporated as paragraphs 1 through 52 of this Fifth Claim for Relief.

53.  As a result of the conduct of defendants as aforesaid, the Named Plaintiffs and the plaintiff Affected Employees Class have been impermissibly penalized and will in the future be penalized for exercising their First and Fourteenth Amendment rights to seek union representation, and to join, support and participate in a union.

54.  The actions of defendants Rowland and Ryan, in their official capacities, have been taken under color of state law and have violated and will in the future violate the rights of the Named Plaintiffs and the members of the plaintiff Affected Employees Class to seek union representation, and to join and participate in union activities, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to freedom of speech and freedom of association, in violation of 42 U.S.C. § 1983.

55.  The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

22

56.  The Named Plaintiffs and the Plaintiff Affected Employees Class are entitled to injunctive relief in the form of an order (a) directing defendants Rowland and Ryan, in their official capacities, to restore them to their prior employment with full and uninterrupted seniority and benefits; and (b) enjoining defendants Rowland and Ryan, in their official capacities, from taking adverse action against them on account of their participation in a union or union activities.

### F.  SIXTH CLAIM FOR RELIEF

1. - 59.  Paragraphs 1 through 59 of the Second Claim for Relief are hereby incorporated as paragraphs 1 through 59 of this Sixth Claim for Relief.

60.  As a result of the conduct of defendants as aforesaid, the Named Plaintiffs and the plaintiff Affected Employees Class have been and will in the future be impermissibly penalized for exercising their First and Fourteenth Amendment rights to support, individually and through their union, political candidates of their choice.

61.  The actions of defendants Rowland and Ryan, in their official capacities, have been taken under color of state law and have violated and will in the future violate the rights of the Named Plaintiffs and the plaintiff Affected Employees Class to support, individually and through their union, political candidates of their choice, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to freedom of political speech and freedom of political association, in violation of 42 U.S.C. § 1983.

62.  The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

63. The Named Plaintiffs and the plaintiff Affected Employees Class are entitled to injunctive relief in the form of an order (a) directing defendants Rowland and Ryan, in their official capacities, to restore them to their prior employment with full and uninterrupted seniority and benefits; and (b) enjoining defendants Rowland and Ryan, in their official capacities, from retaliating against them for refusing to support defendant Rowland in his re-election bid and for supporting his opponent.

## G. SEVENTH CLAIM FOR RELIEF

1. - 53. Paragraphs 1 through 53 of the Third Claim for Relief are hereby incorporated as paragraphs 1 through 53 of this Seventh Claim for Relief.

54. As a result of defendants' conduct as aforesaid, plaintiff SEBAC, the plaintiff Unions and their members (the SEBAC Class) have been and will in the future be impermissibly penalized for exercising their First and Fourteenth Amendment rights to organize as unions, to seek union representation, to join and participate in a union, and to represent their members.

55. The actions of defendants Rowland and Ryan, in their official capacities, have been taken under color of state law and deprived plaintiff SEBAC, the plaintiff Unions and their members of their rights to organize as unions, to seek union representation, and to represent their members, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to freedom of speech and freedom of association, in violation of 42 U.S.C. § 1983.

56. Plaintiff SEBAC, the plaintiff Unions and their members have suffered and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

57.  Plaintiff SEBAC, the plaintiff Unions and their members are entitled to injunctive relief in the form of an order enjoining defendants from pursuing any conduct (a) penalizing plaintiff SEBAC, the plaintiff Unions and their members for participating in union activities; or (b) undermining plaintiff SEBAC or the plaintiff Unions and their leadership with their rank and file members or otherwise interfering with their effective representation of their members, refusing to bargain collectively with the unions as the exclusive bargaining agents for their members, or discouraging union membership.

## H.  EIGHTH CLAIM FOR RELIEF

1. - 59.  Paragraphs 1 through 59 of the Fourth Claim for Relief are hereby incorporated as paragraphs 1 through 59 of this Eighth Claim for Relief.

60.  As a result of the conduct of defendants as aforesaid, plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members (the SEBAC Class) have been impermissibly penalized for exercising their First and Fourteenth Amendment rights to support, through their union and individually,  political candidates of their choice.

61.  The actions of defendants Rowland and Ryan, in their official capacities, have been taken under color of state law and deprived plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members of their rights to support, as a union and individually, political candidates of their choice, without reprisal, as guaranteed by the First and Fourteenth Amendment rights to

25

freedom of political speech and freedom of political association, in violation of 42 U.S.C.
§ 1983.

62.  Plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP,
CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members have suffered
and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

63.  Plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP,
CSEA, CEUI, CFEPE, District 1199, and AFSCME Council 4 and their members are entitled to
injunctive relief in the form of an order enjoining defendants Rowland and Ryan, in their official
capacities, from retaliating against them for refusing to support defendant Rowland in his re-
election bid and for supporting his opponent.

## I. NINTH CLAIM FOR RELIEF

1. - 50.  Paragraphs 1 through 50 of the Fifth Claim for Relief are hereby incorporated as
paragraphs 1 through 50 of this Ninth Claim for Relief.

51.  In 1997, plaintiff SEBAC, acting on behalf of the plaintiff Unions and their
members, entered into a collective bargaining agreement ["the SEBAC Agreement"] with the
State of Connecticut covering health care, pension and other terms of employment.

52.  The SEBAC Agreement was approved by the Connecticut legislature pursuant to
Conn. Gen. Stat. § 5-278(b).

53.  Pursuant to Conn. Gen. Stat. § 5-278(c), the Connecticut legislature has been
required to appropriate whatever funds are required to comply with the SEBAC Agreement.

54. The members of plaintiff SEBAC's constituent unions have statutorily-protected rights to receive the benefits conferred pursuant to the SEBAC Agreement.

55. At all times mentioned herein, defendants Rowland and Ryan have been aware that the SEBAC Agreement is a binding, legislatively-approved contractual obligation of the State of Connecticut and that the State is statutorily required to fund the SEBAC Agreement.

56. At all times mentioned herein, defendants Rowland and Ryan have been aware that the members of plaintiff SEBAC's constituent unions have statutorily-protected rights pursuant to the SEBAC Agreement.

57. Beginning in November 2002 and continuing to the present time, defendants Rowland and Ryan have demanded that plaintiff SEBAC agree to give up its members' statutorily-protected rights under the SEBAC Agreement and threatened to terminate the employment of members of plaintiff SEBAC's constituent unions if plaintiff SEBAC and its members did not agree to give up such rights.

58. Because plaintiff SEBAC refused to give up its members' statutorily-protected rights under the SEBAC Agreement, defendants Rowland and Ryan have directed the terminations of state union employees described above, and the Named Plaintiffs and the plaintiff Affected Employees have been terminated, and/or face termination, and/or have been bumped, demoted or suffered other adverse employment consequences.

59. Because plaintiffs have asserted their rights under the SEBAC Agreement, as protected by the Fifth Amendment to the United States Constitution and by the Contract Clause of the United States Constitution, defendants have penalized and/or sought to penalize the Named Plaintiffs and the plaintiff Affected Employees Class by depriving them, or threatening

27

to deprive them, of their right to continued public employment and/or to benefits arising out of their public employment.

60.  The actions of defendants Rowland and Ryan, in their official capacities, in intentionally penalizing and intentionally seeking to penalize the Named Plaintiffs and the plaintiff Affected Employees Class for asserting their rights under the SEBAC Agreement, as guaranteed by the Contract Clause and by the Fifth Amendment to the United States Constitution, have been taken under color of state law, and infringe the rights of plaintiff SEBAC, the plaintiff Unions, and their members, including in particular the rights of the Named Plaintiffs and the plaintiff Affected Employees Class, under the Contract Clause and to substantive due process and equal protection of the law guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

61.  Plaintiffs have suffered and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

62.  Plaintiffs are entitled to injunctive relief in the form of an order (a) directing defendants Rowland and Ryan, in their official capacities, to restore the Named Plaintiffs and the plaintiff Affected Employees Class to their prior employment with full and uninterrupted seniority and benefits; and (b) enjoining defendants, in their official capacities, from (i) taking any action to force, coerce or pressure plaintiff SEBAC, the plaintiff Unions, or their members (including the Named Plaintiffs and the plaintiff Affected Employee Class) to grant concessions on their legislatively-approved contracts; (ii) penalizing or retaliating against plaintiff SEBAC, the plaintiff Unions, or their members (including the Named Plaintiffs and the plaintiff Affected Employees Class) for refusing to grant concessions on their legislatively-approved contract

28

rights; or (iii) depriving or threatening to deprive the members of the plaintiff Unions (including the Named Plaintiffs and the plaintiff Affected Employees Class) of their right to continued public employment and/or to benefits arising out of their public employment.

### J.  TENTH CLAIM FOR RELIEF

1. - 53.  Paragraphs 1 through 53 of the Fifth Claim for Relief are hereby incorporated as paragraphs 1 through 53 of this Tenth Claim for Relief.

54.  By virtue of their state employment and their respective union's statutorily-approved collective bargaining agreement(s), the Named Plaintiffs and the plaintiff Affected Employees Class had a statutorily-protected right to continued state employment and could not be terminated from their state employment or subjected to adverse employment action for arbitrary, irrational or constitutionally impermissible reasons.

55.  Defendants' decision to order the terminations of the Named Plaintiffs and the plaintiff Affected Employees Class and their selection of members of the endorsing unions as the targets of the terminations and other adverse employment action were motivated by impermissible anti-union and political animus.

56.  Defendants' decision to terminate only state employees who are members of state unions was arbitrary, irrational and/or undertaken for constitutionally impermissible reasons.

57.  Defendants have ordered terminations of the Named Plaintiffs and the plaintiff Affected Employees Class and have subjected the Named Plaintiffs and the plaintiff Affected Employees Class to adverse employment action for arbitrary, irrational and constitutionally-impermissible reasons.

58. The actions of defendants Rowland and Ryan, in their official capacities, in ordering the terminations of the Named Plaintiffs and the plaintiff Affected Employees Class for arbitrary, irrational and/or constitutionally-impermissible reasons were taken under color of state law and deprived the Named Plaintiffs and the plaintiff Affected Employees Class of their rights to substantive due process and equal protection under the First, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

59. The Named Plaintiffs and the plaintiff Affected Employees Class have suffered and will in the future suffer irreparable harm as a result of defendants' conduct as aforesaid.

60. The Named Plaintiffs and plaintiff Affected Employees Class are entitled to injunctive relief in the form of an order (a) directing defendants Rowland and Ryan, in their official capacities, to restore the Named Plaintiffs and the members of the plaintiff Affected Employees Class to their prior employment with full and uninterrupted seniority and benefits; and (b) enjoining defendants, in their official capacities, from (i) depriving or threatening to deprive the Named Plaintiffs and the members of the plaintiff Affected Employees Class of their right to continued public employment and/or to benefits arising out of their public employment by arbitrary, irrational or constitutionally-impermissible terminations; or (ii) adversely affecting or threatening to adversely affect the right of the Named Plaintiffs and the plaintiff Affected Employees Class in continued public employment and/or to benefits arising out of their public employment by arbitrary, irrational or constitutionally-impermissible terminations.

30

## V. **PRAYER FOR RELIEF.**

WHEREFORE, plaintiffs pray the following relief:

1. That the Court certify plaintiff SEBAC's claims in this action as a class action on behalf of plaintiff SEBAC and the members of its 12 constituent unions participating in this action;

2. That the Court certify the Named Plaintiff's claims in this action as a class action on behalf of the Named Plaintiffs and all individuals similarly-situated;

3. As to the First and Second Claims for Relief only: compensatory damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of the Named Plaintiffs and the members of the plaintiff Affected Employees Class;

4. As to the First and Second Claims for Relief only: punitive damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of the Named Plaintiffs and the members of the plaintiff Affected Employees Class;

5. As to the Third Claim for Relief only: compensatory damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of plaintiff SEBAC, the plaintiff Unions and their members (the SEBAC Class);

6. As to the Third Claim for Relief only: punitive damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of plaintiff SEBAC, the plaintiff Unions and their members (the SEBAC Class);

7. As to the Fourth Claim for Relief only: compensatory damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199 and AFSCME Council 4 and their members;

8. As to the Fourth Claim for Relief only: punitive damages, as against defendants Rowland and Ryan, in their individual capacities, on behalf of plaintiffs AFSA, CAP, Protective Services, IBPO-Marshals, CCCC, CSU-AAUP, CSEA, CEUI, CFEPE, District 1199 and AFSCME Council 4 and their members;

9. As to the Fifth, Sixth, Ninth and Tenth Claims for Relief only: entry of an order (a) compelling defendants Rowland and Ryan, in their official capacities, to reinstate the Named Plaintiffs and the members of the plaintiff Affected Employees Class to their former positions with the State of Connecticut or such other position as the Court deems appropriate, with full and appropriate restoration of seniority and benefits; and (b) enjoining defendants, in their official capacities, from ordering further terminations of members of the plaintiff Unions on account of their participation in or support of constitutionally-protected union activities;

10. As to the Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Claims for Relief only: entry of an order enjoining defendants Rowland and Ryan, in their official capacities, from (a) penalizing plaintiff SEBAC, the plaintiff Unions or their members on account of their participation in or support of union activities; (b) retaliating against the endorsing unions and/or their members for refusing to support defendant Rowland in his re-election bid and for supporting his opponent; (c) undermining plaintiff SEBAC, the plaintiff Unions, and the unions' leadership with their rank and file members or otherwise interfering with their effective representation of their members, refusing to bargain collectively with plaintiff SEBAC or the plaintiff Unions as the exclusive bargaining agents for their members, or discouraging union membership; or (d) penalizing plaintiffs for refusing to grant concessions on their legislatively-approved and statutorily-protected contract rights;

32

11. Attorneys' fees and costs of this action, pursuant to 42 U.S.C. § 1988;

12. Such other relief as the Court deems appropriate.

> PLAINTIFFS STATE EMPLOYEES BARGAINING
> AGENT COALITION, individually and on behalf of all of its
> members, AMERICAN FEDERATION OF SCHOOL
> ADMINISTRATORS, Local 61, AFL-CIO,
> CONNECTICUT ASSOCIATION OF PROSECUTORS,
> PROTECTIVE SERVICES COALITION, IAFF, AFL-CIO,
> JUDICIAL MARSHALS, INTERNATIONAL
> BROTHERHOOD OF POLICE OFFICERS, NATIONAL
> ASSOCIATION OF GOVERNMENT EMPLOYEES, AFL-
> CIO, CONNECTICUT STATE POLICE UNION,
> CONGRESS OF CONNECTICUT COMMUNITY
> COLLEGES, SEIU, AFL-CIO, CONNECTICUT STATE
> UNIVERSITY, AMERICAN ASSOCIATION OF
> UNIVERSITY PROFESSORS, CONNECTICUT STATE
> EMPLOYEES ASSOCIATION, SEIU, AFL-CIO,
> CONNECTICUT EMPLOYEES UNION INDEPENDENT,
> SEIU, AFL-CIO, CONNECTICUT FEDERATION OF
> EDUCATIONAL AND PROFESSIONAL EMPLOYEES,
> AFT, AFL-CIO, DISTRICT 1199, NEW ENGLAND
> HEALTH CARE EMPLOYEES UNION, SEIU, AFL-CIO,
> COUNCIL 4, AMERICAN FEDERATION OF STATE,
> COUNTY, MUNICIPAL EMPLOYEES, AFL-CIO,
> DENISE A. BOUFFARD, GENEVA M. HEDGECOCK,
> DENNIS P. HEFFERNAN, WILLIAM D. HILL and
> MARCELLE Y. PICHANICK, individually and on behalf of
> all others similarly-situated,
>
>
> BY _____
> DAVID S. GOLUB  ct 00145
> JONATHAN M. LEVINE  ct 07584
> MARILYN J. RAMOS  ct 11433
> SILVER GOLUB & TEITELL LLP
> 184 ATLANTIC STREET
> P.O. BOX 389
> STAMFORD, CT  06904
> (203) 325-4491

## CERTIFICATION

This is to certify that a copy of the foregoing has been served by UPS overnight delivery,

this 27th day of May, 2003, to:

Albert Zakarian, Esq.
Allan B. Taylor, Esq.
Victoria Woodin Chavey, Esq.
Daniel A. Schwartz, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

James K. Robertson, Jr., Esq.
Carmody and Torrance
50 Leavenworth Street
Waterbury, CT 06721-1110.


_____
DAVID S. GOLUB