**EXHIBIT D**

**EXCERPTS OF PLAINTIFFS' DECEMBER 29, 2005
CONSOLIDATED MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS
[DKT ENTRY 87]**

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING<br>AGENT COALITION, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | CIV. NO. 3:03CV221 (AVC) |
| | : | |
| JOHN G. ROWLAND, ET AL, | : | |
| | : | |
| Defendants. | : | DECEMBER 29, 2005 |

**PLAINTIFFS' CONSOLIDATED[1] MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Submitted by:

DAVID S. GOLUB  ct 00145
JONATHAN M. LEVINE  ct 07584
MARILYN J. RAMOS  ct 11433
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CT  06904
(203) 325-4491

Attorneys for Plaintiffs

---

[1] Plaintiffs are submitting this Consolidated Memorandum of Law pursuant to the Court's request during a telephonic conference with the parties on December 16, 2005.  This Memorandum of Law combines the arguments presented in the following prior pleadings:
(1) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated April 3, 2003 [Dkt. No. 19];
(2) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint, dated August 8, 2003   [Dkt. No. 46];
(3) Plaintiffs' Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss Amended Complaint, dated August 12, 2003 [Dkt. No. 47]; and,
(4) Plaintiff's Motion to Submit New Legal Authority and Response to Defendants' New Authority, dated April 8, 2005 [Dkt. No. 72].

in their official capacities – from enforcing the legislation.

Defendants are responsible for administering the State's work force as part of their executive functions. (Amended Complaint at ¶ 47). Thus, even were defendants acting in a "legislative" function (and immune) when they caused the terminations at issue, they would nonetheless be properly subject – in their official capacities – to injunctive relief to bar the ongoing unconstitutional effects of their "legislative" conduct. Consumer Union, 446 U.S. at 736-37; Lajoie, 837 F. Supp at 39 n.9.

### D. PLAINTIFFS' CLAIMS ARE NOT BARRED BY THE ELEVENTH AMENDMENT.

As the third ground of their Motion to Dismiss, defendants assert that plaintiffs' claims are barred in their entirety by the Eleventh Amendment (Def. Mem. at 15-17), or if not wholly precluded, barred insofar as they seek recovery of "retrospective pay and benefits." (Def. Mem. at 17-19). These contentions are frivolous.

Plaintiffs' first four Claims for Relief assert claims against defendants in their *individual* capacities.[22] The law is clear that the Eleventh Amendment is inapplicable to these claims. Hafer v. Melo, 502 U.S. at 25-31; Ford v. Reynolds, 316 F.3d 351, 356 (2d Cir. 2003). As the Court stated in Hafer:

> [T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal' liability on state officials under §1983.

---

[22] "Individual" or "personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 166 (1985). "To establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. (emphasis in original). Plaintiffs expressly allege that their claims in the first four Claims are asserted against defendants "in their individual capacity." (See ¶¶ 86-87 of the First, Second, Third and Fourth Claims for Relief.)

502 U.S. at 31, citing Scheuer v. Rhodes, 416 U.S. at 237. This principle is applicable to any state official, including Governors. Scheuer at 238; Hafer at 28.

The Second Circuit has repeatedly held that state officials sued in their individual capacities have no Eleventh Amendment protection from liability for § 1983 damages:

> [T]he Eleventh Amendment does not extend to a suit against a state official in his [or her] individual capacity, even when the conduct complained of was carried out in accordance with state law.

Ford v. Reynolds, 316 F.3d at 356, quoting Berman Enters. v. Jorling, 3 F.3d 602, 606 (2d Cir. 1993); accord Dube v. State University of New York, 900 F.2d 587 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991) ("The Eleventh Amendment, however, provides no immunity for state officials sued in their personal capacities"); Yorktown Medical Laboratory, Inc. v. Perales, 948 F.2d 84, 88-89 (2d Cir. 1991) ("The Eleventh Amendment bar, by definition, only applies to official capacity suits").

Because the Eleventh Amendment is inapplicable to plaintiffs' claims against defendants in their individual capacity, id., it does not bar plaintiffs' recovery of compensatory damages from defendants, individually, for lost wages and benefits. Shane v. State of Connecticut, 821 F. Supp. 829, 831 (D. Conn. 1993) (Eginton, J.) ("the Eleventh Amendment does not prohibit an action for money damages, whether compensatory or punitive, against a state official in his individual capacity").

A § 1983 plaintiff is entitled to recover "compensatory damages" – damages determined in accordance with traditional common law tort principles to compensate a plaintiff for his actual losses. Memphis Community School District v. Stachura, 477 U.S. 299, 305-06 (1986). Recoverable damages include "out-of-pocket loss and other monetary harms [as well as] such

33

injuries as impairment of reputation ..., personal humiliation, and mental anguish and suffering." Id. at 307 (internal quotations omitted).

If plaintiffs establish that defendants unconstitutionally deprived them of their jobs, compensatory damages may properly include an award to compensate plaintiffs for their lost wages and benefits. See e.g. St. George v. Mak, 2000 WL 303249 (D. Conn. 2000) (in § 1983 action against state official [High Sheriff Edwin Mak], in individual capacity, awarding lost income to special deputy sheriffs subjected to retaliation in violation of First Amendment for union organizing activity) (attached at Exhibit D); Quartararo v. Hoy, 113 F. Supp.2d 405, 418-19 (E.D.N.Y. 2000) (plaintiff in § 1983 action against state prison officials in individual capacity entitled to compensatory damages for lost income resulting from unconstitutional conduct); see also Gierlinger v. Gleason, 160 F.3d 858, 867-68, 873-75 (2d Cir. 1998) (in § 1983 action against state troop commander, in individual capacity, ordering prejudgment interest on jury's award of $117,738 in "financial damages for loss of past and future income").

Defendants argue that plaintiffs are barred from recovering any award for "retrospective pay" or "retroactive benefits" in any form ("however they may be pled") on the first four Claims for Relief, because state officials cannot be held liable (in their individual capacities) for "back pay." (Def. Mem. at 18, citing Dwyer v. Regan, 777 F.2d 825, 836 (2d Cir. 1985), *modified,* 793 F.2d 457 (1986); DeLoreto v. Ment, 944 F. Supp. at 1031 n.5.)

Defendants confuse the concept of "back pay and benefits" – relief that can only be ordered against the employer with the obligation to pay salary or provide benefits[23] – with a § 1983

---

[23] "Back pay" is a term of art in federal employment litigation, drawn from the statutory language of Title VII. See 42 U.S.C. 2000e-5(g)(1) ("the court may ... order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ..., or

34

plaintiff's right to recover an award of his actual economic loss as an element of compensatory damages from an individual constitutional wrongdoer. As one court has observed, back pay "must be paid by or on behalf of the employer *by definition*. ... To say that an 'individual capacity' defendant is liable for 'back pay' is a misnomer; he may be liable for compensatory damages in the same amount (plaintiff's lost wages) ..." Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1043 n. 7 (1st Cir. 1988) (emphasis added); accord Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 n. 1 (9th Cir. 1993); see also Skeets v. Johnson, 805 F.2d 767, 783 (8th Cir. 1986) (Bowman, J., dissenting) (taking note of holding in Dwyer and explaining that "the defendants could be liable in their individual capacity for damages only, of which lost wages, or back pay, might be a component").[24]

As in the common law system of tort damages, a state officer sued individually who wrongfully causes a plaintiff to lose his job is liable for the plaintiff's lost wages and the value of

---

any other equitable relief as the court deems appropriate"). The term is used to denote "a form of restitution," intended by Congress "to be awarded together with reinstatement or other forms of equitable relief." See Great-West Life & Annuity Insurance Company v. Knudsen, 534 U.S. 204, 218, n. 4 (2002); see also id. at 230 n. 2 (Ginsburg, J., dissenting). "Back pay" is recoverable from an employer in a Title VII action as a component of the statutory mandate that an injured plaintiff be made whole for his losses. Albemarle Paper Co. v. Moody, 422 U.S. 405, 421 (1975) ("In addressing the 'make whole' purpose of Title VII, Congress took care to arm the courts with full equitable powers"). In 1985, when Dwyer was decided, back pay in Title VII cases was often considered "a form of equitable relief," and not an award of damages. See Knudsen at 230, n. 2 (Ginsburg, J., dissenting). The Dwyer court's use of the phrase in "back pay" reflected that meaning of the term – a form of restitution, often combined with reinstatement and other equitable relief, ordered by a court against an employer.

[24] Indeed, defendants' contention that a state official cannot be held individually liable for lost wages would produce bizarre results: if a municipal police officer used unconstitutional excessive force against a suspect, the police officer could, of course, be held personally responsible for his victim's resulting lost wages. O'Neill v. Krzeminski, 839 F.2d 9, 13 (2d Cir. 1993). According to defendants, if a state trooper used the same impermissible force, and was sued in his individual capacity, he could not be held liable for such damages. But on what principled basis can this divergence be justified? Certainly not the Eleventh Amendment, since the law is clear that the Eleventh Amendment does not apply to a state officer sued in his individual capacity; certainly not principles of common law causation, since in both instances the plaintiff's economic loss was caused by the defendant officer's unconstitutional use of excessive force.

35

any lost benefits. St. George v. Mak, 2000 WL 303249 at *2 (Exhibit D attached); Quartararo v. Hoy, 113 F. Supp.2d at 418-19; see also Gierlinger v. Gleason, 160 F.3d at 867-68, 873-75.

Defendants offer no basis for dismissing plaintiffs' first four Claims against them individually, or limiting the scope of compensatory damages, on Eleventh Amendment grounds, and there is none.

Plaintiffs' Fifth through Tenth Claims for Relief assert claims for *prospective injunctive relief* against defendants, in their *official* capacities.[25] It has been well-established for over ninety-five years that even though a state itself may be immune from suit under the Eleventh Amendment, a federal court has jurisdiction over a suit against a state officer *in his official capacity* to enjoin official actions that violate federal law. Ex parte Young, 209 U.S. 123; accord Verizon Maryland v. Public Service Commission of Maryland, 535 U.S. 635.

As the Second Circuit has explained:

> The doctrine of Ex Parte Young is a limited exception to the general principle of sovereign immunity and allows "a suit [for injunctive relief] challenging the constitutionality of a state official's action in enforcing state law" under the theory that such a suit is not "one against the State," and therefore not barred by the Eleventh Amendment.

CSX Transportation, Inc. v New York State Office of Real Property Services, 306 F.3d 87, 98 (2d Cir. 2002), quoting Ex parte Young, 209 U.S. at 154. The rule of Ex parte Young applies to actions against state officials for prospective injunctive relief brought pursuant to 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332 (1979), including actions against a sitting Governor. Scheuer v. Rhodes, 416 U.S. at 237.

---

[25] See ¶¶ 83, 86 of the Fifth Claim for Relief; ¶¶ 82, 85 of the Sixth Claim for Relief; ¶ 85 of the Seventh and Eighth Claims for Relief; ¶ 91 of the Ninth Claim for Relief; and ¶ 87 of the Tenth Claim for Relief.

IV. **CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss should be denied.

                                            PLAINTIFFS STATE EMPLOYEES
BARGAINING AGENT COALITION,
ET AL,

BY_____
    DAVID S. GOLUB  ct 00145
    JONATHAN M. LEVINE ct 07584
    MARILYN J. RAMOS ct 11433
    SILVER GOLUB & TEITELL LLP
    184 ATLANTIC STREET
    P.O. BOX 389
    STAMFORD, CONNECTICUT  06904
    (203) 325-4491