UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING<br>AGENT COALITION, ET AL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | CIV. NO. 3:03CV221 (AVC) |
| | : | |
| M. JODI RELL*, ET AL, | : | |
| | : | |
| Defendants. | : | FEBRUARY 23, 2006 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING APPEAL**

**I.    INTRODUCTION**

This Court denied defendants' Motion to Dismiss on legislative immunity grounds on

January 18, 2006, finding there were factual disputes which prevented the Court from

determining that defendants were performing a legislative function entitling them to legislative

immunity from suit. (January 18, 2006 Ruling on Motion to Dismiss ["Ruling"] at 6, 9). On

January 31, 2006, after defendants declined the Court's suggestion that initial discovery be

directed to the legislative immunity issue, the Court entered an Order allowing discovery to

proceed. (Order Directing the Commencement of Discovery ["Order"]).

Defendants have now filed a purported Appeal of the Court's Ruling and Order, and have

moved to stay discovery pending resolution of their appeal. Plaintiffs submit this Memorandum

in Opposition to Defendants' Motion to Stay Discovery Pending Appeal.

---

\* See Fed. R. Civ. P. 25(d).

"The issuance of a stay pending appeal lies within the discretion of the court."

Connecticut Hospital Assn. v. O'Neill, 891 F.Supp. at 692.  In determining whether to issue a

stay pending appeal, a court should consider: "the likelihood of success on the merits, irreparable

injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the

public interest."  Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002), citing Hilton v.

Braunskill, 481 U.S. 770, 776 (1987).  "The necessary level of degree of possibility of success

[on appeal] will vary according to the court's assessment of the other stay factors."  Mohammed,

309 F.3d 95, 101; accord McSurely, 697 F.2d at 317 (holding defendants to heavy burden of

demonstrating substantial case on merits where interest of public and plaintiffs disfavored stay

pending appeal of denial of immunity defense).  The party seeking a stay bears the burden of

proof.  Connecticut Hospital Assn. v. O'Neill, 891 F.Supp. at 692.

While defendants' motion for stay pending appeal should be denied as defendants seek to

appeal a non-appealable Ruling and Order, even if the Court's Ruling and Order were

immediately appealable, defendants' Motion to Stay Discovery should be denied as the equitable

factors – the likelihood of success on the merits, irreparable injury if a stay is denied, substantial

injury to the party opposing a stay if one is issued, and the public interest – weigh against

granting a stay.

## 1.    Plaintiffs and the Public have an Interest in the Speedy Resolution of this Case.

This case has been pending for over three years without any discovery.  Both plaintiffs

and the public have an interest in the speedy resolution of this case.  "Plaintiffs in federal court

have the right to pursue their cases, and to expeditiously vindicate their claims.  Stays in

12

proceedings may result in prejudice to plaintiffs because witnesses relocate, memories fade, and

persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of

time on end." Connecticut v. BPS Petroleum Distributors, Inc., 1991 WL 177657 at * 2 (D.

Conn. Jul. 16, 1991) (Eginton, J.) (internal citations and quotation marks omitted); see McSurely,

697 F.2d at 317 (finding public and plaintiffs had substantial interest in avoiding further delay of

proceedings).

The injury to plaintiffs by further delay is great as plaintiffs may only be able to obtain

prospective injunctive relief in the form of reinstatement. While plaintiffs originally brought

claims for both monetary damages and injunctive relief, the Court ruled that due to Eleventh

Amendment immunity, plaintiffs are only entitled to prospective injunctive relief in the form of

reinstatement. Ruling at 13. Because of the Court's recent ruling, plaintiffs now have a more

compelling interest in the speedy resolution of their claims as they will not be able to receive

compensatory money damages for the time period between the wrongful termination and their

reinstatement. See United States v. New York, 708 F.2d 92, 93 (2d Cir. 1983)(upholding district

court finding of irreparable harm to plaintiffs because Eleventh Amendment barred recovery of

damages); Kansas v. Health Care Ass., Inc., 31 F.3d 1536, 1543 (10th Cir. 1994) (holding

Eleventh Amendment bar to retrospective monetary damages indicates irreparability of harm to

plaintiffs). Thus any added delay in obtaining the prospective injunctive relief is an added injury

to the plaintiffs, for which they will never be compensated.

13

2.    **Defendants Will Not Suffer Irreparable Injury as They Will Have to Face Discovery as to Claims for Injunctive Relief Regardless of the Outcome of Their Appeal.**

Defendants assert that a stay must be granted in order to protect their rights to be free from discovery under absolute legislative immunity. However, even if defendants Rowland and Ryan are successful on their appeal as to absolute legislative immunity for their roles in causing the terminations at issue, they will nonetheless be properly required to participate in discovery in connection with plaintiffs' claims for injunctive relief against the current Governor and current Secretary of the Office of Policy and Management ("OPM").

While a legislator (or one acting in a legislative function) cannot be held liable for his legislative acts, a party subjected to unconstitutional deprivation through "legislation" may seek to enjoin the appropriate state official from enforcing the "legislation." Supreme Court of Virginia v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736 (1980); Lajoie v. Connecticut Board of Labor Relations, 837 F. Supp. 34, 39 n. 9 (D. Conn. 1993) (Cabranes, J.).

In Consumers Union, the Court ruled that although the Supreme Court of Virginia was acting in a legislative capacity – and thus protected by legislative immunity – when it adopted disciplinary rules governing the conduct of attorneys pursuant to statutory authorization "to promulgate and amend [such] rules and regulations," such immunity did not extend to its independent authority to *enforce* the rules. In its enforcement capacity, "immunity [did] not shield the Virginia court and its chief justice," who "were proper defendants in a suit for declaratory and injunctive relief, just as other enforcement officers and agencies were." Id. at 736-37; accord Gravel v. United States, 408 U.S. 606, 618-19 (1972), discussing Kilbourn v. Thompson, 103 U.S. 168 (1880) (while House Members had legislative immunity under Speech

14

or Debate Clause for adoption of resolution authorizing illegal arrest, those who made the arrest could be held liable).

The same reasoning was applied by Judge Cabranes, while a district judge in this District, in an action involving the constitutionality of a Connecticut statute barring special deputy sheriffs from forming a labor union. See Lajoie, 837 F. Supp. 34, 39 n. 9. Plaintiffs sought a declaration that the statute was unconstitutional (Count Four) and an injunction against its enforcement (Count Nine), as well as money damages from the Governor for signing the legislation (Count Eight). The court dismissed the count against the Governor on grounds of legislative immunity[5] and dismissed the counts challenging the constitutionality of the statute without prejudice, pending renewal after clarification of the statute's scope by the Connecticut Labor Board. The court noted that "any [subsequent] claim for injunctive relief ... must be directed *solely* at the state official charged with enforcement of the statute in conformity with Ex parte Young ...." 837 F. Supp. at 39 n. 9.

Indeed, that is precisely what occurred in Condell v. Bress, 983 F.2d 415 (2d Cir.), cert. denied, 507 U.S. 1032 (1993), a case where "legislative acts" and "legislation" were actually involved in causing a deprivation of state union employees' rights. In Condell, the Second Circuit held that the legislation impairing union collective bargaining rights was unconstitutional and upheld an injunction enjoining the defendant Governor and Comptroller – in their official capacities – from enforcing the legislation.

---

[5] A governor's act of signing (or vetoing) a bill is part of the legislative process and, thus, is protected by legislative immunity. Bogan v. Scott-Harris, 523 U.S. 44, 55 (1998). Thus, plaintiffs could not – and do not – claim that defendant Rowland can be held liable for his veto of Public Act 03-1.

Defendants Rell and Genuario are responsible for administering the State's work force as part of their executive functions as Connecticut's current Governor and current Secretary of OPM. Conn. Gen. Stats. § 4-65a.[6]   Thus, even were defendants Rowland and Ryan acting in a "legislative" function (and immune) when they caused the terminations at issue, they would nonetheless be properly subject – in their official capacities – to injunctive relief to bar the ongoing unconstitutional effects of their "legislative" conduct. Consumer Union, 446 U.S. at 736-37; Lajoie, 837 F. Supp. at 39 n. 9.

Suspending discovery pending appeal of a denial of immunity, where equitable claims are brought which will survive regardless of the outcome of the appeal, "only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery as to the equitable claims." Lugo v. Alvarado, 819 F.2d 5, 7 (1st Cir. 1987). Thus, defendants do not face irreparable injury by being compelled to proceed with discovery while their appeal is pending.

### 3. Defendants have Failed to Make the Required Showing of Likelihood of Success on Appeal to Merit Staying Discovery.

"The necessary level of degree of possibility of success [on appeal] will vary according to the court's assessment of the other stay factors." Mohammed, 309 F.3d 95, 101; accord McSurely, 697 F.2d at 317. Where the other relevant competing interests disfavor granting a stay, defendants bear a heavy burden to establish a high possibility of success on appeal, which they have not met. McSurely, 697 F.2d at 317 (given that the interest to the public and the

---

[6] As defendants Rowland are Ryan no longer hold office, Governor Rell and OPM Secretary Genuario are automatically substituted for defendants Rowland and Ryan with respect to plaintiffs' claims against Rowland and Ryan in their official capacity. Fed. R. Civ. P. 25(d).

plaintiffs weighed heavily against granting a stay, defendant's "burden of demonstrating a substantial case on the merits is heavy").

Defendants have failed to meet their burden of establishing a substantial possibility of success on appeal. As discussed above, plaintiffs have alleged facts to support that defendants were not acting in a legislative function, and the Court ruled that on the face of the Amended Complaint, it could not conclude that defendants had complied with Conn. Gen. Stats. § 5-85(b). In support of their Motion to Stay, defendants offer no new legal or factual arguments, but simply reiterate the grounds this Court rejected in reaching its Ruling.[7] Indeed, defendants do not even *contend* that they ever complied with § 5-85(b), nor explain how they can expect to convince the Court of Appeals to resolve the disputed facts necessary to support their claim of legislative immunity. "Mere repetition of arguments previously considered and rejected cannot be characterized as a strong showing" of possibility of success on appeal necessary to warrant a stay. Schwartz v. Dolan, 159 F.R.D. 380, 384 (N.D.N.Y. 1995).

Thus, even if defendants have a right to pursue an immediate appeal from the Court's Ruling and Order, they have failed to meet their burden that a stay of discovery is equitably warranted.

---

[7] In support of their argument that their appeal has a substantial possibility of success on appeal, defendants merely refer to the *factual* finding of Judge Squaritro in Abbey v. Rowland, 359 F.Supp.2d 94 (D.Conn. 2005), which this Court already considered and distinguished, and the arguments already raised in their Motion to Dismiss and Memorandum and Reply Brief. (Def. Mem. at 4).

17