UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE EMPLOYEES BARGAINING : CIVIL ACTION
AGENT COALITION, ET AL., :
Plaintiffs, :
v. : 3:03CV221 (AVC)
JOHN G. ROWLAND, ET AL., :
Defendants. :
: FEBRUARY 3, 2006

### DEFENDANTS' MOTION TO STAY DISCOVERY PENDING APPEAL

3:03cv221(AVC). March 8, 2006. The defendants have filed the within motion for a stay of all discovery pending appeal of this court's January 18, 2006 ruling denying their motion to dismiss and the court's January 31, 2006 order directing the commencement of discovery. In the defendants' view, "permitting any discovery to commence during the pendency of the appeal effectively strips [them] of their absolute legislative immunity." In response, the plaintiffs argue that interlocutory appeal is not available because the issue of whether the defendants are entitled to immunity turns on issues of fact. Further, they argue that even if the appeal is authorized, the defendants have failed to show entitlement to a stay. Having reviewed the submissions of counsel, the court is of the opinion that although interlocutory appeal is available, the defendants have failed to show entitlement to a stay. In this regard, interlocutory appeal is available because, although the court ruled that issues of fact precluded an award of legislative immunity, the gravamen of the plaintiffs appeal is that the court erred as a matter of law when it made this determination. See Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995) (immediate appeal is only barred where immunity defense depends upon disputed factual issues - "not hinging on issues of law"). The defendants, however, have failed to show entitlement to a stay pending appeal. In determining whether to grant a stay pending appeal, the court considers "(1) whether the [defendants have] made a strong showing that [they are] likely to succeed on the merits; (2) whether the [defendants] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Applying the first factor, the defendants have not made a strong showing on the merits because adoption of their position would cloak any executive order with legislative immunity regardless of whether that executive action was legislatively authorized, and would hence render meaningless the term "legislative" in legislative immunity. Balancing the hardships set forth in factors (2) and (3), the plaintiffs have made the stronger showing. To be sure, the defendants will incur legal fees in commencing with discovery. However, as set forth in the court's previous order directing the commencement of discovery, this case has lingered for years without benefit of discovery. Further delay is simply too costly because, if the plaintiffs are to prevail, they cannot recover money damages for their lost time, only reinstatement to lost jobs. Finally, the court appreciates the strong public interest considerations at play, but recognizes no one interest as superior. The court has considered all other arguments advanced by the defendants and concludes they are without merit. The motion (document no. 97) is therefore DENIED.

Alfred V. Covello, U.S.D.J.