UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, : <br> : <br> Plaintiffs, : <br> : <br> V. : <br> : <br> JOHN G. ROWLAND, ET AL, : <br> : <br> Defendants. : | <br><br><br><br><br><br>CIV. NO. 3:03CV221 (AVC)<br><br><br><br>MARCH 15, 2006 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT**
**OF MOTION FOR RECONSIDERATION**

**I.    INTRODUCTION**

On March 10, 2006, this Court reversed its prior (March 8, 2006) Order denying defendants' Motion for a Stay of Discovery Pending Appeal. The Court's March 10, 2006 Order indicates that the Court was influenced by an April 1, 2003 letter by State Comptroller Wyman ["Comptroller Wyman's letter"] attached to defendants' Reply Memorandum.

In their Reply Memorandum, defendants argued that the letter – which references "a deficit reduction plan" submitted by Governor Rowland on December 6, 2002 – provides evidence of Governor Rowland's compliance with Conn. Gen. Stats. § 4-85(b)(2). [Reply Mem. at 4]. The Court accepted defendants' representations about the meaning of the letter. The Court noted that the letter indicates that "on December 6, 2002, the Governor furnished a deficit reduction plan, fulfilling the only requirements for invoking budget modification authority under § 4-85(b)(2)." The Court concluded that this "constitutes a strong showing that the executive action(s) condemned here were, indeed, legislatively authorized." [March 10, 2006 Order].

– third, because the actual balancing of the budget was accomplished – as Comptroller Wyman's letter says – not by Governor Rowland's implementation of his plan pursuant to the statute, but by a legislative enactment passed nearly three months after the terminations at issue were ordered.

Plaintiffs submit that there is no meaningful dispute about any of these factual matters – indeed, if there were evidence of Governor Rowland's actual invocation of, and compliance with § 4-85(b)(2), defendants would not need to resort to letters drawn from the Comptroller's web site, but would have submitted the December 6, 2002 plan itself,[7] and would not have opposed the Court's offer of limited discovery on the legislative immunity issue.

### III. RECONSIDERATION OF THE COURT'S MARCH 10, 2006 IS WARRANTED.

Reconsideration is appropriate where new evidence is available on a material issue or to correct a clear error or prevent manifest injustice. As the Second Circuit has held, "We may reconsider a prior ruling if 'new evidence has become available or there is a need to correct a clear error or prevent manifest injustice.'" Hemstreet v. Greiner, 378 F.3d 265, 269 (2d Cir. 2004) (sua sponte reconsideration to consider new evidence that clarifies "meager" record), quoting DiGugliemo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004).

Here, plaintiffs have responded to the misleading evidentiary submission attached to defendants' Reply Memorandum with evidence that clarifies the meaning of defendants' submission; and here, the Court's March 10, 2006 Order was based upon an erroneous understanding of the significance of the December 6, 2002 plan referred to in Comptroller Wyman's letter. Under such

---

[7] This Court may well question whether defendants intentionally failed to submit the December 6, 2002 plan and cover letter in the hope that Comptroller Wyman's unexplained reference to the plan in her letter would mislead the Court.

9

circumstances, the Court may and should properly reconsider its March 10, 2006 Order granting defendants' motion to stay discovery pending appeal.

Morever, unless vacated, the March 10, 2006 Order will have substantial detrimental effect on plaintiffs' efforts to vindicate their constitutional rights. As this Court has observed on three separate occasions, discovery in this matter has been delayed for over three years, and "further delay is simply too costly because, if the plaintiffs are to prevail, they cannot recover money damages for their lost time, only reinstatement to lost jobs." March 8, 2006 Order; see also January 31, 2006 Order Directing the Commencement of Discovery at 2 (because plaintiffs are limited to prospective injunctive relief, "the court must expedite resolution of this case"); Ruling at 15 (dissolving stay of discovery and ordering that "in light of the substantial time that has elapsed since the filing of the complaint," discovery will commence without delay").

Furthermore, unless vacated, the Court's March 10, 2006 Order has the potential to unfairly affect the outcome of defendants' interlocutory appeal. Although defendants' pending appeal of the Court's Ruling denying their Motion to Dismiss does not, technically, involve evidentiary issues, to the extent that the Court's March 10, 2006 Order mistakenly states that defendants have provided "a strong showing" to support their claimed legislative immunity defense, the Order should be vacated to avoid any misimpression.

10

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit that their Motion for Reconsideration should be granted, the Court's March 10, 2006 Order should be vacated, and a ruling denying defendants' Motion for Stay Pending Appeal entered.

        PLAINTIFFS STATE EMPLOYEES
        BARGAINING AGENT COALITION,
        ET AL,

BY _____
        DAVID S. GOLUB  ct 00145
        JONATHAN M. LEVINE ct 07584
        SILVER GOLUB & TEITELL LLP
        184 ATLANTIC STREET
        P.O. BOX 389
        STAMFORD, CONNECTICUT  06904
        TEL. (203) 325-4491
        FAC. (203) 325-3759
        dgolub@sgtlaw.com
        jlevine@sgtlaw.com