UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, : : : Plaintiffs, : : V. : CIV. NO. 3:03CV221 (AVC) : JOHN G. ROWLAND, ET AL, : : Defendants. : MARCH 31, 2006 | |

PLAINTIFFS' REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR RECONSIDERATION

## I.  INTRODUCTION

This Court's March 10, 2006 decision to reverse its March 8, 2006 Order and stay discovery in this action pending appeal was based on defendants' contention that the "deficit reduction plan" referenced in Comptroller Wyman's April 1, 2003 letter was evidence that Governor Rowland had acted pursuant to Conn. Gen. Stats. § 4-85(b)(2) in ordering the terminations at issue in this action.

This "evidence," if true, went to the core of the Court's holding denying defendants' motion to dismiss on legislative immunity grounds. In its Ruling on Defendants' Motion to Dismiss, the Court expressly recognized that § 4-85(b) gives the Governor authority in a budget crisis to modify the State's budget. [Ruling at 9 ("that statute gives the Governor the discretion in a budget crisis to modify a previously adopted budget"). The Court denied defendants' legislative immunity argument because of the factual dispute over whether the Governor actually invoked that statutory authority in ordering the job terminations at issue. Id. ("the record is devoid of evidence that the governor invoked that authority

### E. THIS COURT MAY PROPERLY DETERMINE WHETHER GOVERNOR ROWLAND ACTED PURSUANT TO § 4-85(b)(2) WHEN HE ORDERED THE TERMINATIONS AT ISSUE.

Finally, defendants argue that this Court is not even allowed to examine whether Governor Rowland acted pursuant to § 4-85(b)(2) when he ordered the terminations at issue. In support of this remarkable proposition, defendants cite, completely out of context, the holding of Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984).

In Pennhurst, the Supreme Court ruled that the Eleventh Amendment bars a pendent state-law claim in federal court against a state official for violation of a state law.[17] The Court held that allowing a federal court to impose liability on a state official for violation of a state law would violate principles of federalism. 465 U.S. at 106.

The Court did not say – and has never said – that in the course of determining whether a state official has violated federal law, a federal court is barred from determining whether the official complied with applicable state laws. See, e.g., Monaco v. Carpinello, 2004 WL 3090598, at * 4 (E.D.N.Y. 2004) (attached hereto) (Pennhurst does not preclude examination of whether defendant violated state law where the particularized substantive criteria and mandatory language in the state law creates limits on the official's conduct and creates federally protected liberty interest whose violation is actionable under § 1983). Indeed, where as here, a state official seeks the benefit of immunity conferred by his official state position, a federal court must necessarily examine the state-law basis of the immunity.

Moreover, the issue posed by plaintiffs' Motion for Reconsideration is not whether defendants "complied" with the procedural requirements of § 4-85(b)(2); rather the issue is whether Governor

---

[17] The plaintiffs in Pennhurst had brought claims in federal court under federal statutes and a Pennsylvania law providing rights to mentally retarded citizens and had obtained relief under the state-law cause of action. The Supreme Court held that the state statutory right could not be pursued in federal court. 465 U.S. at 106.

13

Rowland acted *pursuant* to § 4-85(b)(2) when he ordered the termination. As this Court noted in its Ruling denying defendants' Motion to Dismiss, "the record is devoid of evidence that the governor invoked that authority when ordering the job terminations here." (Ruling at 9, n. 3). Governor Rowland's "Balanced Budget Plan" does not provide the missing evidence.

### F. VACATION OF THE COURT'S MARCH 10, 2006 ORDER IS EQUITABLY NECESSARY TO AVOID GREAT HARM TO PLAINTIFFS' RIGHTS.

Prior to defendants' submission of Comptroller Wyman's letter, this Court had recognized, on three separate occasions, the critical need for discovery to go forward at this time. See March 8, 2006 Order ( "further delay is simply too costly because, if the plaintiffs are to prevail, they cannot recover money damages for their lost time, only reinstatement to lost jobs"); see also January 31, 2006 Order Directing the Commencement of Discovery at 2; Ruling at 15.

Defendants now seek to delay discovery for at least another 18 months, while they appeal a fact-based legislative immunity claim to the Second Circuit and to the United States Supreme Court. If the stay entered on March 10, 2006 is not vacated, this case will remain dormant for five years from the events at issue. The harm to plaintiffs' efforts to vindicate their constitutional rights and obtain any meaningful relief is apparent. And the public interest in a prompt determination of whether the conduct challenged by plaintiffs is permissible will also be impaired.

Equally important, unless the Court's March 10, 2006 Order is vacated, it has the potential to unfairly affect the outcome of defendants' interlocutory appeal. The statement in the March 10, 2006 Order statement that defendants have provided "a strong showing" to support their claimed legislative immunity defense should be vacated to avoid any misimpression.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully submit that their Motion for Reconsideration should be granted, the Court's March 10, 2006 Order should be vacated, and a ruling denying defendants' Motion for Stay Pending Appeal entered.

                        PLAINTIFFS STATE EMPLOYEES
                        BARGAINING AGENT COALITION,
                        ET AL,

BY _____
    DAVID S. GOLUB  ct 00145
    JONATHAN M. LEVINE ct 07584
    SILVER GOLUB & TEITELL LLP
    184 ATLANTIC STREET
    P.O. BOX 389
    STAMFORD, CONNECTICUT 06904
    TEL. (203) 325-4491
    FAC. (203) 325-3759
    dgolub@sgtlaw.com
    jlevine@sgtlaw.com