UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, : : : Plaintiffs, : : V. : : JOHN G. ROWLAND, ET AL, : : Defendants. : | CIV. NO. 3:03CV221 (AVC) APRIL 21, 2006 |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR MODIFY STAY

Plaintiffs respectfully move this Court to review, one last time, the stay of discovery entered in this action.

The stay is premised on the Court's view of the possible merits of defendants' absolute legislative immunity defense and the possibility that defendants will succeed on appeal in establishing their entitlement to that defense.

However, even should defendants prevail on appeal on their legislative immunity defense, the defense only applies to plaintiffs' claims against defendants in their individual capacities. *Board of Commissioners, Wabaunsee County, Kansas v. Umbehr*, 518 U.S. 668, 677 n. * (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 73 (2d Cir. 1992); *Baines v. Masiello*, 288 F.Supp.2d 376, 383-84 (W.D.N.Y. 2003); *Legal Aid Society v. City of New York*, 114 F.Supp.2d 204, 231 (S.D.N.Y. 2000); *Herbst v. Daukus*, 701 F. Supp. 964, 969 (D. Conn. 1988) (Dorsey, J.). The defense is inapplicable to plaintiffs' claims against defendants in their official capacity. *Id.*

As the United States Supreme Court stated in *Umbehr* in rejecting a legislative immunity claim in a suit brought under 42 U.S.C. § 1983:

> Because only claims against the Board members in their official capacities are before us, and because immunity from suit under § 1983 extends to public servants only in their individual capacities, the legislative immunity claim is moot.

*Umbehr.* at 677 n.*; *accord Kentucky v. Graham*, 473 U.S. at 167 (in an official-capacity action, immunity defenses, including absolute immunity defenses, "are unavailable"); *Goldberg v. Town of Rocky Hill*, 973 F.2d at 73 (town councilmen not entitled to legislative immunity on official capacity claims against them); *Baines v. Masiello*, 288 F.Supp.2d at 383-84 ("well-established" that legislative immunity does not protect officials sued in their official capacities); *Legal Aid Society v. City of New York*, 114 F.Supp.2d at 231 *(same)*; *Herbst v. Daukus*, 701 F. Supp. at 969 ("Town Council Defendants are only entitled to assert legislative immunity as to claims against them in their individual capacity").

In its Ruling on Defendants' Motion to Dismiss, the Court dismissed plaintiffs' claims for lost wages asserted defendants in their individual capacities, but allowed plaintiffs' claim for reinstatement, asserted against defendants in their official capacities, to proceed. Ruling at 13.

Plaintiffs respectfully submit that, since the defense of legislative immunity does not apply to their claim for reinstatement (and since, as this Court has recognized, there is a need for prompt discovery and resolution of *that* claim[1]), the stay of discovery entered in this action

---

[1] "Further delay is simply too costly because, if the plaintiffs are to prevail, they cannot recover money damages for their lost time, only reinstatement to lost jobs." March 8, 2006 Order.

2

should be vacated or, at the least, modified to allow discovery to proceed on plaintiffs' claims against defendants in their official capacities.[2]

PLAINTIFFS STATE EMPLOYEES
BARGAINING AGENT COALITION,
ET AL,


BY_____
DAVID S. GOLUB ct 00145
JONATHAN M. LEVINE ct 07584
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT 06904
TEL. (203) 325-4491
FAC. (203) 325-3759
dgolub@sgtlaw.com
jlevine@sgtlaw.com

---

[2] While plaintiffs' claim for lost wages was, of course, a major component of their individual-capacity claims against defendants, plaintiffs' individual-capacity claims also seek monetary damages for defendants' interference with their First Amendment rights and punitive damages. Defendants' appeal on the legislative immunity issue is, presumably, directed to these remaining aspects of plaintiffs' individual-capacity claims.