# 06-0616-cv

In The
United States Court of Appeals
For the Second Circuit

STATE EMPLOYEES BARGAINING AGENT COALITION, individually, and on behalf of all of its members, AMERICAN FEDERATION OF SCHOOL ADMINISTRATION, LOCAL 61, AFL-CIO, CONNECTICUT ASSOCIATION OF PROSECUTORS, PROTECTIVE SERVICE COALITION, IAFF, AFL-CIO, JUDICIAL MARSHALS, INTERNATIONAL BROTHERHOOD OF POLICE OFFICERS, NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, AFL-CIO,

(caption continued on reverse side)

On Appeal from the United States District Court
for the District of Connecticut
(Hon. Alfred V. Covello)

## BRIEF AND SUPPLEMENTAL APPENDIX OF APPELLEES STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL.

David S. Golub
Jonathan M. Levine
Craig N. Yankwitt
Silver Golub & Teitel LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904
Tel: (203) 325-4491

To be argued by:
David S. Golub

Meyers, 442 F.3d 101, 121 (2d Cir. 2006); Robinson v. Cattaraugus County, 147 F.3d 153, 161 (2d Cir. 1998) ("We have long recognized in §1983 cases that punitive damages may be awarded even in the absence of a compensatory award"). Plaintiffs allege in each of their individual-capacity claims that defendants "deliberately intended to interfere with" and acted "in intentional and reckless disregard" of plaintiffs' constitutional rights.[12] Plaintiffs seek punitive damages from defendants "in their individual capacities" on each of plaintiffs' individual-capacity claims.[13]

In their Memorandum to the District Court, defendants acknowledged that "claims against state officials in their individual capacities are deemed not to be barred by the Eleventh Amendment," and although seeking to limit the *types* of money damages recoverable, recognized that plaintiffs can recover monetary damages from defendants on the individual-capacity claims. [R85 at 18 (["those claims may seek only monetary damages *other* than back pay and benefits")].[14]

---

[12] Id., First Claim, ¶¶58, 60; Second Claim, ¶¶65, 67; Third Claim, ¶¶58, 60; Fourth Claim, ¶¶64, 66 [A40-41, 43, 45-47].

[13] Id., Prayer for Relief, ¶¶4, 6, 8 [A56-57].

[14] Defendants confused the concept of "back pay" – relief that can only be ordered against an employer – with a §1983 plaintiff's right to compensatory damages for his lost wages from an individual constitutional wrongdoer. Back pay "must be paid by or on behalf of the employer by definition. ... To say that an

49

Defendants now contend that "all of Plaintiffs' claims are barred by ... the Eleventh Amendment" and that plaintiffs' action should be dismissed "in its entirety." [Def.Br. at 50]. In their Brief, defendants do not directly address plaintiffs' individual-capacity claims, nor discuss the law holding the Eleventh Amendment inapplicable to such claims.

In their sole reference to plaintiffs' individual-capacity claims, defendants assert that "even though nominally pleaded as a claim against the defendants individually, the District Court correctly held that the damages claims are barred by the Eleventh Amendment," and that "plaintiffs did not cross-appeal from that ruling." [Id. at 21 & n. 10]. To the extent that defendants mean to suggest that plaintiffs' first four Claims for Relief have been dismissed and that plaintiffs, by failing to appeal, have accepted the dismissal, defendants' position is without basis.

The District Court ruled that because of the size of the potential recovery sought by plaintiffs, the State would be held liable for any award. [A73-74 ("the present action ... seeks to compel the state to make plaintiffs whole for all financial losses arising from the defendants' actions")]. Based on this conclusion, the

---

'individual capacity' defendant is liable for 'back pay' is a misnomer; he may be liable for compensatory damages in the same amount (plaintiff's lost wages) ..." Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1043 n. 7 (1st Cir. 1988).

50

District Court ruled that "any claim for money damages, to include back-pay or retroactive benefits, is barred by the Eleventh Amendment." [A74].

Although barring plaintiffs from recovering monetary damages, the District Court did not *dismiss* any of plaintiffs' Claims for Relief,[15] and there is no final judgment from which plaintiffs can currently appeal that aspect of the District Court's ruling. See Kamerling v. Massanari, 295 F.3d 206, 212-13 (2d Cir. 2002); Schwartz v. Eaton, 264 F.2d 195, 197 (2d Cir. 1959). While plaintiffs believe that the District Court's ruling was erroneous, plaintiffs must await entry of a final judgment before they can pursue an appeal. Id.

---

[15] The precise meaning of this aspect of the District Court's ruling is unclear. The District Court focused on the financial losses suffered by the terminated workers – the form of damages attacked by defendants below. As discussed above, plaintiffs' Complaint seeks "compensatory damages" not only for the workers' *financial* losses, but for their emotional distress as well. Plaintiffs' Complaint further seeks to recover for the plaintiff-unions' financial losses as a result of defendants' interference with their union activities. It is not clear whether the District Court considered and meant to bar any of these other aspects of compensatory damages. Nor did the District Court address plaintiffs' claim for punitive damages, which, as discussed above, may be recovered even absent any compensatory damages. Robinson v. Cattaraugus County, 147 F.3d at 161.

Moreover, plaintiffs seek "such other relief as the Court deems appropriate" [Complaint, Prayer for Relief, ¶12 (A58)], as well as "attorneys' fees and costs of this action, pursuant to 42 U.S.C. §1988" [Id., ¶11]. See Farrar v. Hobby, 506 U.S. 103, 113 (1994) (§1983 plaintiff who vindicates his rights can recover attorneys' fees even where damages are nominal). The District Court's ruling did not address, nor preclude, these aspects of plaintiffs' Prayer for Relief.

Plaintiffs note that the District Court's holding that the size of the money damages sought from the defendants in their individual capacities justifies a finding that the claim for money damages is, in reality, against the State and barred under the Eleventh Amendment is in direct conflict with at least two decisions by this Court. Huang v. Johnson, 251 F.3d 65, 70 (2d Cir. 2001) (reversing dismissal of individual-capacity claims premised on State's likely liability for $50 million damages sought); Berman Enterprises v. Jorling, 3 F.3d at 606 (dismissal of individual-capacity claims because of State's potential exposure erroneous, but affirmed on other grounds).[16]

---

[16] In Huang, this Court stated:

> The fact that the award sought by Huang is so large that appellees might not be able to pay it on their own does not transform the claim into one against appellees in their official capacities. Cf. Farid v. Smith, 850 F.2d 917, 923 (2d Cir. 1988) ("[T]he law is clear that a state's voluntary decision to indemnify its public servants does not transform a personal-capacity claim into an official-capacity claim against the state.") ...
>
> The vast majority of Section 1983 actions that we see involve circumstances in which the state has agreed to indemnify the individual defendants for any liability incurred. Absent that voluntary act, the state would not be liable. We acknowledge that in the present age of multitudinous Section 1983 actions, promises of indemnification may be necessary to hire a work force. Nevertheless, economic necessity does not alter the fact that the individual state officials are personally liable for judgments in cases such as the present one, and to hold otherwise would transfer Eleventh Amendment immunity to such individuals.