UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING<br>AGENT COALITION, ET AL, | : | |
| Plaintiffs, | : | |
| V. | : | CIV. NO. 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL, | : | |
| Defendants. | : | APRIL 4, 2008 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

**Introduction**

Plaintiffs have moved, pursuant to Rule 54(b), Fed.R.Civ.Pro for entry of partial final judgment on the first four claims for relief in their Amended Complaint – their individual-capacity claims against defendants John G. Rowland and Marc S. Ryan – which were effectively dismissed in the Court's Ruling on Defendants' Motion to Dismiss. Plaintiffs submit this Memorandum in support of their Motion.

**Discussion**

Rule 54(b) authorizes a district court to enter a partial final judgment in an action involving multiple claims or multiple parties, where the court has entered a ruling resolving the claims against some, but not all, of the parties. *Estate of Metzermacher v. National Railroad Passenger Corp.*, 487 F. Supp. 2d 24, 27 (D. Conn. 2007) (Arterton, J.).

In its Ruling on defendants' Motion to Dismiss ("Ruling"), the Court held that plaintiffs cannot recover monetary damages from defendants Rowland and Ryan on plaintiffs' claims against them in their individual capacity. 2006 WL 146141645 at *5. Although the Court did not specifically dismiss plaintiffs' individual capacity claims, on defendants' interlocutory appeal to the Second Circuit from the Court's Ruling on plaintiffs' official capacity claims,[1] the Second Circuit held that the effect of the Court's Ruling was to dismiss plaintiffs' individual capacity claims. *SEBAC v. Rowland*, 494 F.3d 71, 76 n. 2 & 80 n. 5 (2d Cir. 2007).

Because defendants Rowland and Ryan no longer hold official positions with the State of Connecticut, the effect of the Court's Ruling is to terminate the litigation against defendants Rowland and Ryan. See *id.* at 77 n. 3 (Rowland and Ryan no longer parties to official-capacity claims in this case); Rule 25(d), Fed.R.Civ.Pro. (providing, in official capacity claims, for automatic substitution of successors in office). Plaintiffs now seek entry of a partial final judgment with respect to their individual-capacity claims against defendants Rowland and Ryan pursuant to Rule 54(b). Plaintiffs seek entry of such judgment to enable them to pursue an immediate appeal of the Court's dismissal of their individual-capacity claims.

"There are three requirements for entry of a partial final judgment under Rule 54(b): (1) 'Multiple claims or multiple parties must be present, (2) at least one claim, of the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an 'express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Doe v. City of Waterbury*, 2006 WL

---

[1] The Court denied defendants' Motion to Dismiss with respect to plaintiffs' official capacity claims.

3332978 (D. Conn. Nov. 16, 2006) (Underhill, J.) (copy attached), quoting *Information Resources, Inc. v. The Dun and Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002).

The first two requirements are plainly met here. As to the first requirement, the case involves both multiple claims and multiple defendants and thus falls precisely within the scope of Rule 54(b).

As to the second requirement, the Court's Ruling finally and completely disposed of plaintiffs' individual capacity claims against defendants Rowland and Ryan, and thus meets the second requirement are Rule 54(b). "If the decision 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment, then the decision is final, *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992), citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).

Although this Court's Ruling on defendants' Motion to Dismiss did not expressly order the dismissal of plaintiffs' individual-capacity claims, *see SEBAC v. Rowland* at 76 n. 2, the Second Circuit expressly held that there was no ambiguity in this Court's ruling that '[a]ny claim for monetary damages ... is barred.'" *Id.* at 80 n. 5, quoting Ruling at *5. The second requirement for entry of a Rule 54(b) Judgment is, thus, satisfied.

With respect to the third requirement, a district court may properly make a finding that there is "no just reason for delay" when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), *cert. denied*, 483 U.S. 1021 (1987). Circumstances where such hardship will be found to exist include where a plaintiff may be prejudiced by a delay in recovering a monetary award, *see e.g., Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 11-12 (1980); *Ginett* at

1097; or where a decision on appeal in the movant's favor will enable it to avoid an expensive and duplicative second trial. *Cullen* at 711.

These considerations apply with particular force in this case. As this Court has recognized, plaintiffs are limited to injunctive relief on their official capacity claims. At the time this action was commenced (in early 2003), the remedy afforded by such relief would have been meaningful for the 2,800 union employees affected by the terminations at issue in this action. Now, over five years later, reinstatement will provide no relief for the monetary losses sustained over the past five years; and, moreover, reinstatement may be a wholly illusory remedy for older employees who have reached retirement age or for younger employees who have, by now, been forced to accept other employment.

It should be emphasized that the five-year delay is in no way attributable to plaintiffs. Plaintiffs diligently responded to defendants' Motion to Dismiss and repeatedly pressed the for a ruling on the motion for over two years, prior to this action's reassignment to this Court. Plaintiffs further sought to proceed with discovery, both before and after the ruling in this Court on defendants' Motion to Dismiss, but were blocked by stays pending the initial ruling and by a stay pending defendants' interlocutory appeal entered by this Court over plaintiffs' strenuous objections. As a practical matter, the only meaningful relief that plaintiffs can obtain in this action is monetary relief. It is unfair and a hardship to plaintiffs to force them to await the outcome of trial and post-trial proceedings in this Court before permitting them to seek review of the Court's ruling denying them, the right to recover monetary damages.

Plaintiffs further have a legitimate interest in avoiding a potentially unnecessary, duplicative and expensive second trial, should they prevail on their individual-capacity claims

appeal. Likewise, the interests of judicial economy support avoiding, if possible, a second complex class action trial in this matter.

Plaintiffs are prepared to pursue an interlocutory appeal on an expedited basis and believe that the appeal can be decided before trial is reached in this matter or, at the worst, with only a short delay in the scheduling of trial. Plaintiffs respectfully submit that given the delay engendered by defendants' pursuit of their motion to dismiss in this Court and the Second Circuit, plaintiffs in fairness should be allowed to seek appellate resolution of the merits of their individual capacity claims.

Moreover, the sole issue to be raised on appeal is a narrow question of law – does plaintiffs' Amended Complaint state a valid claim for relief against defendants' Rowland and Ryan in their individual capacities. Resolution of this issue by the appeals court involves a will not require consideration of a complex record or of evidence, nor will it duplicate appellate issues that might be presented by an appeal of plaintiffs' official capacity claims.

Indeed, districts courts have expressly recognized that it is appropriate to enter judgment pursuant to Rule 54(b) to allow plaintiffs to seek immediate appellate resolution of official immunity dismissals, as such claims are legally discrete from the remaining merits claims, do not involve a determination of the sufficiency of the evidence, and will avoid forcing the plaintiffs to undergo the expense of a second trial should they prevail on appeal. *See Estate of Metzermacher* at 27 (entering judgment on dismissed claims against municipal defendants to enable plaintiffs to appeal legal determination) ; *Doe v. City of Waterbury*, at * 2 (entering judgment on dismissed claims against municipality to enable plaintiffs to appeal legal determination same); *Lombard v. Economic Development Administration of Puerto Rico*, 1998 WL 273093, *1 (S.D.N.Y. May 27,

1998) (Jones, J.) (copy attached) (entering Rule 54(b) judgment where claims against one party dismissed on grounds of sovereign immunity).

Significantly, as Judge Arteron recognized in *Metzermacher*, official immunity issues to be resolved on appeal are legally and factually discrete from merits claims and thus are appropriate for Rule 54(b) review. *See e.g., Metzermacher* at 27 (immunity claims "distinct" from merits claims against remaining defendant, even though similar merits claims at issue against municipal defendants); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16-17 (2d Cir. 1997) (where party brought suit in two capacities and district court dismissed claims in one of the capacities, judgment properly directed to allow capacity appeal); *Blue Cross of California v. Smithkline Beecham Clinical Laboratories, Inc.*, 108 F. Supp.2d 125, 129 (D. Conn. 2000) (Covello, J.) (where court found some plaintiffs lacked standing to pursue ERISA claims, Rule 54(b) certification allowed since standing issue is "separate legal issue" from the merits of remaining plaintiffs' ERISA claims and other related merits claims asserted by all plaintiffs).

And, finally, there is no prejudice to defendants Rowland and Ryan from entry of a judgment as to them now. Such judgment will confirm that this litigation has been concluded (in this Court) as to them. Defendants Rowland and Ryan will face an appeal from the dismissal of the individual-capacity claims *at some point*, and presumably seek to have a final resolution of their status in this action as soon as possible.

Similarly, there is no prejudice to the remaining official-capacity defendants from entry of a judgment as to defendants Rowland and Ryan. Plaintiffs are not seeking to stay this action or to delay ongoing discovery. Rather, plaintiffs seek to pursue an appeal on the individual-

capacity claims while this action proceeds. Should this action be reached for trial before plaintiffs' appeal is decided, the parties and the Court can determine, at that point, whether trial should be delayed pending decision on the appeal.

**Conclusion**

For the foregoing reasons, plaintiffs' Motion for Entry of Partial Final Judgment, pursuant to Rule 54(b), on the first four claims for relief of plaintiffs' Amended Complaint against defendants Rowland and Ryan should be granted.

                PLAINTIFFS,

                BY /s/_____
                    DAVID S. GOLUB ct00145
                    SILVER GOLUB & TEITELL LLP
                    184 Atlantic Street
                    P.O. Box 389
                    Stamford, Connecticut 06904
                    (203) 325-4491
                    Fax: (203) 325-3769

## CERTIFICATION

I hereby certify that on April 4, 2008, a copy of the foregoing Plaintiffs' Memorandum in Support of Motion for Entry of Partial Final Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
DAVID S. GOLUB   ct 00145
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone: 203-325-4491
Fax: 203-325-3769
E-mail:   dgolub@sgtlaw.com