Westlaw.

Slip Copy  
Slip Copy, 2006 WL 3332978 (D.Conn.)  
**(Cite as: Slip Copy)**

Page 1

**H**  
Doe v. City of Waterbury  
D.Conn.,2006.  
Only the Westlaw citation is currently available.  
United States District Court,D. Connecticut.  
Jane DOE, Jr. and Susan Roe, Jr., Plaintiffs,  
v.  
The CITY OF WATERBURY and Philip Giordano, Defendants.  
**Civil Action Nos. 3:01cv2298 (SRU), 03cv571.**

Nov. 16, 2006.

Erskine D. McIntosh, Law Offices of Erskine D. McIntosh, Hamden, CT, Lawrence M. Herrmann, Cheshire, CT, Michael Stanton Hillis, Dombroski, Knapsack & Hillis, Lynn Jenkins, L. Jenkins Law Office, New Haven, CT, Michael W. Mackniak, Naugatuck, CT, Gerald Lewis Harmon, Meriden, CT, for Plaintiffs.  
Elliot B. Spector, Noble, Spector, Young & O'Connor, Hartford, CT, Andrew B. Bowman, Law Offices of Andrew Bowman, Westport, CT, for Defendants.

### *RULING ON MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT*

STEFAN R. UNDERHILL, District Judge.  
*1 The plaintiffs sued the City of Waterbury ("Waterbury") primarily for municipal liability pursuant to 42 U.S.C. § 1983, and Philip Giordano for various federal and state law claims relating to Giordano's alleged sexual abuse of the minor plaintiffs between November 2000 and July 2001. On September 28, 2006, I entered summary judgment in favor of Waterbury with respect to all claims against Waterbury and against Giordano in his official capacity, and in favor of plaintiffs with respect to substantially all claims against Giordano in his individual capacity. Plaintiffs have moved for certification of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Neither Giordano nor Waterbury oppose the motion. For the reasons set forth below, plaintiffs' motion is granted.

Rule 54(b) provides:  
**(b) Judgment upon Multiple Claims or Involving Multiple Parties.**When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to *one or more but fewer than all* of the claims or parties only upon an express determination that there is *no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED.R.CIV.P. 54(b) (emphasis added).

There are three requirements for entry of a partial final judgment under Rule 54(b): (1)"Multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment."*Information Resources, Inc. v. The Dun and Bradstreet Corp.,* 294 F.3d 447, 451 (2d Cir.2002) (citing *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992)).

The first requirement for entry of a partial final judgment is the presence of multiple claims or multiple parties. This case involves two defendants. Therefore, the first requirement is met.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 3332978 (D.Conn.)
**(Cite as: Slip Copy)**

Page 2

The second requirement is met when the court has finally decided the liabilities of at least one party. A claim is "finally decided" when it "ends the litigation ... on the merits and leaves nothing for the court to do but execute the judgment."*Ginett,* 962 F.2d at 1092 (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467 (1978)). Thus, a summary judgment that completely disposes of all claims against a defendant meets this requirement, and becomes final and appealable when a Rule 54(b) certificate is made. *See id.*Because I entered summary judgment in favor of Waterbury, the second requirement that the liabilities of at least one party have been "finally decided" is met.

*2 The third requirement for entry of a partial final judgment is met when the district court determines that there is no just reason for delay. The Supreme Court has conferred broad discretion to the district courts in making this determination. *See Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 10-11 (1980) ("[B]ecause the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district courts to follow."). Although there are no fixed guidelines for determining whether there is just reason for delay, sound judicial administration is the proper guiding principle. *Id* . at 8-10.Courts should consider whether there will be "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."*Brunswick Corp. v. Sheridan,* 582 F.2d 175, 183 (2d Cir.1978) (quoting *Western Geophysical Co. v.. Bolt Associates, Inc.,* 463 F.2d 101, 103 (2d Cir.1972)).Rule 54(b) was incorporated into the Federal Rules of Civil Procedure for the purpose of easing hardship arising from delay. *Ginett,* 962 F.2d at 1093-94.

Certification will alleviate hardship for plaintiffs. If plaintiffs win their appeal of my ruling regarding Waterbury's liability, then the minor plaintiffs will only need to testify one time about their damages from the sexual assaults by Giordano. If, on the other hand, I do not grant plaintiffs' motion for Rule 54(b) certification, they would risk testifying twice-once in a hearing in damages with respect to the claims against Giordano, and then possibly again if the plaintiffs win their appeal against Waterbury, resulting in the need for another trial or hearing. *See* Conference Memorandum (doc. # 110). In addition, in response to a telephone call from chambers, counsel for Waterbury confirmed that Waterbury does not oppose the motion for Rule 54(b) certification.

Given that delay in certification would result in hardship for plaintiffs, and that allowing the opportunity for immediate appeal will not impede the interest of judicial efficiency, I conclude that there is no just reason for delaying final judgment with respect to the claims against Waterbury.

Plaintiffs' Motion for Certification of Partial Final Judgment (doc.# **111**) is **GRANTED.**The clerk shall enter a partial final judgment in favor of Waterbury with respect to all claims against Water- bury.

It is so ordered.

D.Conn.,2006.
Doe v. City of Waterbury
Slip Copy, 2006 WL 3332978 (D.Conn.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.  
Not Reported in F.Supp., 1998 WL 273093 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

""

**H**  
Lombard v. Economic Development Admin. of Puerto Rico ("EDA")  
S.D.N.Y.,1998.  
Only the Westlaw citation is currently available.  
United States District Court, S.D. New York.  
George LOMBARD and Lomar, Inc., Plaintiffs,  
v.  
Economic Development Administration of Puerto Rico ("EDA"), Puerto Rico Industrial Development Company, Government Development Bank for Puerto Rico ("GDB"), Booz-Allen & Hamilton, Inc. ("Booz-Allen"), Jointly and Severally, and Alfredo Salazar, Jr., Individually and as Administrator of EDA, Jose M. Berrocal, Individually and as CEO of GDB, and W. Frank Jones, Individually and as an Employee of Booz-Allen, Jointly and Severally, Defendants.  
No. 94 CIV. 1050(BSJ).

May 27, 1998.

MEMORANDUM & ORDER

JONES, District J.  
*1 Defendants Economic Development Administration of Puerto Rico ("EDA") and Alfredo Salazar ("Salazar") bring this motion for entry of partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiffs George Lombard ("Lombard") and Lomar, Inc. oppose this motion and cross-move pursuant to Local Civil Rule 6.3 for reconsideration or reargument of the portion of the Court's March 12, 1998 Memorandum & Order ("March Order") addressing plaintiffs' quantum meruit claim. For the reasons stated below, defendants' motion is granted and plaintiffs' motion is denied.

BACKGROUND AND DISCUSSION

I. *Defendants' Rule 54(b) Motion*

In their Third Amended Complaint ("Complaint"), plaintiffs allege several causes of action against EDA, including, breach of oral contract, quantum meruit, promissory estoppel, and two breach of written contract claims. Plaintiffs also allege a cause of action against Salazar for breach of the implied warranty of authority. By Opinion & Order dated October 8, 1997 ("October Opinion"),[FN1] the Court dismissed all claims against EDA as barred by the Eleventh Amendment. The Court also dismissed the sole claim against Salazar concluding that plaintiffs failed to state a claim for breach of the implied warranty of authority as a matter of law. Accordingly, EDA and Salazar, pursuant to Fed.R.Civ.P. 54(b), now move the Court to enter a final judgment as to them dismissing the Complaint.

> FN1. Familiarity with the October Opinion is presumed.

"The decision to enter judgment under Rule 54(b) is left to the sound discretion of the district court."*Yaba v. Roosevelt,* 961 F.Supp. 611, 626 (S.D.N.Y.1997) (citations omitted)."Rule 54(b), which applies only when multiple claims or multiple parties are involved in the lawsuit, provides that the district court 'may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." ' *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992) (quoting Fed.R.Civ.P. 54(b)). And although the Second Circuit has emphasized that "the court's power under Rule 54(b)... should be exercised sparingly," *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir.1997) (internal quotation marks and citations omitted), entry of final judgment as to defendants EDA and Salazar is appropriate because there is no just reason for delay.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 273093 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

Page 2

Generally, a district court may properly make a finding that there is "no just reason for delay" when "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal" or "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims."*Id.* (internal quotation marks and citation omitted). As for EDA, the Court dismissed all claims against it on sovereign immunity grounds. Should this determination be incorrect, however, the Court, by granting EDA's Rule 54(b) motion, could prevent a duplicative trial and/or duplicative discovery. As for the claim dismissed as to Salazar, not only is it not "inextricably intertwined" with the remaining claims, but it is independent and factually distinct from those claims. *See Ginnet,* 962 F.2d 1095-96 ("Only those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."). Moreover, if entry of a final judgment were delayed as to EDA and Salazar, in all likelihood they would incur additional litigation costs. *See Olin Corp. v. Insurance Co. of N. Am.,* 771 F.Supp. 76, 80 (S.D.N.Y.1991) (conclusion that there was no just reason to delay entry of final judgment based in part on potential increased litigation costs to defendants), *aff'd,*972 F.2d 1328 (2d Cir.1992). Accordingly, EDA and Salazar's motion for final judgment under Rule 54(b) is granted.

II. *Plaintiffs' Cross-Motion for Reconsideration or Reargument*

*2 In addition to opposing defendants' Rule 54(b) motion, plaintiffs cross-move pursuant to Local Civil Rule 6.3 for reconsideration or reargument of the portion of the Court's March Order addressing plaintiffs' quantum meruit claim. In its March Order, the Court denied defendant PRIDCO's motion to dismiss the outstanding claims against it for breach of written contract and quantum meruit. PRIDCO contended that because jurisdiction in this case is premised on diversity of citizenship, the Court no longer had subject matter jurisdiction because plaintiffs' outstanding claims against PRIDCO amounted to only $12,500 and therefore did not satisfy the amount in controversy requirement.

In the course of denying PRIDCO's motion, the Court, citing its October Opinion, noted (1) that it had previously "dismissed all claims against PRIDCO, except one of plaintiffs' *breach of written contract claims* for the sum of $12,500, and plaintiffs' quantum meruit claim, also for the sum of $12,500," March Order at 2 (citing October Opinion at 27, 32) (emphasis added), and (2) that "these claims for $12,500 were for unreimbursed expenses and were not cumulative, but rather alternative theories of recovery."*Id.* (citing October Opinion at 31-32). Based on this portion of the Court's March Order, plaintiffs contend that the Court erroneously capped plaintiffs' quantum meruit claim at $12,500 and cross-move for reconsideration or reargument as to the amount of that claim.

The decision to grant or deny a motion for reconsideration or reargument under Local Civil Rule 6.3 rests with the sound discretion of the district court. *See Mullen v. Bevona,* No. 95 Civ. 5838, 1998 WL 148426, at *1 (S.D.N.Y. Mar.27, 1998). Under Rule 6.3, a party seeking reconsideration or reargument "must demonstrate that the court overlooked controlling authority or factual matters that might reasonably be expected to alter the conclusion reached by the court."*Id.* (internal quotation marks and citation omitted)."Parties may not advance any new facts, issues or arguments not previously presented to the court."*Id.*"Rule 6.3 is to be applied strictly in order to dissuade repetitive arguments on issues that have already been considered fully by the court."*Id.* (internal quotation marks and citations omitted).

Plaintiffs misinterpret the portion of the Court's March Order addressing plaintiffs' quantum meruit claim. In fact, this portion of the Court's March Order is merely a reiteration of the Court's October

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1998 WL 273093 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

Opinion. As both its March Order and October Opinion indicate, plaintiffs' quantum meruit claim is only capped at $12,500 insofar as plaintiffs were not compensated for expenses as provided for in the *written contracts.* As it stated in its October Opinion:

To the extent that plaintiffs allege that Lombard was not compensated for $12,500 in expenses *as provided by the contracts,* however, they can maintain their quantum meruit cause of action. In addition, plaintiffs can maintain a quantum meruit cause of action for services or materials provided *that were not covered by the written contracts,* as long as Lombard has not already been compensated for them.

*3 October Opinion at 32 (emphases added).

The Court's March Order simply reiterated the limitations of plaintiffs' quantum meruit cause of action that were clearly established by the Court's October Opinion. Accordingly, plaintiffs' motion for reconsideration or reargument is denied as it merely raises issues already considered and decided by the Court.

### CONCLUSION

For the foregoing reasons, EDA and Salazar's Rule 54(b) motion is granted and plaintiffs' cross-motion for reconsideration or reargument of the portion of the Court's March Order addressing plaintiffs' quantum meruit claim is denied.

There being no just reason for delay pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court shall, in accordance with this Memorandum & Order, enter final judgment dismissing the Complaint as to defendants EDA and Salazar.

SO ORDERED:

S.D.N.Y.,1998.  
Lombard v. Economic Development Admin. of Puerto Rico ("EDA")  
Not Reported in F.Supp., 1998 WL 273093 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.