UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL | ) ) ) | CIVIL ACTION NO. 3:03-CV-221 (AVC) |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| JOHN G. ROWLAND, ET AL | ) ) | APRIL 22, 2008 |
| Defendants | | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
FOR ENTRY OF PARTIAL FINAL JUDGMENT**

The Court should deny the Plaintiffs' motion for the entry of judgment pursuant to Fed.R.Civ.P. 54(b). Contrary to the Plaintiffs' assertions, an immediate appeal of the dismissal of the claims seeking money damages against defendants John G. Rowland ("Rowland") and Marc S. Ryan ("Ryan") is not necessary to avoid the possibility of multiple trials. Rather, granting their motion will only result in an unnecessary and easily avoidable multiplicity of appeals.

As explained below, even if the Plaintiffs could convince the Court of Appeals that this Court erred in dismissed the money damages claims against Rowland and Ryan on Eleventh Amendment immunity grounds, *at least two alternative grounds exist to support that ruling*: (1) qualified immunity; and (2) legislative immunity. Before the Court even considers the entry of judgment under Rule 54(b), it should address these defenses.

## ARGUMENT

**A.     Because Alternative, But Still Pending, Grounds Exist For Dismissing The Money Damages Claims, Entering Judgment Now Would Only Result In Multiple Appeals.**

The Defendants accept the Plaintiffs' assertion that two of the three conditions for granting a Rule 54(b) motion are satisfied here. First, multiple claims are present and, second, the Court has finally determined the "individual capacity" claims against Rowland and Ryan. All that remains are the "official capacity" claims against their successors, which seek injunctive relief.

The third condition, however, requires the Court to make an "express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b). The Defendants vigorously dispute that the Plaintiffs have satisfied their burden as to the third condition. And even if they could, the Court is not required to enter judgment. Rather, a district court's power to enter judgment under Rule 54(b) is "largely discretionary . . . to be exercised in light of judicial administrative interests as well as the equities involved . . . and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993). "Respect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely. The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).

For several reasons, the Defendants cannot satisfy the third requirement under Rule 54(b), and even if they could the Court should not exercise its discretion to direct the clerk to enter judgment.

Initially, and as noted above, the Plaintiffs hope to convince the Second Circuit that this Court erred in dismissing the money damages claims against Rowland and Ryan on Eleventh Amendment immunity grounds. But that is not the only ground upon which dismissal of the money damages claims can be sustained. At least two additional affirmative defenses exist to those claims. The Defendants presented one of them—qualified immunity—to the Court in their motion to dismiss, but the Court declined to rule on that defense for two reasons: first, "an issue of fact exist[ed] as to whether the defendants' belief [that their conduct did not violate the constitution] was objectively reasonable"; *see* Ruling on the Defendants' Motion to Dismiss (dated January 18, 2006) at 14; and second, that the defense was moot in light of the Court's favorable ruling on the Defendants' Eleventh Amendment immunity defense. *Id.* at 14-15.

The second additional defense to the Plaintiffs' money damages claims is absolute legislative immunity. As the Second Circuit remarked in the appeal in this case, "[i]t is uncontroversial that legislative immunity may bar claims for money damages brought against state and local officials in their personal capacities." *State Employees Bargaining Agent Coalition, et al. v. John G. Rowland, et al.*, 494 F.3d 71, 82 (2d Cir. 2007) [hereinafter *SEBAC v. Rowland*]. The court of appeals remanded the case for limited discovery and a determination of whether the Defendants' challenged actions were "procedurally" and "substantively" legislative. *Id.* at 98.

Accordingly, authorizing the Plaintiffs to appeal the dismissal of the money damages claims at this juncture is clearly premature, for resolution of the qualified immunity and legislative immunity defenses would constitute alternative grounds for affirming the Court's ruling. Granting the Plaintiffs' motion would thus lead to a multiplicity of appeals: an appeal now on the Court's Eleventh Amendment immunity ruling and a subsequent appeal when the Court rules on the additional defenses.

Given these facts, the Court should not even consider entering a Rule 54(b) judgment until the Court rules on their renewed qualified and legislative immunity defenses following limited discovery in accordance with the Second Circuit's mandate.

**B.      The Plaintiffs' Extraordinary Delay In Filing Their Motion Also Counsels Against Certifying An Immediate Appeal.**

The Court issued its ruling dismissing the money damages claims against Rowland and Ryan on January 18, 2006. Although the Plaintiffs assert in their motion that they bear absolutely no responsibility for the delay in the prosecution of this case, nothing prevented them from filing their Rule 54(b) motion promptly after the Court's ruling, which the Second Circuit accurately described as "unambiguous" in dismissing all of the Plaintiffs' money damages claims. *SEBAC*, 494 F.3d at 80 n.5 ("We find no ambiguity in the District Court's statement that '[a]ny claim for money damages . . . is barred' . . . and we therefore reject plaintiffs' assertion that the District Court's ruling was unclear.") Granting the motion at that time might have made sense, particularly given that the Defendants had appealed the denial of their legislative immunity defense. But no convincing justification exists for waiting more than two years to seek such relief.

In short, any prejudice that the Plaintiffs might suffer by delaying appellate review of the Court's ruling dismissing their money damages claims against Rowland and Ryan is almost entirely of their own making. The Court should not reward their tardiness by granting their Rule 54(b) motion now.

**C.     The Plaintiffs' Admission That Only Money Damages Will Afford Them Practical Relief Calls Into Question Their Continued Prosecution Of This Case.**

The Plaintiffs make a critically important admission in their brief which demands a response. They candidly state that, "[a]s a practical matter, *the only meaningful relief that plaintiffs can obtain in this action is monetary relief*." Plaintiffs' Memorandum of Law In Support of Motion for Entry of Partial Final Judgment at 4 (emphasis supplied). For reasons that will become crystal clear when the Defendants renew their motion to dismiss on legislative immunity and other grounds, this statement is absolutely correct; injunctive relief at this juncture in the case is practically pointless.

That being the case, the continued prosecution of the remaining injunction claims makes no sense and constitutes both an improper use of judicial resources and a unnecessary burden on the Defendants. The Plaintiffs should withdraw their "official-capacity" claims for injunctive relief, which would effectively terminate this case, save for an appeal of the dismissal of the money damages claims. Should they refuse to withdraw the injunction claims voluntarily, the Court should grant the Defendants' motion, submitted herewith, to order the Plaintiffs to appear before the Court and show cause why the injunction claims should not be involuntarily dismissed in light of their concession that such claims will not afford them practical relief. A District Court should not be asked to exercise its equitable powers when a

plaintiff admits that doing so will not afford practical relief.  Nor should the Defendants be required to expend time and resources defending a pointless claim.

WHEREFORE, the Plaintiffs' Motion for Entry of Partial Final Judgment should be denied.

>DEFENDANTS:
>
>JOHN G. ROWLAND and MARC S. RYAN
>
>By: _____/s/_____
>Daniel J. Klau (ct17957)
>Bernard E. Jacques (ct12293), of
>Pepe & Hazard LLP
>Its Attorneys
>Goodwin Square
>Hartford, CT 06103-4302
>Tel. No. 860-522-5175
>Fax No. 860-522-2796
>bjacques@pepehazard.com
>dklau@pepehazard.com

-7-

**CERTIFICATION**

    I hereby certify that on April 22, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                               _____/s/_____
                                                                   Daniel Klau