UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING<br>AGENT COALITION, ET AL, :<br>:<br>Plaintiffs, :<br>:<br>V. :<br>:<br>JOHN G. ROWLAND, ET AL, :<br>:<br>Defendants. : | <br><br><br><br><br>CIV. NO. 3:03CV221 (AVC)<br><br><br><br>MAY 19, 2008 |

**PLAINTIFFS' OBJECTION TO DEFENDANTS'**
**MOTION FOR ORDER TO SHOW CAUSE**

Defendants have filed a Motion for Order to Show Cause contending that this Court should order plaintiffs to show cause why plaintiffs' claims for injunctive relief should be dismissed as moot. In their Motion – which is unsupported by a memorandum of law or by any citation to legal authority[1] – defendants argue that because plaintiffs have acknowledged the limited relief that injunctive orders can now afford, plaintiffs' continued prosecution of this action is improper.

While it is true that injunctive relief in the form of reinstatement (as opposed to money damages) may now be no longer feasible for many of the union employees terminated by defendants, that does not mean that for many employees reinstatement would not be a meaningful remedy. And, equally important, plaintiffs' Amended Complaint seeks other forms

---

[1] Local Rule 7(a) requires that "any motion involving disputed issues of law shall be accompanied by a written memorandum of law" and that "failure to submit a memorandum may be deemed sufficient cause to deny the motion." Plaintiffs submit that defendants' Motion for Order to Show Cause should be denied for failure to submit any legal authority to support the Motion.

of injunctive relief against defendants, including an injunction barring defendants from engaging in the future in the illegal retaliatory conduct at issue.

In their appeal to the Second Circuit, defendants unsuccessfully challenged plaintiffs' right to injunctive relief barring defendants from retaliating against union employees and unions in the future. As the Second Circuit held in rejecting defendants' challenge to plaintiffs' right to obtain such injunctive orders:

> Plaintiffs seek other forms of injunctive relief as a remedy for defendants' alleged ongoing retaliation against the individual and union plaintiffs, as demonstrated by defendants' alleged failure to rehire the individual plaintiffs (or restore their positions). The prohibition against retaliation sought by plaintiffs, for example, would prevent this alleged ongoing injury from occurring again in the future.

SEBAC v. Rowland, 494 F.3d 71, 98 (2d Cir. 2007). There is no basis for defendants' contention that plaintiffs' desire to obtain monetary damages, as the most meaningful form of relief for many terminated employees, invalidates plaintiffs' right to injunctive relief.

PLAINTIFFS,

BY /s/_____
DAVID S. GOLUB ct00145
JONATHAN M. LEVINE ct 07584
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P.O. Box 389
Stamford, Connecticut 06904
(203) 325-4491
Fax: (203) 325-3769

## CERTIFICATION

I hereby certify that on May 19, 2008, a copy of the foregoing Plaintiffs' Objection to Defendants' Motion for Order to Show Cause was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
DAVID S. GOLUB   ct 00145
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone: 203-325-4491
Fax: 203-325-3769
E-mail:  dgolub@sgtlaw.com