UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, : <br><br> Plaintiffs, : <br><br> V. : <br><br> JOHN G. ROWLAND, ET AL, : <br><br> Defendants. : | <br><br><br><br><br> CIV. NO. 3:03CV221 (AVC) <br><br><br><br> MAY 19, 2008 |

### PLAINTIFF SEBAC'S FIRST SET OF INTERROGATORIES TO DEFENDANT M. JODI RELL

Plaintiff State Employees Bargaining Agent Coalition, through counsel, hereby requests, pursuant to Rules 33 of the Federal Rules of Civil Procedure, that defendant M. Jodi Rell, Governor of the State of Connecticut, answer, under oath, in her official capacity, within thirty (30) days, the following interrogatories.

### DEFINITIONS

1. As used in these Interrogatories, the term "defendants" refers to the defendant Governor of the State of Connecticut and the defendant Secretary of the Office of Policy and Management of the State of Connecticut, acting in their official capacities.

2. As used in these Interrogatories, the term "you" refers to defendant M. Jodi Rell in her official capacity as Governor of the State of Connecticut.

## INTERROGATORIES

1. State whether you dispute that, at all times from November 2002 to date, employees in the State of Connecticut's work force have had the constitutional right, pursuant to the First and Fourteenth Amendments to the United States Constitution, to associate in unions and participate in union activities. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**


2. State whether you dispute that, at all times from November 2002 to date, the First and Fourteenth Amendments to the United States Constitution have prohibited a state employer from retaliating against a public employee because of his or her union membership or union activities, such as by terminating his or her public employment based on his or her union membership or union activities. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**

3. State whether you dispute that, at all times from November 2002 to date, employees in the State of Connecticut's work force have had the constitutional right, pursuant to the First and Fourteenth Amendments to the United States Constitution, to associate in unions and participate in union activities without being subjected to adverse employment action by you or other state officials on account of such union membership or union activities. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**

4. State whether you dispute that, at all times from November 2002 to date, the First and Fourteenth Amendments to the United States Constitution Amendment have prohibited you and other state officials from discriminating against employees in the State of Connecticut's work force based on their union membership. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**

5. State whether you dispute that, at all times from November 2002 to date, non-policy making public employees have had the right, pursuant to the First and Fourteenth Amendments to the United States Constitution, to support political candidates for election and associate with others who support such candidates without being subjected to adverse employment action by a

state employer on account of such political activities. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**

6. State whether you dispute that, at all times from November 2002 to date, the First and Fourteenth Amendments to the United States Constitution have prohibited you and other state officials from retaliating against non-policy making employees in the State of Connecticut's work force because of their or their union's political activities, such as by terminating such employees' employment based on his or her support for a particular candidate or his or her union's support for a particular candidate or such as by determining which employee should be selected for an otherwise bona fide layoff based on the employee's support for a particular candidate or his or her union's support for a particular candidate . To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**

7. State whether you dispute that, at all times from November 2002 to date, the First and Fourteenth Amendments to the United States Constitution have prohibited you and other state officials from terminating the employment of non-policy making employees in the State of Connecticut's work force because the employee or the employee's union refuses to support you for reelection, including by selecting the employee for an otherwise bona fide layoff because the

employee or the employee's union refuses to support you for reelection. To the extent that you do so dispute, explain the basis for such dispute.

**ANSWER:**




8. State whether you contend that the job terminations at issue in this lawsuit were layoffs necessitated by the State of Connecticut's Fiscal Year 2003 budget deficit. If you do not so contend, state what you contend to be the actual reason for the job terminations at issue in this lawsuit

**ANSWER:**




9. State whether it is your position that where there is an economic necessity for layoffs in the State of Connecticut's work force, you and other state officials may, consistent with the First and Fourteenth Amendments to the United States Constitution, select which employees to lay off based on whether the employees are or are not members of state employee unions. If it is not your position, state under what circumstances you contend you or other state officials may,

consistent with the First and Fourteenth Amendments to the United States Constitution, select employees for layoff based on whether the employees are or are not members of state employee unions.

**ANSWER:**


10. State whether it is your position that where there is an economic necessity for lay-offs in the State of Connecticut's work force and where the state employee unions have failed to agree to collective bargaining agreement concessions sought by you as a means to avoid such lay offs, you and other state officials may, consistent with the First, Fifth and Fourteenth Amendments to the United States Constitution , lay off only members of state employee unions. If it is not your position, state under what circumstances you contend you or other state officials may, consistent with the First and Fourteenth Amendments to the United States Constitution, select union employees for layoff where the unions have declined requested financial concessions.

**ANSWER:**


11. State whether it is your position that because there was an economic necessity in November-December 2002 for layoffs due to the State of Connecticut's Fiscal Year 2003 budget

deficit, it was constitutionally permissible for defendants to choose which employees to lay off based on whether the employees were or were not members of state employee unions.

**ANSWER:**

12. State whether it is your position that because there was an economic necessity in November-December 2002 for layoffs due to the State of Connecticut's Fiscal Year 2003 budget deficit and because the state employee unions did not agree to collective bargaining agreement concessions sought by defendants as a way to avoid such lay offs, it was constitutionally permissible for defendants to choose which employees to lay off based on whether the employees were or were not members of state employee unions.

**ANSWER:**

13. State whether it is your position that should there be an economic necessity for layoffs in the State of Connecticut's work force in the future, defendants may, consistent with the First and Fourteenth Amendments to the United States Constitution, choose which employees to lay off based on whether the employees are or are not members of state employee unions.

**ANSWER:**

14. State whether it is your position that should there be an economic necessity for layoffs in the State of Connecticut's work force in the future, and should the state employee unions decline to agree to collective bargaining agreement concessions sought by defendants as a way to avoid such lay offs, defendants may, consistent with the First, Fifth and Fourteenth Amendments to the

United States Constitution, choose which employees to lay off based on whether the employees are or are not members of state employee unions.

**ANSWER:**



15. State whether it is your position that where there is an economic need for lay-offs in the State of Connecticut's work force, defendants may choose which non-policy-making employees to lay-off based on whether the employees did or did not support the sitting Governor's bid for re-election.

**ANSWER:**



16. State whether it is your position that because there was an economic necessity for the layoffs at issue in this lawsuit due to the State of Connecticut's FY 03 budget deficit, it was constitutionally permissible for defendants to choose which employees to lay-off based on whether the employees did or did not support the sitting Governor's bid for re-election.

**ANSWER:**



17. State whether it is your position that should there be an economic necessity for layoffs in the State of Connecticut's work force in the future, it will be constitutionally

permissible for defendants to choose which employees to lay-off based on whether the employees did or did not support the sitting Governor's bid for re-election.

**ANSWER:**

BY _____
DAVID S. GOLUB  ct 00145
JONATHAN M. LEVINE ct 07584
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CONNECTICUT  06904
TEL. (203) 325-4491
FAC. (203) 325-3759
dgolub@sgtlaw.com
jlevine@sgtlaw.com