UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL | ) | CIVIL ACTION NO. 3:03-CV-221 (AVC) |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN G. ROWLAND, ET AL | ) | |
| | ) | JULY 14, 2008 |
| Defendants | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO STAY DISCOVERY AND TO MODIFY SCHEDULING ORDER**

The Plaintiffs have alleged that former Governor John Rowland and his Secretary of the Office of Policy and Management ("OPM"), Marc Ryan, violated the First Amendment when, allegedly motivated by anti-union animus, they ordered layoffs of approximately 2500 state employees in late 2002 and early 2003. Thus, the complaint is a paradigmatic example of a "subjective intent" or "motive-based" constitutional tort. When such a claim is alleged, and when the defendant asserts a governmental immunity defense, the United States Supreme Court has mandated that a district court *must* exercise its discretion over trial management and discovery "in a way that protects the substance" of the defense. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). Specifically, the district court "*must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.*" *Id.*

The Second Circuit Court of Appeals has authorized the Plaintiffs to conduct limited discovery on the Defendants' legislative immunity defense to determine whether the challenged actions were "substantively" and "procedurally" legislative. *State Employees Bargaining Agent Coalition v. Rowland, et al.*, 494 F.3d 71 (2d Cir. 2007) ("*SEBAC v. Rowland*").

However, the Plaintiffs have served discovery requests that far exceed that limited scope of discovery, including interrogatories directed to Governor M. Jodi Rell, who, as the then-Lt. Governor of the State, was not involved in the decision-making process leading to the Plaintiffs' terminations. (A copy of the interrogatories directed to Governor Rell are attached as Exhibit A.) Similarly, the Plaintiffs have served interrogatories, document requests and requests for admission on the defendants and upon the current Secretary of OPM, which seek information well beyond the limited scope of discovery. (The relevant discovery requests are attached as Exhibits B and C.)

The Plaintiffs' discovery requests are unnecessary and burdensome. In accordance with *Crawford-El,* the Court must stay all discovery except as necessary to permit resolution of the immunity defenses.

## FACTUAL BACKGROUND

The Plaintiffs commenced this action in February 2003 in response to Governor Rowland's decision to lay-off approximately 2500 state workers when, during a budget crisis, the unions of which they were members refused to grant monetary concessions. In an artfully-pled complaint, which was deafeningly silent about the existence of the budget crisis, the Plaintiffs alleged that the Governor terminated them in retaliation for their union membership and activities, purportedly in violation of the First Amendment.

The Defendants filed a motion to dismiss the complaint on February 24, 2003. On May 27, 2003—before the Court took any action on the motion to dismiss—the Plaintiffs filed an Amended Complaint, which attempted to address many of the deficiencies in the original complaint. On July 7, 2003, the Defendants moved to dismiss the Amended Complaint on

2

grounds of, *inter alia*, absolute legislative immunity and qualified immunity. Although all briefing concerning that motion was completed by August 22, 2003, it remained *sub judice* before Judge Alvin Thompson until the case was reassigned to this Court on November 17, 2005.

On January 18, 2006, the Court issued its ruling on the motion to dismiss, holding that the Eleventh Amendment barred the Plaintiffs' claims seeking money damages from the Defendants in their individual capacities. Pending discovery, however, the Court denied the motion insofar as it challenged the complaint on grounds of absolute legislative immunity.

The Defendants filed an interlocutory appeal, which the Second Circuit heard on November 8, 2006. On July 10, 2007, the court of appeals issued its decision, holding that the legislative immunity defense required limited fact-finding. In particular, the Second Circuit instructed this Court on remand to determine whether the Defendants' actions in terminating the Plaintiffs' employment were "procedurally" and "substantively" legislative. *SEBAC v. Rowland*, 494 F.3d at 90, 92. The Second Circuit explained that an action is "procedurally legislative" if it was an "integral step in the legislative process." *Id.* at 89. The terminations at issue are "substantively legislative" if the Defendants' eliminated the Plaintiffs' positions. *Id.* at 91 ("The elimination of a position, unlike the 'hiring or firing of a particular employee,' is a substantively legislative act for legislative immunity purposes.") Significantly, the court of appeals held that the Defendants' *motives* for reducing the size of the state workforce are irrelevant to the immunity analysis. *Id.* at 90 ("Neither a showing of 'good faith' nor an inquiry into defendants' subjective 'reasons' addresses the relevant issue of whether the 'nature of the act[s]' that gave rise to the alleged harm was legislative or executive.)

## ARGUMENT

"When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court *must* exercise its discretion in a way that protects the substance of the qualified immunity defense. It *must* exercise its discretion so that officials are not subject to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. at 597-98 (emphasis supplied).

This case involves exactly the type of motive-based complaint that *Crawford-El* addressed. Accordingly, to protect the substance of the immunity defenses that the Defendants have raised, the Court must exercise its discretion so as to avoid subjecting the Defendants to unnecessary and burdensome discovery or trial proceedings.

The Defendants have filed this motion because, unfortunately, the Plaintiffs seek such discovery. Instead of narrowly-tailoring their discovery requests to comport with the limited scope of discovery the court of appeals allowed, the Plaintiffs have served broad and burdensome interrogatories, document requests and requests for admission, including upon Governor Rell personally. These requests seek to elicit factual information, legal opinions and positions unrelated to the core questions of whether the Defendants' actions were substantively and procedurally legislative.

The unnecessary and burdensome nature of the Plaintiffs' discovery requests becomes even clearer when the Court considers the Plaintiffs' admission that, at this juncture in the case, injunctive relief would be pointless. *See, e.g.*, Motion for Entry of Partial Final Judgment (dated April 4, 2008) (stating, "[a]s a practical matter, the only meaningful relief that plaintiffs can obtain in this action is monetary relief."); Motion for Order to Show Cause

4

(dated April 22, 2008) and Objection to Defendants' Motion for Order to Show Cause (dated May 19, 2008).

Moreover, the Defendants are preparing a motion to dismiss and/or for summary judgment that will establish that every single member of the plaintiff class has either been rehired or has been offered but refused a position with the State.[1]  Thus, the Plaintiffs' request for relief in the form of reinstatement is moot.  The motion will also establish that the Plaintiffs' request for an injunction preventing "future retaliation" based on union membership improperly asks this Court to resolve a purely hypothetical dispute, in violation of the "actual case or controversy" requirement of Article III of the federal constitution.  From its inception, this case has always been rooted in *Governor Rowland's* alleged anti-union animus.  The only basis for the Plaintiffs' fear of retaliation by Governor Rell or a future governor is rank speculation, which is a manifestly improper and inadequate ground for invoking this Court's Article III jurisdiction.  *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  It is also an inadequate ground for exercising this Court's equitable powers, even assuming that Article III standing exists.  *Id.* at 110 ("The equitable remedy [of an injunction] is unavailable absent a showing of irreparable harm, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wrong again – a 'likelihood of substantial and immediate irreparable injury.'  The speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not be fulfilled.")

---

[1] *See Crawford-El*, 523 U.S. at 599 ("[A]s the evidence is gathered, the defendant-official may move for partial summary judgment on objective issues that are potentially dispositive and are more amenable to summary disposition than disputes about the official's intent. . . .")

5

**CONCLUSION AND STATEMENT OF RELIEF REQUESTED**

In accordance with *Crawford-El*, and pending the resolution of the Defendants' immunity defenses and their motion to dismiss and/or for partial summary judgment, the Court must prevent the Plaintiffs from inflicting unnecessary and burdensome discovery requests upon the Defendants. Accordingly, the Court should enter an order staying all discovery beyond that which is required to resolve the Defendants' immunity defenses or to respond to their intended motion to dismiss and/or for summary judgment.

Because it will take the Court a period of time to resolve the immunity defense issue and the Plaintiffs' forthcoming motion, the Plaintiffs propose that the Court amend its current schedule as set forth in the accompanying Proposed Order.

                              DEFENDANTS:
                              JOHN G. ROWLAND AND MARC S. RYAN


                              By____/s/_____
                                   Daniel J. Klau (ct17957)
                                   Bernard E. Jacques (ct12293)
                                   Pepe & Hazard LLP
                                   Their Attorney
                                   Goodwin Square
                                   225 Asylum Street
                                   Hartford, CT 06103-4302
                                   Tel. No. (860) 522-5175
                                   Fax No. (860) 522-2796
                                   bjacques@pepehazard.com
                                   dklau@pepehazard.com

## **CERTIFICATION**

      I hereby certify that on July 14, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                      _____/s/_____
                                                                           Daniel Klau

DJK/33813/2/854947v1
07/14/08-HRT/

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL | ) ) ) | CIVIL ACTION NO. 3:03-CV-221 (AVC) |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| JOHN G. ROWLAND, ET AL | ) ) | JULY ___, 2008 |
| Defendants | ) | |

### [PROPOSED] ORDER MODIFYING SCHEDULING ORDER

1. Accept as expressly set forth below, discovery shall be stayed pending further order of the Court. Further, all deadlines relating to damages analyses, designation of trial experts, submission of joint trial reports and trial ready dates are hereby suspended until the Court resolves plaintiffs' motion for reconsideration, at which time the Court shall establish new deadlines.

2. By August 15, 2008, Defendants shall file motion to dismiss and/or for summary judgment [the "Motion"] on all surviving claims.

3. By August 30, 2008, Plaintiffs shall file an affidavit pursuant to Fed.R.Civ.P. 56(f) setting forth the discovery that they believe is necessary to respond to Defendants' Motion.

4. By September 15, 2008, Defendants shall file a response to Plaintiffs' Rule 56(f) affidavit, which the Court shall adjudicate forthwith.

5. All discovery relevant to Defendants' Motion shall be completed by November 15, 2008.

6. Plaintiffs shall file a brief in opposition to Defendants' Motion by December 15, 2008.

7. Defendants shall file any reply brief within 21 days.

_____
Hon. Alfred V. Covello

DJK/33813/2/854947v1
07/14/08-HRT/