Westlaw

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1996 WL 191746 (E.D.La.)
**1996 WL 191746 (E.D.La.)**

Local 100, Service Employees Intern. Union v. Assumption Parish School Bd.
E.D.La.,1996.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
LOCAL 100, SERVICE EMPLOYEES INTERNATIONAL UNION and Thelma Hill
v.
ASSUMPTION PARISH SCHOOL BOARD and Dr. P. Edward Cancienne, Jr., Superintendent
No. CIV. A. 96-0116.

April 19, 1996.

*ORDER AND REASONS*

PATRICK E. CARR, District Judge.
*1 Defendants' motion for dismissal for failure to state a claim upon which relief can be granted, Rule 12(b)(6), has been determined without oral argument. The facts set out below, in some detail, accept all allegations of the complaint as true and view them in the light most favorable to plaintiff.

Plaintiff Hill,[FN1] an African-American, is a member of the plaintiff Union and was employed as a secretary by the defendant School Board for almost twenty years. In May and June, 1995, Hill became involved in separate vehement arguments at the school on separate issues with two white teachers. In one of the arguments, Hill asserted that a school activity was organized in a discriminatory manner. The principal of the school placed her on probation. After the second argument, the School Board on July 5, 1995, voted to terminate Hill's employment. Throughout the matters, the white teachers who had argued with Hill were not disciplined and their allegations were accepted as true.

Hill was a founding member of COPE, an organization established to address the educational concerns of citizens of the Parish. Prior to the incidents, various members of the School Board had expressed disapproval of her activities with COPE. The defendant Superintendent called a meeting after the two arguments and before the Board's vote. The meeting was attended by Hill, her representatives, the Superintendent, and the Principal. The principal, in support of his actions, said that Hill had threatened to involve COPE in the disputes. After the meeting, the Superintendent wrote in a letter that Hill's dismissal would be justified because of her exercise of her constitutional rights in the argument involving her allegations of discrimination.

This action alleges violations of Hill's constitutional rights under 42 U.S.C. §§ 1981 and 1983, her First Amendment right to free speech, her Fourteenth Amendment rights to equal protection and due process, and various state laws. The relief sought is Hill's reinstatement to her job with back pay, restoration of her benefits, and other monetary damages to be proved at trial.

*DISCUSSION*

The first issue is whether the Union has associational standing to sue. The criteria for associational standing apply to a union as plaintiff. See *National Treasury Employees Union v. U.S. Department of the Treasury,* 25 F.3d 237 (5th Cir.1994). An association has standing to bring suit on behalf of a member if: (1) its member would otherwise have standing to sue in her own right; (2) the interests the association seeks to protect are germane to its purposes; and (3) neither the claim asserted nor the relief requested requires the participation of the member in the lawsuit. **Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441 (1977).** Generally, an association has standing if the relief sought is a declaration, injunction, or other form of prospective relief. *Ibid.*

In this case it is conceded that the Union meets the first two *Hunt* criteria. It cannot satisfy the third and has no standing. The claims asserted in this matter and the relief sought, i.e., reinstatement, back pay, money damages for Hill, are personal to Hill and require her participation.

*2 The next issue is whether Hill has stated a claim on which relief may be granted. Dismissal for failure to state a claim is rarely granted and is appropriate only if, taking the allegations of the complaint as true

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1996 WL 191746 (E.D.La.)
**1996 WL 191746 (E.D.La.)**

and viewing them in the light most favorable to plaintiff, she can prove no set of facts in support of her claims which will entitle her to relief. Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 1357. Viewing the allegations by that standard, as set out above, Hill may be able to prove facts which would entitle her to relief.

The motion to dismiss is GRANTED as to any claims of the Union, and is DENIED as to the claims of Hill.

> FN1. Hill is a plaintiff in this action even though she is not specifically identified as such in the "Parties" section of the complaint. She is shown as an independent plaintiff in the caption, she is referred to elsewhere as "plaintiff," and all the facts set out and relief sought refer to her.

E.D.La.,1996.
Local 100, Service Employees Intern. Union v. Assumption Parish School Bd.
Not Reported in F.Supp., 1996 WL 191746 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.