UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL.<br>Plaintiffs, | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| V. | : | 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL.,<br>Defendants. | : <br> : <br> : | August 1, 2008 |

### DECLARATION OF GENEVA HEDGECOCK

Geneva Hedgecock declares, pursuant to 28 U.S.C. § 1746:

1. I am a plaintiff in the above-captioned action and submit this Declaration in opposition to defendants' Motion for Summary Judgment seeking to dismiss my claims in this action on the purported grounds that the Court cannot provide me with any meaningful prospective injunctive relief.

2. I was terminated as a Secretary 2 from the Department of Social Services ["DSS"] on January 7, 2003. At the time of my termination, I was employed at the DSS office in Bristol, Connecticut very close to my home in Bristol. In addition, I was employed in a position that I enjoyed and that involved the full range of secretarial and clerical support functions.

3. Although I was rehired in May 2003 to a Secretary 2 position with the Department of Public Health ["DPH"], that position is not fully comparable to the position from which I was terminated.

In the first place, I am now employed at a DPH office in Hartford, which is a considerable distance from my home and involves a time-consuming round-trip commute. I suffer from a physical disability, and the commute to and from the office in Hartford on public transportation

is also an extreme hardship for me. I must also attend regular appointments with my physicians located near my home, and must get to those appointments on public transportation, exacerbating the hardship of my current placement in the Hartford office.

In addition, unlike my prior position, my current position does not involve the full range of clerical responsibilities, but rather, involves almost exclusively data entry into the DPH computer systems. Because I am involved exclusively in such data entry, I am largely isolated and do not have the opportunity for meaningful work relationships with colleagues in the office.

4. I continue to suffer other disadvantages as a result of my prior termination which I believe can be addressed by injunctive prospective relief. As a result of the termination, I have lost over four months of competitive seniority in the State work force which affects, among other things, my bumping, shift seniority and longevity rights. I have also been advised that the time during which I was unemployed is not being counted for purposes of determining my pension and benefit entitlements and my longevity pay.

5. I am seeking reinstatement to a Secretary 2 position with full clerical responsibilities at the DSS office closest to my home (New Britain), and a recalculation of my competitive seniority and an adjustment of my years of service for purposes of my benefit and pension entitlements to include the time period during which I was terminated from my position. I also seek entry of orders enjoining the defendants from making termination decisions in the future based on my union status and from taking actions to penalize me for my and my union's union-related activities. I am aware that there is currently a budget deficit in Connecticut and I am concerned that the Governor may repeat the conduct at issue, including by terminating State employees based on union membership if the unions do not agree to give concessions of their

2

collective bargaining agreement rights or terminating union employees based upon their political activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __1__ August, 2008.

*Geneva M. Hedgecock*
GENEVA HEDGECOCK