# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, | : |
| Plaintiffs, | : |
| V. | : CIV. NO. 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL, | : |
| Defendants. | : |

**PLAINTIFF STATE EMPLOYEES BARGAINING AGENT COALITION'S
FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
TO DEFENDANT ROBERT GENUARIO**

Plaintiff State Employees Bargaining Agent Coalition, through counsel, hereby requests, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, that defendant Robert Genuario, Secretary of the Office of Policy and Management, respond, in his official capacity, within thirty (30) days to these interrogatories and requests for production of documents.

**DEFINITIONS**

1. As used in these requests, the term "document" has the same meaning as the scope of items described in FRCP Rule 34(a), and includes but is not limited to all written, typed, printed, recorded, drawn or diagramed, graphic or photographic material, and audio or video reproduction tapes, discs or other devices, however produced or reproduced, including: agreements, communications, books, records, invoices, ledgers, journals, accounts, memoranda, stenographic or handwritten notes, letters, notices, telegrams, transcripts, diaries, calendars, contracts, opinions, studies, publications, analyses, summaries, messages, correspondence, reports, surveys, statistical compilations, records of telephone conversations, records of personal conversations or interviews, records of meetings or conferences, graphs, notebooks, plans, drawings, sketches, maps, reports of investigations or negotiations, photographs, tapes, motion picture film, videotapes, brochures, pamphlets, advertisements, circulars, data processing cards, computer tapes or printouts, electronic mail (e-mail) whether generated internally or through an external network, press releases, drafts, work papers, any marginal comments appearing on any writing or copy thereof, and all other writings and recordings of any kind.

2. As used in these requests, a document "relating to" a given subject means any document constituting or comprising that subject, and any document identifying, referring to, dealing with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting or pertaining to that subject.

3. As used in these requests, "termination" or "terminated" means any cessation of state employment, whether by way of lay-off, separation, or bumping, and whether or not such cessation of employment was "for cause," and specifically includes any cessation of employment that defendant contend was a lay-off for budgetary reasons or to effect budget savings.

## INSTRUCTIONS

1. The Answers to the Interrogatories shall be made under oath separately and fully in writing, within thirty (30) days after the service of such Interrogatories, and shall be delivered to the undersigned counsel. Responses to the Request for Production of Documents shall be served simultaneously with the Answers to Interrogatories. The Answers to the Interrogatories should be signed under oath following the last Interrogatory. Plaintiff also request that you supplement your Answers to these Interrogatories and Responses to Request for Production of Documents. These Interrogatories are deemed to be continuing. If you acquire any information responsive to these Interrogatories which indicates the answer was incorrect or incomplete when made or has become incomplete or incorrect, it is required to serve supplemental answers containing such later acquired information, or as otherwise required under Rule 33.

2. All answers to these Interrogatories should be preceded by the Interrogatory to which the answer pertains. The answers to these Interrogatories must include all information known and reasonably available to you, your attorney(s), and the agents, employees, and other representatives of you and your attorney(s). For each Interrogatory which is not or cannot be answered on the personal knowledge of the person signing the answers to the Interrogatories, state the name and address of each person providing information for such answer and a description of all documents from which such information was obtained.

3. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request.

4. Your response shall state, with respect to each item or category, that inspection and related activities shall be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

5. This request is intended to be deemed continuing in character, so as to request you to properly amend or supplement your response if you obtain further material information.

6.    If any document is withheld for any reason, including but not limited to any alleged claim of privilege, confidentiality or trade secret, or for any other reason or objection, please provide a description of the document being withheld which includes the following:

    (a)    The date of the document;
    (b)    The author of the document;
    (c)    The recipient of the document;
    (d)    All persons to whom copies of the documents have been furnished;
    (e)    The subject matter of the document;
    (f)    The file in which the document is kept in the normal course of business;
    (g)    The current custodian of the document; and,
    (h)    The nature of the privilege or other reason for not producing the document and sufficient description of the facts surrounding the contents of the document to justify withholding the document under said privilege or reason.

9.    If any document responsive to this request was, but is no longer in your possession, custody or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

### INTERROGATORIES

1. Identify every state employee who was given notice at any time from November 1, 2002 through February 28, 2003 that his or her State employment was being terminated, and state:

    a. the date the employee was given such notice;
    b. the employee's position (including title and agency) in the State work force;
    c. the bargaining unit, if any, of which the employee was a member;
    d. the employee's annual salary at the time the notice was given;
    e. the last day of employment for the employee stated in the notice;
    f. the reason for the termination of the employee's state employment (including, but not limited to, purported lay-off, separation, bumping, misconduct, or any other reason);
    g. whether the employee's state employment was, in fact, terminated in accordance with the notice, and, if so, the date of such termination;
    h. if the employee's state employment was not terminated in accordance with the notice, the reason the employee's state employment was not so terminated;
    i. the name and position of the person who made the decision to select the employee for termination and, if the employee was not terminated in accordance with the notice, the name and position of the person who made the decision not to terminate the employee's state employment.

2. For each employee identified in response to Interrogatory No. 1 whose employment was, in fact, terminated in accordance with the notice, state:

    a. whether the employee was ever re-hired or otherwise reinstated to state employment; and if so
        (1) the date the employee was re-hired or otherwise reinstated;
        (2) the reason the employee was rehired or otherwise reinstated;
        (3) the position to which the employee was rehired or otherwise reinstated;
        (4) the employee's annual salary upon re-hire or other reinstatement and salary increases to date (or to the conclusion of the employee's state employment);
    b. whether the employee is still employed by the State and, if so,
        (1) all positions held by the employee since re-hire or other reinstatement;
        (2) the dates of all salary increases received by the employee since re-hire or other reinstatement.

3. For each employee identified in response to Interrogatory No. 1 whose employment was, in fact, terminated in accordance with the notice, state whether, since the employee's termination, the State has hired any other person to the employee's vacated position or a similar open position in the employee's agency, and if so, state:

    a. the name of the person so hired;
    b. the date the person was so hired;
    c. the title, position and agency to which such person was hired;
    d. the bargaining unit, if any, of which the person, when hired, became a member;
    e. the salary paid to such person;
    f. whether such person is still employed by the State, and if so, the person's current position and salary and, if not, the date the person's employment was terminated and the reason for the termination;
    g. the basis on which the person was so hired (i.e., permanent employee, temporary employee, durational project manager, etc.).
    h. the name and position of the person responsible for hiring such person.

## REQUESTS FOR PRODUCTION

1. All notices of termination, whether by way of lay-off, separation, bumping, for cause, or for any other reason, issued to any state employee at any time from November 1, 2002 through February 28, 2003.

2. All written or electronic communication between the Office of Policy and Management and any state agency concerning any employment action (including, without limitation, lay-off notice, lay-off, termination, separation, bumping, reinstatement, rehire, offer of

4

reinstatement or rehire, promotion, and/or change in compensation) taken with respect to any employee identified in response to Interrogatory No. 1.

3. All written or electronic communication between the Office of Policy and Management and any state agency concerning any employment action (including, without limitation, lay-off notice, lay-off, termination, separation, bumping, reinstatement, rehire, offer of reinstatement or rehire, promotion, and/or change in compensation) taken with respect to any individual identified in response to Interrogatory No. 3 who was hired to a position vacated by an employee identified in response to Interrogatory No. 1 or a similar open position in such employee's agency.

4. All written or electronic communication between the Office of Policy and Management and any state agency pertaining to or setting forth alternative means of achieving cost savings at such state agency in lieu of savings through lay-offs of employees identified in response to Interrogatory No. 1.

5. All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to, or setting forth the impact of the lay-offs of employees identified in response to Interrogatory No. 1 on the operations and/or programs of any state agency.

6. All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to, or setting forth the budgetary savings to be achieved in the State of Connecticut biennial budget for 2002-2003 from the lay-offs of any employees identified in response to Interrogatory No. 1.

7. All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to, or setting forth alternative means of achieving the desired budgetary savings in the State of Connecticut biennial budget for 2002-2003 other than through the lay-offs of the employees identified in response to Interrogatory No. 1.

8. All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to, or setting forth the budgetary savings to be achieved in the State of Connecticut biennial budget for years beyond 2003 from the lay-offs of the employees identified in response to Interrogatory No. 1.

9. Copies of all press releases issued by the Office of Policy and Management concerning the lay-offs of employees identified in response to Interrogatory No. 1.

10. Copies of all newspaper articles retained by the Office of Policy and Management concerning the lay-offs of employees identified in response to Interrogatory No. 1.

      11.    Copies of all pleadings and arbitration decisions in any arbitrations concerning any employment action taken with respect to any employee identified in response to Interrogatory No. 1.

      12.    All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to any exercise of the Governor's budgetary rescission authority pursuant to Gen. Stats. § 4-85(b).

      13.    All documents purporting to invoke or exercise the Governor's budgetary rescission authority pursuant to Gen. Stats. § 4-85(b).

      14.    All documents, including but not limited to all written or electronic correspondence, memoranda, reports, analyses and/or studies, reflecting, pertaining to, or setting forth the "balanced budget" plan submitted by the Governor to the Connecticut legislature on December 6, 2002.

                                PLAINTIFFS,

                              BY_____/s/_____
                              DAVID S. GOLUB ct00145
                              JONATHAN M. LEVINE ct07584
                              SILVER GOLUB & TEITELL LLP
                              184 Atlantic Street
                              P.O. Box 389
                              Stamford, Connecticut 06904
                              (203) 325-4491
                              Fax: (203) 325-3769
                              (dgolub@sgtlaw.com)
                              (jlevine@sgtlaw.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, electronically, and by U.S. mail, postage prepaid, this 20th day of February, 2008 to:

Daniel J. Klau, Esq.
Bernard E. Jacques, Esq.
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06106

and

Allan B. Taylor, Esq.
Albert Zakarian, Esq.
Victoria Woodin Chavey, Esq.
Douglas W. Bartinik, Esq.
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212.

/s/
JONATHAN M. LEVINE

7