EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL. Plaintiffs, | : : : | CIVIL ACTION NO. 3:03CV221 (AVC) |
| V. | : : | |
| JOHN G. ROWLAND, ET AL., Defendants. | : : : | September 7, 2007 |

## JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Complaint filed: | February 3, 2003 |
| Date Complaint served: | February 3, 2003 |
| Date of Defendants' appearance: | February 24, 2003 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 26(e), conferences were held on various dates in August and September 2007. The participants were:

David S. Golub for Plaintiffs;

Allan B. Taylor and Douglas W. Bartinik for Defendants.

I. **Certification**

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

Case 3:03-cv-00221-AVC     Document 126     Filed 09/07/2007     Page 2 of 7

II.  **Jurisdiction**

A.  *Subject Matter Jurisdiction*

Plaintiffs invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 1983. Defendants reserve their right to contest this Court's subject matter jurisdiction throughout this litigation as appropriate. *See* III. B. below.

B.  *Personal Jurisdiction*

Not contested.

III.  **Brief Description of Case**

A.  *Claims of Plaintiffs*

Plaintiffs contend that the Defendants violated their constitutional rights as set forth in the Amended Complaint.

B.  *Defenses and Claims of Defendants*

Defendants deny Plaintiffs' claims. Defendants' conduct was, among other things, protected by legislative immunity and/or qualified immunity. Moreover, Defendants' conduct in controlling the State's budget and conducting layoffs was not unconstitutional as a matter of law. Defendants reserve the right to assert and/or renew all applicable defenses when they file an answer to Plaintiffs' Complaint and throughout this litigation as appropriate.

C.  *Defenses and Claims of Third Party Defendants*

Not applicable.

IV.  **Statement of Undisputed Facts**

1.  Defendants' counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Defendants state that the

-2-

following facts are undisputed at this time: (a) In 2002 and through the date of the Amended Complaint, John G. Rowland was Governor of the State of Connecticut; (b) In 2002 and through the date of the Amended Complaint, Marc S. Ryan was Secretary of the Office of Policy and Management of the State of Connecticut.

**V.    Case Management Plan**

    A.    *Standing Order on Scheduling in Civil Cases*: The Defendants request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

        1.    The Parties request that the deadline to complete discovery be modified in accordance with section E.2, *infra*.

        2.    The Parties request that the deadline to file motions for summary judgment be modified in accordance with section F, *infra*.

    B.    *Scheduling Conference with the Court:* The Parties do not request a conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.    *Early Settlement Conference:*

        1.    The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2.    The Parties do not request an early settlement conference.

        3.    If a settlement conference is later scheduled, the Parties prefer a settlement conference with a District Judge.

        4.    The Defendants do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16(h).

D. *Joinder of Parties and Amendment of Pleadings:* Plaintiffs will file any Rule 23 motions for class certification not later than November 15, 2007 or 20 days after the Court's ruling on Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later. Defendants have agreed not to oppose class certification of the following class: All individuals (1) who were employees of the State of Connecticut as of November 17, 2002; (2) who were in a bargaining unit represented by one of the plaintiff unions; and (3) whose employment has been terminated or who have been bumped or demoted to new positions or otherwise adversely affected by the terminations implemented by Defendants as alleged in the Amended Complaint. In accordance with Rule 23, the above class definition may be reassessed and/or divided into subclasses as the case develops.

E. *Discovery:*

1. The Parties anticipate that discovery will be needed on the following subjects: the facts and circumstances alleged in Plaintiffs' complaint; the facts and circumstances relating to Defendants' defenses; prior history of the Parties; Plaintiffs' alleged damages, if the Court grants Plaintiffs' motion for reconsideration.

2. The Parties propose the following discovery schedule:

(a) Written discovery to commence immediately and to be propounded not later than September 21, 2007;

(b) Depositions of fact witnesses to commence on November 1, 2007 and to be completed by February 29, 2008 or 30 days after the Court's ruling on Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later.

(c) Plaintiffs' experts to be disclosed (and expert reports to be furnished) on or before February 29, 2008 or 30 days after the Court's ruling on

Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later. Defendants' experts to be disclosed (and expert reports to be furnished) on or before March 28, 2008 or 30 days after Plaintiffs disclose their experts, whichever date is later; but if Plaintiffs do not disclose an expert, Defendants' experts to be disclosed (and expert reports to be furnished) on or before March 14, 2008 or 30 days after the Court's ruling on Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later. Depositions of all experts to be completed not later than 2 weeks after disclosure.

(d)     Discovery closed on April 15, 2008 (or March 28, 2008 if Defendants do not disclose an expert) or 2 weeks from the date of the last expert disclosure in accordance with 2(c) above, whichever date is later.

3.    Discovery will not be conducted in phases.

4.    The Parties both anticipate taking more than 10 depositions. The depositions will be taken and completed within the schedule set forth above in 2(b).

5.    The Parties anticipate requesting permission to serve more than 25 interrogatories.

6.    Plaintiffs' experts. *See* 2(c) above.

7.    Defendants' experts. *See* 2(c) above.

8.    Plaintiffs will provide a damages analysis to Defendants not later than February 29, 2008 or 30 days after the Court's ruling on Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later.

9.    In accordance with Rule 26(f)(3), counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in

-5-

which such data shall be produced, search terms to be applied in connection with retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information. The Parties have agreed that, to the extent possible, all discovery will be provided in paper form. In addition, the Parties have retained all electronic data relating to the allegations of the Complaint.

10. In accordance with Rule 26(f)(4), counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that privileged information inadvertently produced will not waive the attorney-client privilege.

F. *Dispositive Motions:* Summary judgment motions (or any further dispositive motions) will be filed not later than 30 days after the close of discovery.

G. *Joint Trial Memorandum:* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 45 days after this Court's ruling on all dispositive motions or 45 days after the close of discovery, whichever date is later.

V. **Trial Readiness**

The case will be ready for trial within 30 days after the filing the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with opposing counsel and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,

By: /s/ David S. Golub
    David S. Golub
    Jonathan M. Levine
    Silver, Golub & Teitell, LLP
    184 Atlantic Street
    P.O. Box 389
    Stamford, CT 06904-0389

DEFENDANTS,

By: /s/ Douglas W. Bartinik
    Allan B. Taylor (ct05332)
    Douglas W. Bartinik (ct26196)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, Connecticut 06103-1212
    (860) 275-0100
    (860) 275-0343 (fax)
    *dwbartinik@dbh.com*
    Their Attorneys.

## CERTIFICATION

    I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                            /s/ Douglas W. Bartinik
                                                             Douglas W. Bartinik