# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL.<br>Plaintiffs, | : CIVIL ACTION NO.<br>:<br>: 3:03CV221 (AVC) |
| V. | : |
| JOHN G. ROWLAND, ET AL.,<br>Defendants. | :<br>: September 21, 2007 |

### DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO PLAINTIFF SEBAC

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule of Civil Procedure 26, Defendants John G. Rowland and Marc S. Ryan hereby request that Plaintiff State Employees Bargaining Agent Coalition ("SEBAC") answer the following Interrogatories separately and fully in writing and under oath within thirty (30) days of the date of receipt hereof, and produce documents in response to the following Requests for Production separately and fully to the offices of Day Pitney LLP, 242 Trumbull Street, Hartford, Connecticut, 06103 within thirty (30) days of receipt hereof.

Except as otherwise noted herein, the definitions in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Connecticut shall apply.

In responding to these Interrogatories and Requests for Production, please comply with the following instructions:

1. In responding to these Discovery Requests, you are instructed to furnish all information and documents available to you, including documents in the possession of your attorneys, their investigators, or any person acting on your behalf and not merely such information and documents as are known of your own personal knowledge.

2.  These requests are continuing. In the event that you become aware of any further information or documents within the scope of these requests after your responses, such additional responsive information should be furnished immediately to Defendants' attorneys.

3.  If you assert any privilege with respect to any document, with respect to each such document: (1) identify it; (2) state the basis for the claim of privilege; (3) describe fully the circumstance of the document's origin; and (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

4.  If you cannot answer any part of these Interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

5.  If any document requested to be produced existed at one time, but is no longer in your possession or control, or is no longer in existence, state: (a) whether it is (i) missing or lost, (ii) destroyed, (iii) transferred voluntarily or involuntarily to others and, if so, to whom, or (iv) otherwise disposed of; and (b) with respect to each such document and disposition, (i) explain the circumstances surrounding such disposition and the approximate date thereof, and (ii) state any information available to you which might be helpful in locating originals or copies of the document in question.

As used herein, the following terms shall have the meanings indicated below:

1.  "Plaintiff" and "you" or "your" shall be deemed synonymous and shall be deemed to include SEBAC and any and all of its agents, servants, employees, attorneys, and other representatives.

2.  "Defendants" shall refer to Defendants John G. Rowland and Marc S. Ryan, in their individual and official capacities, and shall be deemed to include any and all of their agents, servants, employees, directors, officers, attorneys, and other representatives, and shall include anyone succeeding them in their roles as Governor of the State of Connecticut and Secretary of the Office of Policy and Management of the State of Connecticut, respectively.

3.  "Person" means natural person, corporation, partnership, sole proprietorship, union, association, federation, and any other kind of entity.

4.  "Concerning" means relating to, referring to, describing, reflecting, evidencing, or constituting.

5.  "Document" shall have the meaning set forth in Local Rule of Civil Procedure 26(c) and for clarification shall include, but not be limited to, letters, correspondence, memoranda, bills, invoices, checks, logs, diaries, calendars, journals, ledgers, notebooks, stenographic handwritten or other notes, studies, publications, books, pamphlets, pictures, drawings, maps, reports, surveys, statistical compilations, agreements, communications, reports, telegrams, summaries, computer printouts, electronic mail, cables, films, microfilms, video tapes, tapes, transcriptions, computer discs and/or tapes, CD-rom discs and/or tapes, voicemails, voice recordings, electronic or other recordings, phonorecords, graphs, charts, plans, sketches, minutes, summaries of reports of investigations or negotiations, opinions or reports of consultants, medical records, brochures, advertisements, circulars, press releases, any marginal comment appearing on any of the foregoing and all other writings or any other recorded computer and/or graphic material in whatever form and from which information can be obtained, as translated by you if necessary into a reasonably usable form, and including copies, drafts and non-identical reproductions of any of the foregoing, as well as anything attached, clipped or connected thereto.

6. "Amended Complaint" refers to the Amended Complaint in this case dated May 27, 2003. The following Interrogatories and Requests for Production shall apply, to the extent applicable, to any amended or revised complaints subsequently filed in this case.

### RESERVATION OF RIGHTS REGARDING DISCOVERY REQUESTS

Pursuant to the Court's January 18, 2006 Ruling on Defendants' Motion to Dismiss, money damages including lost wages, back-pay, and/or benefits are no longer recoverable in this case because the Eleventh Amendment bars such relief. Defendants have tailored these Discovery Requests accordingly. Because Plaintiffs have challenged the Court's ruling on damages in their most recent Motion for Reconsideration, however, Defendants reserve their right to propound additional discovery requests if the Court reconsiders its January 18, 2006 Ruling.

### INTERROGATORIES

1. Describe in detail each element of the damages or other relief you are seeking in this action. For each such element or category of damage, state the amount you seek, and your method of computation for such damages; and in providing the information responsive to this interrogatory, state the gross amount of such damages.

**ANSWER:**

2. Describe in detail all efforts you have made to mitigate, limit, or reduce the amount of damages you claim in this case, and state the amount by which such efforts reduce each element or category of the damages you seek.

**ANSWER:**

3. Identify by name, address, and field of expertise each person whom you expect to call as an expert witness at trial, the subject matter on which each such expert is expected to testify, the substance of the facts and/or opinion to which each such expert is expected to testify, and state a summary of the grounds for each such expert opinion.

**ANSWER:**

4. Identify all individuals who were witnesses to, or have knowledge or information about, any alleged improper or unlawful conduct committed by Defendants against you, and, for each such person, describe in detail the knowledge or information you believe he or she possesses.

**ANSWER:**

5. Identify each person who may have knowledge or information concerning the allegations in your Complaint, and, for each such person, describe in detail the knowledge or information you believe he or she possesses.

-5-

**ANSWER:**

6. Identify the person(s) answering these Interrogatories, responding to the Requests for Production, and/or all persons assisting in those processes or reviewing the responses.

**ANSWER:**

7. Identify any current or former State employees who, to your knowledge, left a union or did not join a union because of either the Defendants' alleged actions or a concern about alleged reprisals. For each such person, explain in detail your understanding of why that person left or did not join a union.

**ANSWER:**

8. List the name, address, telephone number, job title, salary and/or wage-rate, termination date (if applicable), and employment dates of all of your members (current or former) who claim to have been unlawfully terminated or otherwise adversely affected by Defendants' allegedly unlawful conduct as alleged in the Amended Complaint.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1. All documents identified, referred to, or reviewed in responding to the foregoing Interrogatories.

2. All documents that support or otherwise relate to the allegations in the Amended Complaint.

3. All documents, notes, memos, correspondence, journals, diaries, calendars, or other materials reflecting or relating to any communications between you and any other person or entity regarding any of the factual allegations in your Amended Complaint.

4. All documents that rebut or contradict any of Defendants' defenses in this case or that reflect the alleged falsity of Defendants' stated reasons for laying off Plaintiffs.

5. If you have engaged an expert, all documents that you have given to or received from, or intend to give to or receive from, such expert.

6. If you have engaged an expert, all reports containing opinions of such expert.

7. All documents reflecting your claimed damages in this case.

8. All documents that relate to or reflect your efforts to mitigate damages in this case, including all documents relating to your mitigation efforts referenced in response to Interrogatory 2.

9. All employee or personnel manuals, employment policies, contracts, or any other such documents on which you rely in making the claims in the Amended Complaint.

10. All documents supporting your claim that you are entitled to punitive damages.

11. All documents concerning each and every comment, statement, conduct, action, or incident made by and/or committed by Defendants or their agents that you believe was unlawful and/or that support the claims in your Amended Complaint.

12. All documents you received from Defendants and/or the State of Connecticut in response to any request under the Freedom of Information Act concerning any terminations, union contract concessions or negotiations, and/or conduct by the Defendants that you claim was retaliatory or unlawful in any way.

13. All documents that you or your attorneys have received from witnesses to any of the allegations in the Amended Complaint, including but not limited to notes, statements (whether sworn or unsworn), affidavits, or any other document that records the individual's knowledge of any matters at issue in this action.

14. All documents concerning your or your members' endorsement of and/or opposition to, if any, gubernatorial candidates in Connecticut's 2002 gubernatorial election.

15. All documents reflecting any retaliation against you or your members for support of or opposition to gubernatorial candidates in Connecticut's 2002 gubernatorial election.

16. All documents related to your claim that Defendants were aware that their conduct violated your or your members' constitutional rights and/or that Defendants intentionally violated those rights, as alleged in the Amended Complaint.

17. As alleged in the Third Claim for Relief ¶ 52 of the Amended Complaint, all documents supporting your contention that "defendants publicly derided the union leadership and made direct appeals to union members to urge their leadership to agree to the rejected concessions," including but not limited to any "email messages . . . sent directly to union members describing negotiating proposal not previously presented to union leadership . . . ."

18. All documents reflecting any communications by you or on your behalf in any form with Governor Rowland or his agents between July 1, 2002 and August 31, 2003 concerning the Fiscal Year 2003 budget, including but not limited to possible concessions from you.

19. All documents reflecting any communications by you or on your behalf in any form with any representative of the Governor's staff between July 1, 2002 and August 31, 2003 concerning the Fiscal Year 2003 budget, including but not limited to possible concessions from you.

20. All documents reflecting any communications by you or on your behalf in any form with Secretary Ryan or his agents between July 1, 2002 and August 31, 2003 concerning the Fiscal Year 2003 budget, including but not limited to possible concessions from you.

21. All documents reflecting any communications by you or on your behalf in any form with any representative of the Office of Policy and Management between July 1, 2002 and August 31, 2003 concerning the Fiscal Year 2003 budget, including but not limited to possible concessions from you.

22. All documents reflecting any proposals, whether formal or informal, made to any legislative or executive branch representative by you or on your behalf to address budget shortfall between July 1, 2002 and August 31, 2003.

23. All documents reflecting any contract negotiations by you or on your behalf between July 1, 2002 and August 31, 2003.

24. All documents reflecting the employment status from November 1, 2002 through the present of your members (current or former) who claim to have been unlawfully terminated or otherwise adversely affected by the Defendants' allegedly unlawful conduct as alleged in the Amended Complaint.

25. All documents reflecting any grievances and/or arbitrations by or involving you or your members concerning Defendants' allegedly illegal conduct.

                              DEFENDANTS,
                              JOHN G. ROWLAND AND
                              MARC S. RYAN,

                              By: _____
                              Allan B. Taylor (ct05332)
                              Douglas W. Bartinik (ct26196)
                              Day Pitney LLP
                              242 Trumbull Street
                              Hartford, Connecticut 06103-1212
                              (860) 275-0100
                              (860) 275-0343 (fax)
                              *dwbartinik@dbh.com*
                              Their Attorneys.