# EXHIBIT N

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL. | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:03CV221 (AVC) |
| V. | : | |
| JOHN G. ROWLAND, ET AL., Defendants. | : | September 4, 2008 |

## DECLARATION OF MARCELLE PICHANICK GROVES

Marcelle Pichanick Groves declares, pursuant to 28 U.S.C. § 1746:

1. I am a plaintiff in the above-captioned action and submit this Declaration in opposition to defendants' Motion to Dismiss seeking to dismiss my claims in this action on the purported grounds that the Court cannot provide me with any meaningful prospective injunctive relief.

2. I was terminated as a Management Analyst 2 from the Department of Environmental Protection on January 17, 2003. At the time of my termination, my position was at an Administrative & Residual grade of A&R-25. Prior to my termination, I had been employed at the level of an A&R-25 since 1991 (i.e., for almost 12 years).

3. I was rehired by the State in November 2003 to a position as a Fiscal Administrative Officer in the Department of Banking. This position is classified as an A&R-22 position, three grades below the level of my previous employment. I am currently employed as a Financial Examiner in the Department of Banking. That position is also classified as an A&R-22 position. Neither my current position, nor the prior position to which I was rehired is comparable to the position from which I was terminated.

4. Because my position is classified as A&R-22, I am currently earning considerably less than I would have been earning had I continued in my prior Management Analyst position with a grade of A&R-25. The aggregate economic impact on me from my period of unemployment and the difference in the grade between my current and former positions since my re-hire is in excess of $85,000 and will continue to grow as a result of the continuing differences between the pay for a position ranked as an A&R-22 and one ranked as an A&R-25.

5. In this action I am seeking reinstatement to a position with a salary grade equal or greater to the rank of A&R-25 to reflect the grade I would have had but for the illegal termination of my employment. In light of my work in the Department of Banking for nearly the past five years, I believe such reinstatement is most appropriately to an Associate Financial Examiner position in the Department of Banking, an A&R-26 grade position. I also seek entry of orders enjoining the defendants from making termination decisions in the future based on my union status and from taking actions to penalize me for my and my union's union-related activities. I am aware that there is currently a budget deficit in Connecticut and I am concerned that the Governor may repeat the conduct at issue, including by terminating State employees based on union membership if the unions do not agree to give concessions of their collective bargaining agreement rights or terminating union employees based upon their political activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008.

*MARCELLE PICHANICK GROVES*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL.<br>Plaintiffs, | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| V. | : <br> : | 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL.,<br>Defendants. | : <br> : <br> : | August 1, 2008 |

### DECLARATION OF GENEVA HEDGECOCK

Geneva Hedgecock declares, pursuant to 28 U.S.C. § 1746:

1. I am a plaintiff in the above-captioned action and submit this Declaration in opposition to defendants' Motion for Summary Judgment seeking to dismiss my claims in this action on the purported grounds that the Court cannot provide me with any meaningful prospective injunctive relief.

2. I was terminated as a Secretary 2 from the Department of Social Services ["DSS"] on January 7, 2003. At the time of my termination, I was employed at the DSS office in Bristol, Connecticut very close to my home in Bristol. In addition, I was employed in a position that I enjoyed and that involved the full range of secretarial and clerical support functions.

3. Although I was rehired in May 2003 to a Secretary 2 position with the Department of Public Health ["DPH"], that position is not fully comparable to the position from which I was terminated.

In the first place, I am now employed at a DPH office in Hartford, which is a considerable distance from my home and involves a time-consuming round-trip commute. I suffer from a physical disability, and the commute to and from the office in Hartford on public transportation

is also an extreme hardship for me. I must also attend regular appointments with my physicians located near my home, and must get to those appointments on public transportation, exacerbating the hardship of my current placement in the Hartford office.

In addition, unlike my prior position, my current position does not involve the full range of clerical responsibilities, but rather, involves almost exclusively data entry into the DPH computer systems. Because I am involved exclusively in such data entry, I am largely isolated and do not have the opportunity for meaningful work relationships with colleagues in the office.

4. I continue to suffer other disadvantages as a result of my prior termination which I believe can be addressed by injunctive prospective relief. As a result of the termination, I have lost over four months of competitive seniority in the State work force which affects, among other things, my bumping, shift seniority and longevity rights. I have also been advised that the time during which I was unemployed is not being counted for purposes of determining my pension and benefit entitlements and my longevity pay.

5. I am seeking reinstatement to a Secretary 2 position with full clerical responsibilities at the DSS office closest to my home (New Britain), and a recalculation of my competitive seniority and an adjustment of my years of service for purposes of my benefit and pension entitlements to include the time period during which I was terminated from my position. I also seek entry of orders enjoining the defendants from making termination decisions in the future based on my union status and from taking actions to penalize me for my and my union's union-related activities. I am aware that there is currently a budget deficit in Connecticut and I am concerned that the Governor may repeat the conduct at issue, including by terminating State employees based on union membership if the unions do not agree to give concessions of their

2

collective bargaining agreement rights or terminating union employees based upon their political activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1___ August, 2008.

*Geneva M. Hedgecock*
GENEVA HEDGECOCK

3

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL. Plaintiffs, | : : : | CIVIL ACTION NO. 3:03CV221 (AVC) |
| V. | : : | |
| JOHN G. ROWLAND, ET AL., Defendants. | : : | August 12, 2008 |

## DECLARATION OF DENISE A. BOUFFARD

Denise A. Bouffard declares, pursuant to 28 U.S.C. § 1746:

1. I am a plaintiff in the above-captioned action and submit this Declaration in opposition to defendants' Motion for Summary Judgment seeking to dismiss my claims in this action on the purported grounds that the Court cannot provide me with any meaningful prospective injunctive relief.

2. I was terminated from my position as a Support Enforcement Officer on January 16, 2003.

3. Although I was rehired in late June 2003 as a Support Enforcement Officer, I was displaced from my prior office and was required to travel to Norwich which was more than 60 miles one-way from my house.

4. I am currently a Juvenile Probation Officer in Willimantic.

5. Although I was rehired to the State work force, I have lost more than five months of competitive seniority in the State work force which affects, among other things, my bumping, shift seniority and longevity rights. The time during which I was unemployed is also not being

counted for purposes of determining my longevity pay and other employment benefit entitlements.

6. I am seeking a recalculation of my competitive seniority and other employment benefit entitlements to include the time period during which I was terminated from my position. I also seek entry of orders enjoining the defendants from making termination decisions in the future based on my union status and from taking actions to penalize me for my and my union's union-related activities. I am aware that there is currently a budget deficit in Connecticut and I am concerned that the Governor may repeat the conduct at issue, including by terminating State employees based on union membership if the unions do not agree to give concessions of their collective bargaining agreement rights or terminating union employees based upon their political activities.

I declare under penalty of perjury that the foregoing is true and correct. Executed on 12 August, 2008.

*Denise A. Bouffard*
DENISE A. BOUFFARD

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL. Plaintiffs, | : : : : | CIVIL ACTION NO. 3:03CV221 (AVC) |
| V. | : : | |
| JOHN G. ROWLAND, ET AL., Defendants. | : : | August 12, 2008 |

### DECLARATION OF DENNIS P. HEFFERNAN

Dennis P. Heffernan declares, pursuant to 28 U.S.C. § 1746:

1. I am a plaintiff in the above-captioned action and submit this Declaration in opposition to defendants' Motion for Summary Judgment seeking to dismiss my claims in this action on the purported grounds that the Court cannot provide me with any meaningful prospective injunctive relief.

2. I was terminated from my position as a Storekeeper for the Department of Administrative Services effective January 17, 2003. Because there was no reasonable likelihood that I would be restored to State employment after I was terminated, I was compelled to accept early retirement, effective February 1, 2003.

3. I seek reinstatement to a position of Storekeeper or equivalent. I also seek entry of orders enjoining the defendants from making termination decisions in the future based on my union status and from taking actions to penalize me for my and my union's union-related activities. I am aware that there is currently a budget deficit in Connecticut and I am concerned that the Governor may repeat the conduct at issue, including by terminating State employees

based on union membership if the unions do not agree to give concessions of their collective bargaining agreement rights or terminating union employees based upon their political activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12 August, 2008.

*[signature]*
DENNIS P. HEFFERNAN