UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL, | : |
| Plaintiffs, | : |
| V. | : CIV. NO. 3:03CV221 (AVC) |
| JOHN G. ROWLAND, ET AL, | : |
| Defendants. | : SEPTEMBER 5, 2008 |

## MOTION FOR EXTENSION OF TIME ON CONSENT

Plaintiffs, through counsel, and with the consent of counsel for defendants, respectfully move this Court for an extension of time until October 10, 2008 in which to respond to defendants' Motion to Dismiss (Dkt. 169).

This extension is requested because the parties are conferring on entering into a stipulation of facts as a basis for cross-motions for summary judgment that would render defendants' Motion to Dismiss unnecessary.[1]  The parties believe that it will likely take them several weeks to reach either agreement on such stipulation or determine that no stipulation is possible.  Plaintiffs request an extension until October 10, 2008 to allow sufficient time to obtain the discovery discussed below and prepare their response to defendants' Motion to Dismiss in the event such stipulation is not reached.

Plaintiffs further seek an extension to respond to defendants' Motion to Dismiss because plaintiffs are in need of discovery with respect to at least one of the issues raised by defendants in

---

[1] Defendants' counsel, Attorney Daniel J. Klau, has expressly authorized the representation contained in this sentence.

their Motion to Dismiss. In their Motion to Dismiss, defendants assert that the individual named plaintiffs lack standing because they were, according to defendants, either never terminated from their positions in the State's work force or have been reinstated to the State's work force, and thus – according to defendants – have no basis to seek injunctive orders relating to their positions in the State's work force. Defendants further assert that plaintiffs are not entitled to declaratory injunctive relief enjoining defendants from making unconstitutional termination decisions in the future based on plaintiffs' union activity or union membership because, according to defendants, the illegal conduct alleged was taken by the former Governor and former Secretary of OPM and plaintiffs cannot show that the current Governor or current Secretary of OPM would ever engage in the same conduct.

Plaintiffs have obtained Declarations from the individual named plaintiffs disputing defendants' contentions that they have all been reinstated to their former positions or were never terminated.[2] Plaintiffs have attempted to obtain to obtain discovery from defendants to support their entitlement to declaratory injunctions forbidding a future repeat of defendants' official

---

[2] Thus, the Declarations establish that with respect to named plaintiff Marcelle Pichanick Groves, although she was rehired by the State, she was rehired at a position three grades lower than the position she had when she was terminated. Plaintiff Groves seeks a position at least at the job level she had when she was terminated. With respect to plaintiff Dennis P. Heffernan, although he opted for early retirement in February 2003, that was only after he was terminated from his state position (in mid-January 2003), and he seeks reinstatement to an appropriate position in the state work force. Moreover, while plaintiff Geneva Hedgecock was rehired to a position in the State work force similar to the one she had when she was terminated, the position has different responsibilities and is geographically disadvantageous for Ms. Hedgecock and she seeks reinstatement her prior position. Similarly, plaintiff Denise A. Bouffard has suffered a loss of competitive seniority due to the time she was out of work due to her termination even though she was reinstated to a position similar to the one she had when she was terminated. The Declarations from plaintiffs Groves, Hedgecock, Heffernan and Bouffard are attached as Exhibit N to the Affidavit of David S. Golub dated September 5, 2008 [Dkt. # 179], submitted in support of plaintiffs' September 5, 2008 Motions for Discovery Orders.

conduct, but have been unable to do so due to defendants' refusal to respond to plaintiffs' discovery.

In particular, plaintiffs have directed interrogatories to the defendant Governor, in her official capacity, seeking to ascertain her official position on two fundamental issues relating to likelihood of future illegal conduct:

> 1. Whether it is defendants' position that should there be an economic necessity for layoffs in the State of Connecticut's work force in the future, defendants may, consistent with the First and Fourteenth Amendments to the United States Constitution, choose which employees to lay off based on whether the employees are or are not members of state employee unions.
>
> 2. Whether it is defendants' position that should there be an economic necessity for layoffs in the State of Connecticut's work force in the future, and should the state employee unions decline to agree to collective bargaining agreement concessions sought by defendants as a way to avoid such lay offs, defendants may, consistent with the First, Fifth and Fourteenth Amendments to the United States Constitution, choose which employees to lay off based on whether the employees are or are not members of state employee unions.[3]

Defendants have refused, to date, to respond to plaintiffs' interrogatories, claiming they are entitled to a stay of discovery. Defendants have refused to respond to these interrogatories even though they acknowledge, in their Motion to Stay, that plaintiffs are entitled to discovery of information regarding factual issues raised by defendants' Motion to Dismiss.

Plaintiffs further have noticed the depositions of defendants to ascertain their official position on the two issues, but defendants have refused to appear for deposition and have moved for a protective to bar the depositions.

---

[3] See e.g., Plaintiffs' May 19, 2008 First Set of Interrogatories to defendant Rell in her official capacity as Governor of the State of Connecticut (attached as Exhibit B to the Affidavit of David S. Golub dated September 5, 2008, submitted in support of plaintiffs' September 5, 2008 Motions for Discovery Orders) at Int. ## 13-14.

Plaintiffs have, this day, filed motions for discovery orders seeking to compel defendants to respond to plaintiffs' pending interrogatories and discovery requests. [Dkt ## 176, 177]. Plaintiffs further are preparing their response to defendants' motion for protective orders.

Plaintiffs seek an extension of time to respond to defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 56(f), to enable plaintiffs to obtain the necessary discovery to respond to defendants' Motion to Dismiss. Plaintiffs submit the Affidavit of David S. Golub dated September 5, 2008 [Dkt. # 179] submitted in support of plaintiffs' Motions for Discovery Orders to support this request for extension pursuant to Rule 56(f) (and, in particular, refer the Court to § C of the Affidavit at pp. 12-16).

While plaintiffs do not know if the discovery sought by plaintiffs will be ordered and provided by October 10, 2008, plaintiffs request an extension of time to that date given the likelihood that the stipulation discussed above may be reached by then. In the event such stipulation is not reached and the discovery needed by plaintiffs is not obtained in time for them to prepare their response to defendants' Motion to Dismiss by October 10, 2008, plaintiffs will seek further appropriate relief pursuant to Rule 56(f).

This is plaintiffs' second request for an extension of time directed to this deadline. Attorney Daniel J. Klau, counsel for defendants, consents to the granting of this Motion.

PLAINTIFFS,

BY _____/s/_____
  DAVID S. GOLUB ct00145
  JONATHAN M. LEVINE ct07584
  SILVER GOLUB & TEITELL LLP
  184 Atlantic Street
  P.O. Box 389
  Stamford, Connecticut 06904
  (203) 325-4491
  Fax: (203) 325-3769
  (dgolub@sgtlaw.com)
  (jlevine@sgtlaw.com)

## CERTIFICATION

I hereby certify that on September 5, 2008, a copy of foregoing Motion For Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/
DAVID S. GOLUB ct00145
SILVER GOLUB & TEITELL LLP
184 Atlantic Street
P. O. Box 389
Stamford, CT 06904
Telephone: 203-325-4491
Fax: 203-325-3769
E-mail:  dgolub@sgtlaw.com