UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE EMPLOYEES BARGAINING AGENT COALITION, ET AL | ) ) ) | CIVIL ACTION NO. 3:03-CV-221 (AVC) |
| Plaintiffs | ) ) ) | |
| v. | ) ) | |
| JOHN G. ROWLAND, ET AL | ) ) ) | SEPTEMBER 7, 2008 |
| Defendants | | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DENY CLASS CERTIFICATION**

The Federal Rules of Civil Procedure expressly mandate an *early* determination of class certification: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1)(A). Similarly, the District of Connecticut's "Standing Order on Scheduling in Civil Cases" provides that all motions relating to class certification "shall be filed within 60 days after the filing of the complaint. . . ."

Notwithstanding the above, and even though *more than five years have elapsed* since the Plaintiffs commenced this putative class action, they have failed to move for class certification. After moving for, and receiving, multiple extensions of time, the Plaintiffs committed in September 2007 (in their Rule 26(f) report), to file any motions for class certification "not later than November 15, 2007 or 20 days after the Court's ruling on Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later." *See* Rule 26(f) Report (Doc. No. 126). This Court denied, *as untimely*, the Plaintiffs' Motion for Reconsideration on March 25, 2008. (Doc. No. 152). Accordingly, the Plaintiffs should have

moved for class certification no later than April 14, 2008. However, as of the date of this motion—nearly five months after their self-imposed deadline—the Plaintiffs still have not filed a motion for class certification. More importantly, *it is too late for them to do so*. Accordingly, the Court should enter an order denying class certification.

I.  **FACTUAL BACKGROUND**

The Plaintiffs commenced this action on February 3, 2003. On that same date, the Court issued an Order On Pretrial Deadlines. The order required "all motions relating to . . . class certification . . . [to] be filed within 60 days after filing of the complaint. . . ." (Doc. No. 2).

In a Rule 26(f) Report filed on April 10, 2003, the Plaintiffs stated that they would "file any Rule 23 motions for class certification not later than June 10, 2003." (Doc. No. 23). The Court did formally endorse that date.

On May 16, 2003, *after the time period set forth in the Order On Pretrial Deadlines had expired*, the Plaintiffs filed a motion seeking an "extension of time through May 30, 2003 to submit their motion for determination of class certification and memorandum of law." (Doc. No. 26). The Plaintiffs represented that "[t]he additional time is required to complete the memorandum of law which is quite extensive." *Id*. The Court granted the motion on May 22, 2008.

On May 30, 2003, the Plaintiffs moved for an additional 30-day extension of time to file their motion for class certification. (Doc. No. 30). The Plaintiffs represented that "[t]he additional time . . . is to permit plaintiffs to review defendants' response to the Amended

Complaint and determine if the response affects plaintiffs' Motion for Class Certification. *Id*. The Court allowed an extension of time, ***but only until June 20, 2003***.

On July 17, 2003—***nearly one month after the June 20 deadline had expired***—the Plaintiffs moved for an additional extension of time through August 8, 2003 to move for class certification. (Doc. No. 41). The Plaintiffs represented that "[t]he additional time is requested to enable plaintiffs to complete their response to defendants' renewed Motion to Dismiss and because of plaintiffs' counsel's involvement in unanticipated hearings in a pro bono death penalty habeas corpus proceeding in Connecticut state court in which the petitioner has sought to withdraw his petition." *Id*. The Court granted the extension.

On August 18, 2003—***ten days after the August 8 deadline had expired***—the Plaintiffs requested an additional three-week extension of time to file their class certification motion. (Doc. No. 48). The Plaintiffs represented that "[t]he additional time is requested due to the summer vacation schedules of plaintiffs' counsel and the electrical blackout that occurred on Thursday of last week which had unforeseen repercussions." *Id*. On August 20, 2003, the Court granted the motion, *nunc pro tunc*.

On September 8, 2003, the Plaintiffs again moved to extend the deadline for submitting their class certification motion. But this time, instead of seeking an extension until a date-certain, they asked for an open-ended extension "pending a conference with the Court . . . on the timing for submission of the Motion for Class Certification." (Doc. No. 50). The Court granted the motion on September 22, 2003.

On November 17, 2005, this case was reassigned from Judge Alvin Thompson to Judge Alfred V. Covello. (Doc. No. 82).

On August 1, 2007, the Court ordered the parties to confer and jointly file a Rule 26(f) report. (Doc. No. 116). As previously noted, the Plaintiffs agreed therein to file any motions for class certification "not later than November 15, 2007 or 20 days after the Court's ruling on the Plaintiffs' August 22, 2007 Motion for Reconsideration, whichever date is later." (Doc. No. 126). The Court denied the Plaintiffs' Motion for Reconsideration on March 25, 2008. To date, the Plaintiffs have not filed a motion for class certification.

## II.   ARGUMENT

Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure provides that a district court "must determine by order whether to certify the action as a class action" "[a]t an early practicable time after a person sues or is sued as a class representative." Fed.R.Civ.P. 23(c)(1)(A). A formal ruling on class certification is necessary and can only occur upon a motion by the parties or show cause order. S*ee Pell v. Procunier,* 417 U.S. 817, 828 (1974) (noting that "[a]lthough the complaint was filed as a class action, the plaintiffs never moved the District Court to certify the case as a class action as required by [Rule] 23."); *see also* 2 Newberg On Class Actions, Sec. 7.06 (3d Ed. 1992); 5 Moore's Federal Practice, Sec. 23.82, p. 23-380 (2007).

A plaintiff's failure to move for class certification within the "early practicable time" or within the time period established by a scheduling order or local rule warrants denial of class certification and dismissal of the class action allegations. *See e.g., Sterling v. Envtl. Control Bd.*, 793 F. 2d 52, 58 (2d Cir. N.Y. 1986) (affirming district court's denial of motion for class certification made three and on-half years after commencement of the lawsuit and noting that the "failure to move for class certification until a late date is a valid reason for denial of such a

motion"); *Shanker v. Helsby*, 676 F. 2d 31, 32 n.1 (2d Cir. 1982) (noting that because plaintiffs failed to move for class certification under Fed.R.Civ.P. 23(c) the district court had concluded that they had abandoned their class action allegations); *Walton v. Eaton Corp.,* 563 F.2d 66, 75 n. 11 (3d Cir. 1977) (affirming denial of motion for class certification that was untimely under local rule); *Seils v. Rochester City Sch. Dist.,* 192 F. Supp. 2d 100, 126 (W.D.N.Y. 2002) (plaintiff's failure to move for class certification within the period provided by local rule resulted in denial of class certification); *American Fed'n of Grain Millers v. Int'l Multifoods Corp.,* 1996 U.S. Dist. LEXIS 9399 (W.D.N.Y. June 26, 1996) (same); *Davis v. Buffalo Psychiatric Center,* 613 F. Supp. 462, 464 (W.D.N.Y. 1985) (same); *Cottone v. Blum*, 571 F. Supp. 437, 440-41 (W.D.N.Y. 1983) (same).

This case has been pending for five and one half years. During that time period, most of the members of the putative class have been rehired, many have retired, while others have rejected offers to return to state service and accepted jobs in the private sector instead. Indeed, as the Plaintiffs candidly admitted when they moved for the entry of final judgment on the dismissed claims seeking money damages from the Defendants, the passage of time has effectively rendered their claims for injunctive relief (e.g., reinstatement) moot:

> At the time this action was commenced (in early 2003), the remedy afforded by such relief would have been meaningful to the 2800 union employees affected by the terminations at issue in this case. Now, over five years later, reinstatement will provide no relief for the monetary losses sustained over the past five years; and, moreover, reinstatement may be a wholly illusory remedy for the older employees who have reached retirement age or for younger employees who have, by now, been forced to accept other employment. . . . ***As a practical matter, the only meaningful relief that plaintiffs can obtain in this action is monetary relief***.

Memorandum of Law in Support of Motion for Entry of Partial Final Judgment (dated April 4, 2008) at 4 (emphasis supplied).

Defendants acknowledge that they did not oppose the Plaintiffs' prior motions for extension of time to move for class certification. But in those numerous motions, the Plaintiffs implied that they would expeditiously file a motion for class certification and accompanying memorandum. However, once the Court (Thompson, J.) granted their fifth motion for extension, in which they had requested "discussion . . . on the timing for submission" of the motion, the Plaintiffs acted as if they had been completely relieved of the burden that Rule 23(c)(1)(A) imposes on them. For the next four years, until the parties filed their joint Rule 26(f) report on September 7, 2007, the Plaintiffs did nothing to "discuss the timing" of their motion or otherwise seek determination of class certification.

At this juncture in the case, any further extensions of time are manifestly inconsistent with Rule 23(c)(1)(A). There is no legitimate justification for the Plaintiffs' failure to comply with their most recent, self-imposed deadline of April 14, 2008.

## IV. CONCLUSION

The time for the Plaintiffs to move for class certification has long expired. Accordingly, the Defendants' motion to deny certification of this case as a class action should be granted.

DEFENDANTS:
JOHN G. ROWLAND AND MARC S. RYAN

By\_\_\_\_/s/_____
    Daniel J. Klau (ct17957)
    Bernard E. Jacques (ct12293)
    Pepe & Hazard LLP
    Their Attorneys
    Goodwin Square
    225 Asylum Street
    Hartford, CT 06103-4302
    Tel. No. (860) 522-5175
    Fax No. (860) 522-2796
    bjacques@pepehazard.com
    dklau@pepehazard.com

## **CERTIFICATION**

     I hereby certify that on September 7, 2008, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                       /s/_____
                                         Daniel Klau